EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

EDWARD E. GROVES
Special Attorney
U.S. Department of Justice, Tax Division
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, HI  96850
Telephone:  (808) 440-9247

THOMAS J. KRYSA
Special Attorney
U.S. Department of Justice, Tax Division
600 E. Street, NW, Room 5700
Washington, D.C.  20530
Telephone:  (202) 514-5547

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 11 2002

at ___ o'clock and ___ min. ___M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br><br>ROYAL LAMARR HARDY, aka: (01)<br> "Royale LaMarr Sounet,"<br>URSULA A. SUPNET, aka: (02)<br> "Ursula Ann Sounet,"<br>MICHAEL L. KAILING, (03)<br>FRED M. ORTIZ, (04)<br>TERRY LEROY CASSIDY aka: (05)<br> "Shawn Michaels," aka:<br> "Leroy Terry Hefley,"<br><br>    Defendants. | CR. No. 02-00133 **SOM**<br><br>INDICTMENT &<br>SUPERSEDING INFORMATION<br><br>[18 U.S.C. § 371;<br> 26 U.S.C. § 7203] |

INDICTMENT

COUNT 1
(18 U.S.C. § 371)

The Grand Jury charges:

I.   INTRODUCTORY ALLEGATIONS

1.   At all relevant times:

a). Defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet," URSULA A. SUPNET aka "Ursula Ann Sounet," MICHAEL L. KAILING, FRED M. ORTIZ, and TERRY LEROY CASSIDY aka "Shawn Michaels" aka "Leroy Terry Hefley" (hereinafter sometimes referred to as "the Defendants") and other individuals known and unknown to the Grand Jury, promoted and sold for financial gain tax evasion schemes to U.S. citizens.  In their advertisements, promotional materials, and during seminars, the defendants fraudulently represented that U.S. citizens are not required to file income tax returns and to pay income taxes.  As part of the scheme, the Defendants promoted the use of fraudulent trusts, fraudulent bankruptcy filings and, in lieu of state or federal income tax returns, offered annual statement packages for sale to others, all to support concealment of assets and the evasion of income taxes.

b).  Defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" (hereinafter sometimes referred to as "defendant ROYAL LAMARR HARDY") resided on the Island of Oahu, in the District of Hawaii.  In or about 1985, the precise date unknown to the Grand Jury, defendant ROYAL LAMARR HARDY founded, and

2

began doing business through, an organization by the name of "The Cornerstones of Freedom Research Foundation," which was also known as "The Cornerstones of Freedom", "The Research Foundation" and "TRF" (hereinafter referred to as "The Foundation"). Defendant ROYAL LAMARR HARDY served as the Executive Director of "The Foundation."  Through "The Foundation," defendant ROYAL LAMARR HARDY with the assistance of others, promoted and sold tax evasion schemes for financial gain that were primarily designed to assist others in the evasion of taxes.

        c).  URSULA A. SUPNET aka "Ursula Ann Sounet" (hereinafter sometimes referred to as "defendant URSULA A. SUPNET") was a resident of the Island of Oahu, in the District of Hawaii.  Defendant URSULA A. SUPNET was the Executive Administrator of "The Foundation" and together with defendant ROYAL LAMARR HARDY operated the day-to-day business of "The Foundation."  Defendants ROYAL LAMARR HARDY and URSULA A. SUPNET operated the business of "The Foundation" most recently at 3360 Kamaaina Place on the Island of Oahu, and elsewhere in the District of Hawaii, where they conducted seminars, sold and distributed promotional materials, and collected monies from the sale of such materials to individuals residing in Alaska, Washington, Oregon, California, Texas, Florida, South Carolina, Michigan, and elsewhere.

3

d).  Defendant MICHAEL L. KAILING resided on the Island of Oahu, in the District of Hawaii.  Defendant MICHAEL L. KAILING, who holds himself out as a "tax accountant," provided opinion letters for individuals who were clients of defendant ROYAL LAMARR HARDY and "The Foundation."  In the letters, defendant MICHAEL L. KAILING fraudulently represented that U.S. citizens are not required to file income tax returns and to pay income taxes.

e).  Defendant FRED M. ORTIZ resided on the Island of Hawaii, in the District of Hawaii.  During the relevant years, defendant FRED M. ORTIZ worked as a tax return preparer and he provided opinion letters for individuals who were clients of defendant ROYAL LAMARR HARDY and "The Foundation."  In the letters, defendant MICHAEL L. KAILING fraudulently represented that U.S. citizens are not required to file income tax returns and to pay income taxes.

f).  Defendant TERRY LEROY CASSIDY aka "Shawn Michaels" aka "Leroy Terry Hefley" (hereinafter sometimes referred to as "defendant TERRY LEROY CASSIDY") resided in Yakima, Washington, within the Eastern District of Washington. Defendant TERRY LEROY CASSIDY promoted and sold tax evasion schemes for defendant ROYAL LAMARR HARDY and "The Foundation," primarily in and around Yakima, Washington, where he maintained

4

his business office, conducted seminars, and collected monies from sales of products and materials of "The Foundation."

## II. THE CONSPIRACY

2.    From a precise date unknown to the Grand Jury, but starting by approximately October 1985, and continuing thereafter up to and including the date of this Indictment, in the District of Hawaii and elsewhere, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet," URSULA A. SUPNET aka "Ursula Ann Sounet," MICHAEL L. KAILING, FRED M. ORTIZ, and TERRY LEROY CASSIDY aka "Shawn Michaels" aka "Leroy Terry Hefley" and others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with each other, and with other individuals both known and unknown to the Grand Jury, to defraud the United States by dishonest and deceitful means for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the U.S. Department of Treasury, Internal Revenue Service, in the ascertainment, computation, assessment and collection of income taxes.

## III.    THE MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

3.    The dishonest and deceitful manner and means by which the conspiracy was sought to be accomplished included, among other things, the following:

a).  Beginning on a precise date unknown to the grand jury, and continuing until the date of this Indictment, defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet," with the assistance of others known and unknown to the Grand Jury, devised several tax evasion schemes for purposes of selling those schemes to individuals for a financial gain and to assist those individuals in evading the assessment and collection of income taxes.

b).  Beginning on a precise date unknown to the grand jury, and continuing until the date of this Indictment, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet," URSULA A. SUPNET aka "Ursula Ann Sounet," MICHAEL L. KAILING, FRED M. ORTIZ, and TERRY LEROY CASSIDY aka "Shawn Michaels" aka "Leroy Terry Hefley" (hereinafter referred to as "the Defendants") promoted and sold several tax evasion schemes to individual clients of "The Foundation" for a fee through seminars, advertisements, and referrals.  The Defendants promoted and sold one particular scheme, known as the "Reliance Defense" (hereinafter referred to as the "Reliance Defense scheme"), as a complete defense that individuals could use in the event that they were charged by the United States Government for the commission of a criminal tax offense, such as tax evasion or willfully failing to file an income tax return.  The Reliance Defense scheme consisted of, among other things, a copy of the

Internal Revenue Code and a package containing promotional materials, news articles, opinion letters, cartoons, and other information that fraudulently purported to prove that U.S. citizens are not required to file income tax returns and to pay income taxes. A key component of the Reliance Defense scheme was opinion letters signed and provided by defendants FRED M. ORTIZ, MICHAEL L. KAILING, and other individuals known and unknown to the Grand Jury, that fraudulently represented that U.S. citizens are not required to file income tax returns and to pay income taxes. The defendants sold the opinion letters and the promotional materials associated with the Reliance Defense scheme to individual clients of "The Foundation" so that the clients could use the information to establish a reliance defense if they were prosecuted by the United States Government, whether or not the clients actually believed that they were not required to file an income tax return and to pay income taxes. The Defendants promoted and sold the opinion letters and promotional materials associated with the Reliance Defense scheme knowing that they contained false and fraudulent representations.

c). In developing, promoting, and selling the Reliance Defense scheme, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet," URSULA A. SUPNET aka "Ursula Ann Sounet," MICHAEL L. KAILING, FRED M. ORTIZ, and TERRY LEROY CASSIDY aka "Shawn Michaels" aka "Leroy Terry Hefley" made fraudulent

7

representations of statements attributed to United States Government employees and elected officials, including a United States Senator from the District of Hawaii, by falsely representing that those individuals were of the belief that U.S. citizens are not required to file income tax returns and to pay income taxes.

        d).   In order to further carry out the object of the conspiracy, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet," URSULA A. SUPNET aka "Ursula Ann Sounet," MICHAEL L. KAILING, FRED M. ORTIZ, and TERRY LEROY CASSIDY aka "Shawn Michaels" aka "Leroy Terry Hefley," together with other individuals known and unknown to the Grand Jury, promoted and sold trusts and bank accounts associated with those trusts, that were fraudulently created and used to conceal income and assets from the U.S. Department of Treasury, Internal Revenue Service, and state and local taxing authorities.  In connection with these trusts and bank accounts, the defendants promoted a scheme whereby they facilitated the fraudulent transfers of funds held in individual retirement accounts of individual clients to accounts created by the Defendants, disguising such transfers as legitimate, qualified roll-overs of retirement monies for purposes of evading the payment of taxes and early-withdrawal penalties under the Internal Revenue Code, while giving the clients access to retirement funds.

IV. <u>OVERT ACTS</u>

4.    In furtherance of the conspiracy, and to effect the object thereof, the following overt acts, among others, were committed in the District of Hawaii and elsewhere:

a).  In or about October 1985, defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet," published a newsletter that fraudulently represented that U.S. citizens are not required to file income tax returns and to pay income taxes for purposes of marketing, promoting and selling the income tax evasion schemes offered to the public through "The Foundation."

b).  On or about June 20, 1990, defendant FRED M. ORTIZ mailed or caused to be mailed an opinion letter to an individual known to the Grand Jury, said letter fraudulently stating that U.S. citizens are not required to file income tax returns and to pay income taxes.

c).  On or about October 28, 1991, an individual known to the Grand Jury opened a checking account at the Bank of Honolulu in the name of "First National Trust dba The Cornerstones of Freedom Research Foundation" and from which bank account defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" thereafter used as a nominee bank account to deposit business receipts of "The Foundation."

d).  In or about September 1994, defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" conducted a seminar in

Honolulu, Hawaii for purposes of promoting and selling tax evasion schemes to individuals attending the seminar, including the Reliance Defense scheme.

e). On or about March 3, 1995, defendant URSULA A. SUPNET aka "Ursula Ann Sounet" opened a checking account at Bank of Honolulu in the name of "First National Trust dba The Cornerstones of Freedom Research Foundation" which was used to deposit business receipts of "The Foundation."

f). On or about June 14, 1995, defendant TERRY LEROY CASSIDY aka "Shawn Michaels" aka "Leroy Terry Hefley" sold promotional materials and information associated with the Reliance Defense scheme to an individual known to the Grand Jury.

g). In or about July 1995, defendant TERRY LEROY CASSIDY aka "Shawn Michaels" aka "Leroy Terry Hefley" sold promotional materials and information associated with the Reliance Defense scheme to an individual known to the Grand Jury.

h). Between October 20, 1995 and November 9, 1995, defendant URSULA A. SUPNET aka "Ursula Ann Sounet" cashed over 66 money orders and three traveler's checks totaling approximately $29,084 at First Hawaiian Bank in Honolulu, Hawaii, to conceal income.

i). Between January 19, 1996 and January 31, 1996, defendant URSULA A. SUPNET aka "Ursula Ann Sounet" cashed

23 money orders at First Hawaiian Bank in Honolulu, Hawaii, totaling approximately $5,500 to conceal income.

j). On or about February 7, 1996, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet", and URSULA A. SUPNET aka "Ursula Ann Sounet" received a total of approximately $7,800 cash for the creation of two trusts, one of which was used to facilitate the illegal transfer of approximately $174,000 of retirement funds from a client of "The Foundation."

k). Defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" represented to others that it was perfectly legal to have multiple names and passports, and for a fee of approximately $1,500 arranged for the creation of a false passport which was delivered on or about April 1996 and was to facilitate the use of an offshore bank account in the Cayman Islands.

l). On or about May 9, 1997, defendant FRED M. ORTIZ mailed or caused to be mailed an opinion letter to an individual known to the Grand Jury, said letter fraudulently stating that U.S. citizens are not required to file tax returns or to pay income taxes.

m). On or about January 10, 1998, defendant MICHAEL L. KAILING mailed or caused to be mailed an opinion letter to an individual known to the Grand Jury, said letter

fraudulently stating that U.S. citizens are not required to file income tax returns or to pay income taxes.

n). On or about October 4, 1999, defendant MICHAEL L. KAILING mailed or caused to be mailed an opinion letter to an individual known to the Grand Jury, said letter fraudulently stating that U.S. citizens are not required to file income tax returns or to pay income taxes.

o). On or about October 8, 1999, defendant FRED M. ORTIZ mailed or caused to be mailed an opinion letter to an individual known to the Grand Jury, said letter fraudulently stating that U.S. citizens are not required to file income tax returns or to pay income taxes.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(18 U.S.C. § 371)

The Grand Jury hereby realleges and incorporates the factual allegations in paragraphs 1(a) through 1(c), as if fully set forth herein, and further charges:

I. INTRODUCTORY ALLEGATIONS

1. At all relevant times:

a). For the tax year 1992 and continuing through the tax year 2001, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" and URSULA A. SUPNET aka "Ursula Ann Sounet" did

12

not file any U.S. individual income tax returns with the U.S. Department of the Treasury, Internal Revenue Service and they did not file any state income tax returns with the State of Hawaii. For these years, Defendants ROYAL LAMARR HARDY and URSULA A. SUPNET failed to report any items of gross income, deductions, and credits to the Internal Revenue Service and to the State of Hawaii.

b). During the tax year 1992 and continuing through the tax year 2001, defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" earned substantial income through the promotion and sale of tax evasion schemes that he failed to report on any income tax returns with the Internal Revenue Service of the U.S. Department of Treasury and the State of Hawaii. Defendant ROYAL LAMARR HARDY did not pay any income taxes on that income.

c). During the tax year 2001, defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" earned substantial income by soliciting individuals to invest in an investment program based in Naples, Florida, that was operated by individuals known and unknown to the Grand Jury. During the calendar year 2001, defendant ROYAL LAMARR HARDY received commissions based on a percentage of profits earned from the investments of clients referred by him, totaling $257,850. Defendant ROYAL LAMARR HARDY attempted to conceal his receipt of those monies, totaling

13

$257,850, by directing others to make payments to nominees and third parties on his behalf.  Defendant ROYAL LAMARR HARDY failed to report any income and to pay any income taxes to the Internal Revenue Service and the State of Hawaii for the tax year 2001.

d).  During the tax year 2002, defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" earned substantial income through commissions from the investment program based in Naples, Florida that was operated by individuals known and unknown to the Grand Jury.  During the first five months of calendar year 2002, defendant ROYAL LAMARR HARDY earned income totaling approximately $200,000.

e).  During the calendar years 2001 and 2002, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" and URSULA A. SUPNET aka "Ursula Ann Sounet" reside in a house located at 3360 Kamaaina Place, Honolulu, Hawaii, where, at the time of this Indictment, the owner is paid the sum of $9,000 per month in cash.

## II. THE CONSPIRACY

2.  From a precise date unknown to the Grand Jury, but starting on or about October 23, 1992, and continuing thereafter up to and including the date of this Indictment, in the District of Hawaii and elsewhere, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" and URSULA A. SUPNET aka "Ursula Ann Sounet" did unlawfully, willfully, and knowingly conspire,

combine, confederate, and agree together and with each other, and with individuals known and unknown to the Grand Jury, to defraud the United States by dishonest and deceitful means for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the U.S. Department of Treasury, Internal Revenue Service, in the ascertainment, computation, assessment, and collection of income taxes.

### III. THE MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

3. The dishonest and deceitful manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

a). During the years in issue, Defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" and URSULA A. SUPNET aka "Ursula Ann Sounet" concealed income from the Internal Revenue Service of the U.S. Department of Treasury, and the State of Hawaii, that they earned through various sources, including but not limited to, the sale of tax evasion schemes and commissions. Defendant ROYAL LAMARR HARDY and URSULA A. SUPNET concealed their income by requesting payments in cash, and money orders and checks with the payee lines left blank, and by directing that payments be made to nominees and third parties on their behalf.

b). In order to further conceal the income they earned during the years in issue, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" and URSULA A. SUPNET aka "Ursula Ann

Sounet" placed income and assets in the names of aliases and nominees.  Defendants ROYAL LAMARR HARDY and URSULA A. SUPNET used the concealed income to pay for personal expenses, including, among other things, elective plastic surgery.

c).  In order to further conceal income they earned during the years in issue, defendant ROYAL LAMARR HARDY aka "Royal LaMarr Sounet" purchased expensive vehicles through the use of nominees and with unreported income, driving himself while not having a valid State of Hawaii Driver's License.

d).  During the years covered by this Indictment, defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" and URSULA A. SUPNET aka "Ursula Ann Sounet" failed to file any income tax returns with the Internal Revenue Service of the U.S. Department of Treasury and the State of Hawaii.  Defendants ROYAL LAMARR HARDY and URSULA A. SUPNET also failed to report any income and pay any income taxes to the Internal Revenue Service of the U.S. Department of Treasury and the State of Hawaii.

IV. <u>OVERT ACTS</u>

4.  In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the District of Hawaii and elsewhere:

a).  On or about October 28, 1991, an individual known to the Grand Jury opened a checking account at the Bank of Honolulu in the name of "First National Trust dba The

Cornerstones of Freedom Research Foundation" and from which defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" used this bank account to deposit business receipts and pay personal expenses.

b). On or about October 23, 1992, defendant URSULA A. SUPNET aka "Ursula Ann Sounet" applied for an American Express credit card account under the nominee "Ursula Sounet Sola Enterprise" and thereafter used blank checks and blank money orders received from clients of "The Foundation" to pay balances owed.

c). Defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" and URSULA A. SUPNET aka "Ursula Ann Sounet" rented a home and office located at 2033 Metcalf Street, Honolulu, Hawaii, with payments in cash and blank money orders in the amount of approximately $1,800 per month during the period 1995 through 1997.

d). On or about January 7, 1994, defendant URSULA A. SUPNET aka "Ursula Ann Sounet" purchased a 1992 Mercedes in the amount of $58,592.29, with $5,000 in cash, a $15,000 down payment by check from a nominee bank account and making subsequent payment using money orders received from clients of "The Foundation."

e). On or about January 19, 1995, defendants URSULA A. SUPNET aka "Ursula Ann Sounet" and ROYAL LAMARR HARDY

17

aka "Royale LaMarr Sounet" purchased a 1995 Honda Passport for the price of $34,175.

f). On or about March 3, 1995, defendant URSULA A. SUPNET aka "Ursula Ann Sounet" opened a checking account at the Bank of Honolulu in the name of "First National Trust dba The Cornerstones of Freedom Research Foundation" which was used to deposit business receipts of "The Foundation" and to pay for personal expenses.

g). Between October 20, 1995 and November 9, 1995, defendant URSULA A. SUPNET aka "Ursula Ann Sounet" cashed over 66 money orders and three traveler's checks totaling approximately $29,084 at First Hawaiian Bank in Honolulu, Hawaii.

h). Between January 19, 1996 and January 31, 1996, defendant URSULA A. SUPNET aka "Ursula Ann Sounet" cashed 23 money orders at First Hawaiian Bank in Honolulu, Hawaii.

i). On or about May 18, 1996, defendants URSULA A. SUPNET aka "Ursula Ann Sounet" and ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" purchased a 1996 Honda Odyssey van for the price of $32,564.78.

j). On or about December 1995, Defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" and URSULA A. SUPNET aka "Ursula Ann Sounet" had Suction Assisted Lipectomy, also known as liposuction, and other elective cosmetic surgery paid in the

amount of approximately $20,000 from checks signed by defendant URSULA A. SUPNET.

k). On or about April 15, 1996, defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" willfully failed to file a proper income tax return with the United States Government stating specifically the items of his gross income and any deductions and credits to which he was entitled for the calendar year ending December 31, 1995.

l). Defendants ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" and URSULA A. SUPNET aka "Ursula Ann Sounet" used approximately ten credit cards during the years 1995 and 1996, and made payments toward credit card balances with the use of third party checks, blank checks and blank money orders received in payment of services earned through "The Foundation."

m). On or about March 15, 1997, ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" mailed an "annual statement" to the U.S. Department of the Treasury, Internal Revenue Service, that did not report any income, deductions, and credits for the tax year 1996.

n). In or about August 1999, defendant ROYAL LAMARR HARDY aka "Royale LaMarr Sounet" sold promotional materials and other information associated with the Reliance Defense scheme to an individual known to the grand jury and

caused that individual to pay for the material by cashier's check.

o). During the calendar year 2001, defendant ROYAL LAMARR HARDY received $257,850 as a percentage of profits earned from the investments of clients referred by him to a currency trading program. Defendant ROYAL LAMARR HARDY attempted to conceal his receipt of those monies, totaling $257,850, by directing payments to nominees and third parties.

All in violation of Title 18, United States Code, Section 371.

COUNT 3
(26 U.S.C. § 7203)

The Grand Jury further charges:

That during the calendar year 1995, in the District of Hawaii, defendant ROYAL LAMARR HARDY, a resident of Honolulu, Hawaii, had received sufficient gross income that he was required by law, following the close of the calender year 1995, and on or before April 15, 1996, to make an income tax return to the District Director of the Internal Revenue Service for the Internal Revenue District of Hawaii, in the Judicial District of Hawaii, or to the Director, Internal Revenue Service Center, at Fresno, California, or other proper officer of the United States Government, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that

well-knowing and believing all of the foregoing, defendant ROYAL LAMARR HARDY did willfully fail to make an income tax return to said District Director of the Internal Revenue Service, to said Director of the Internal Revenue Service Center, or to any other proper officer of the United States Government.

All in violation of Title 26, United States Code, Section 7203.

DATED: July 11, 2002, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


_____
EDWARD E. GROVES
Special Attorney
United States Department of Justice
Tax Division


_____
THOMAS J. KRYSA
Special Attorney
United States Department of Justice
Tax Division


USA v. Royal LaMarr Hardy, et al; Indictment and Superseding Information; Cr. No. 02-00133