State courts are courts of general jurisdiction, and in a state criminal prosecution, the state need only prove that the offense was committed within the state and county thereof. If a defendant contends that only the federal government has jurisdiction over the offense, he, as proponent for the existence of federal jurisdiction, must likewise prove ownership by the "United States" of the property where the crime was committed, and state cession of jurisdiction thereto.

In Arizona, the State has jurisdiction over federal lands in the public domain, the State not having ceded jurisdiction of that property to the U.S., **State v. Dykes**, 114 Ariz. 592, 562 P 2d 1090 (1977). In California, if it is not proved by a defendant in a state prosecution that the state has ceded jurisdiction, it is presumed the state does have jurisdiction over a criminal offense, **People v. Brown**. 69 Cal. App. 2d 602, 159 P 2d 686 (1945); and if the cession exists, the state has no jurisdiction, **People v. Mouse**, 203 Cal. 782, 265 P 944 (1928). In Montana, the state has jurisdiction over property if it is not proved there is a state cession of jurisdiction to the U.S., **State ex rel Parker v. District Court**, 147 Mon. 151, 410 P 2d 459 (1966); but the existence of a state cession of jurisdiction to the U.S. ousts the state of jurisdiction, **State v. Tully**, 31 Mont. 365, 78 P 760 (1904). The same is true for Nevada, **State v. Mack**, 23 Nev. 359, 47 P 763 (1897); and **Pendleton v. State**, 734 P 2d 693 (Nev. 1987); and Oregon also, **State v. Chin Ping**, 91 Or. 593, 176 P 188 (1918); and **State v. Aguilar**, 85 Or. Ap. 410, 736 P 2d 620 (1987); and in Washington State, **State v. Williams**, 23 Wash. App. 694, 598 P 2d 731 (1979).

Clearly, the "law" is not changing, but rather, the "law" has been subverted and used for what appear to be purposes of "policy", in open and blatant violation of the U.S. Constitution, state Constitutions, oaths of office, Codes of Ethics, and unalienable rights. According to our

**Declaration of Independence**, officials who do so, "whose character is thus marked by every act which may define a Tyrant, is unfit to be the ruler of a free People."

## PROOF REQUIREMENTS IN EVERY FEDERAL CRIMINAL

### PROSECUTION WITHIN ANY STATE

1. Did the State ever obtain jurisdiction over the area upon which defendant committed purportedly prohibited activities? If so, when, and to what extent?

2. Did the Federal Government ever purchase said location from the State? If so, when, and for what purpose?

3. If the "United States" did purchase said site, is the site presently being used for the purpose for which it was purchased?

4. Did the "State" cede jurisdiction to the "United States" over said site, and if so, when, and to what extent?

5. If the "State did cede legislative jurisdiction to the "United States", was such jurisdiction actually accepted by the "United States", and if so, when, and to what extent?

6. Which governmental authority made the purported arrest of the defendant in the "so called action"?

Clearly, the above six questions are of critical and foundational importance in such cases involving federal jurisdiction, as endless numbers of case law cites well prove.

### THE SUM TOTAL OF FEDERAL JURISDICTIONAL REQUIREMENTS

The classic "textbook example" of the absence of territorial jurisdiction decided by honorable jurists of the past is **United States v. Tully**, 140 F 899 (C.C.D. Mont. 1905). **Tully**, supra., demonstrates the absence of territorial jurisdiction in a State, or in the "United States", over a criminal act occurring in an area as to which only the other of these government has legislative jurisdiction. Tully has been convicted by a State court in Montana of first-degree murder, and was sentenced to be hanged. The Supreme Court of the State reversed the conviction on the ground that the homicide had occurred on a military reservation over which exclusive jurisdiction was vested in the Federal Government. The defendant was promptly

indicted in the Federal court, but went free as the result of a finding that the Federal Government did not have legislative jurisdiction over the particular land on which the homicide had occurred. The Federal court said (Id, at 905):

> "It is unfortunate that a murderer should go un-whipped of justice, but it would be yet more unfortunate if any court should assume to try one charged with a crime without jurisdiction over the offense. In this case in the light of the verdict of the jury in the state court, we may assure that justice would be done the defendant were he tried and convicted by any court and executed pursuant to its judgment. But in this court it would be the justice of the vigilance committee wholly without the pale of the law. The fact that the defendant is to be discharged may furnish a text for the thoughtless or uninformed to say that a murderer has been turned loose upon a technicality; but this is not a technicality. It goes to the very right to sit in judgment. ***These sentiments no doubt appealed with equal force to the Supreme Court of Montana, and it is to its credit that it refused to lend its aid to the execution of one for the commission of an act which, in its judgment, was not cognizable under the laws of its state; but I cannot bring myself to the conclusion reached by that able court, and it is upon the judgment and conscience of this court that the matter of jurisdiction here must be decided."

Whereas territorial jurisdiction is a fundamental requirement, it is not the only jurisdictional requirement. Anytime the federal government seeks to prosecute, and thereby regulate activity lacking in the requisite federal jurisdictions, the control of which is Constitutionally within the domain of "State" and local authorities, it ("United States") thereby violates both the Federal and State Constitutions, as the "States" are the repository of our "Common Law" rights, as is well discussed in **Gibbons v Ogden**, 22 US l (1824); **A.L.A. Schecter Poultry Corp. v. United States**, 29 US 495, 554 (1935); **N.L.R.B. v. Jones Laughlin Steel Co.**, 301 US l, 37 (1937); **Hodel v. Virginia Surface Mining and Reclamation Assoc.**, 452 US 264, 276-77, 310-13 (1981); **New York v. United States**, 112 S.Ct. 2408, 2412-19, 2431 (1992); **United States v. Lopez,** 115 S.Ct. 1624, 131 L Ed 2d 626, 57 CrL 2033, 2035-38 (1995).

Recent cases such as **United States v. Morrison**, 529 US 598, 618 (2000) have reminded us of this long standing rule of Constitutional and statutory law where the court said,

"Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution. The powers of the legislature are defined and limited; and that those limits may not be mistaken, or forgotten, the Constitution is written". **Marbury v. Madison**, 1 Cranch 137, 176 (1803) (Marshall, C.J.).

The statutes most federal defendants are charged with violating would, "as applied", clearly exceed the scope of Congress' enumerated power, thereby upsetting the delicate federal balance embodied in the **Ninth, Tenth**, and **Fourteenth Amendments** of the **U.S. Constitution** and it's **"Commerce Clause"**, and the various "State" Constitutions as well! The federal government is one of delegated and enumerated powers, **Martin v. Hunter's Lessee**, 14 US (1 Wheat.) 304 (1816). All other powers have been retained by the States, or the people, **U.S. Constitution, Amendments Nine** and **Ten**. In the area of criminal law, federal crimes are solely creatures of statute, **Dowling v. United States**, 473 US 207, 213 (1985); however, Congress' power to declare an act a crime ultimately must be grounded in some provision of the Constitution, **United States v. Fox**, 94 US 670 (1878). There are clearly "jurisdictional pre-requisites" for legislation by Congress, **Coleman v. Thompson**, 501 US 722, 759 (1991), which when violated leave the statute "**void ab initio**", as is well stated in **16 Am Jur 2d § 256**:

"The general rule is that an unconstitutional statute, whether federal or state, though having the form and name of law, is in reality no law, but is wholly void, and ineffective for any purpose, since the unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it, an unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted. No repeal of such an enactment is necessary. Since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no rights, creates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it........No one is bound to obey an unconstitutional law and no courts are bound to enforce it." [Emphasis added].

## COMMERCE CLAUSE

What do the words, "in and affecting commerce" mean?

Do these words, used in many indictments, give the United States "criminal" jurisdiction authority over an accused?  The Constitution gave Congress no such authority and Congress has not enacted any USC statute making commerce a criminal offense.

The Commerce Clause as written in the Constitution at **Article I § 8.3** is as follows;

"To regulate commerce with foreign nations, and among the several states, and with the Indian tribes".

Neither the word criminal nor punishment is found in the Commerce Clause.  The Constitution uses the word punishment three (3) times, and those three times give Congress authority to punish counterfeiting, piracy and treason.  The Constitution does not give Congress the authority to punish or criminalize any other offenses as to Constitutional legislative application to a citizen and inhabitant of a Sovereign State of the Union.

Commerce is commercial!  Commercial may require a license which may be subject to a civil fine or penalty if violated but definitely does not reach the height of criminal.  The Commerce Clause only gives Congress the authority to regulate commerce among the states - - - not among the people! Neither Congress nor the courts have Constitutional authority to criminalize a commerce offense or use such alleged commerce violation as a "stepping stone" to apply territorial criminal "Acts of Congress" to a citizen and inhabitant of a Sovereign State of the Union.

The U.S. Supreme Court in cases such as **New York v. United States**, supra, **United States v. Lopez**, supra, and **United States v. Morrison**, supra, seem to have recognized the courts departure in the 1930's and have now brought the court back in line with the Constitution where they recognize that the Constitution divides authority between federal and state for the protection of individuals.

The States of the Union are Sovereign Republics and neither the Constitution nor Congress has given the United States criminal jurisdiction authority over citizens and inhabitants of those Sovereign States of the Union.  Therefore, any law or statute, or application of such law

or statute, to the contrary would be unconstitutional and **void ab initio**.  Even in commerce, the

U.S. Supreme Court states in **Alden v. Maine**, 527 US 706, 144 L Ed 2d 636, 664 (1999) that,

> "The Supremacy Clause enshrines as "the supreme law of the land" only those federal
> acts that accord with the Constitutional design".  See **Printz v. U.S.**, 521 US 898, 924
> (1997)

and continued later with,

> "When a 'law . . . for carrying into execution' the Commerce Clause violates the
> principle of state sovereignty reflected in the various Constitutional provisions . . . it is
> not a 'law . . . proper for carrying into execution the Commerce Clause', and is thus, in
> the words of the federalist, 'merely an act of usurpation' which 'deserves to be treated as
> such'".

And let us not forget the words of the U.S. Supreme Court in Marbury v. Madison, 5 US 147

(1803), where the court said,

> "Any act repugnant to the Constitution is null and void".

## PERSONAL JURISDICTION

The law is well established that a Sovereign citizen of a "State", residing and existing

upon private property, on "common law" issues, would leave the federal government in want of

jurisdiction, without any personal jurisdiction:

> "The jurisdiction of offenses which are cognizable at common law resides in the state
> courts alone, even though the general government may be the party aggrieved by the
> misdeed complained of," **United States v. Hutchinson**, D.C.Pa., Fed.Cas. No. 15,432
> (1848).

More currently, the Ninth Circuit said in **Rankin v. Howard**, 633 F. 2d 844 (1980), "An

absence of personal jurisdiction may be said to destroy "all jurisdiction" because the

requirements of subject matter and personal jurisdiction are conjunctional."  The Ninth again in

**Rankin**, supra, brought home the ramifications of liability to the court for lack of jurisdiction

when they said, "But when a judge knows that he lacks jurisdiction, or acts in the face of clearly

valid statutes or case law expressly depriving him of jurisdiction, judicial immunity is lost".  See

- 32

1  **Bradley v. Fisher**, 80 US (13 Wall) at 351 ("When the want of jurisdiction is known to the

2  judge, no excuse is permissible") **Turner v Raynes**, 611 F. 2d 92, (5th 1980).

3  <center>SUBJECT MATTER JURISDICTION</center>

4      The law is well established regarding subject matter jurisdiction as follows:

5      "There is strong presumption against federal preemption of state law if it would mean
        superseding state's historic police powers, especially when regulations in question relate
6      to health and safety.", **Ministry of Health, Province of Ontario, Canada v. Shiley,
        Inc.**, 858 F.Supp. 1426 (C.D.Cal. 1994).
7  and,

8      "The jurisdiction of federal district court to try a criminal case is subject to the
        controlling provisions of the Constitution.", **Simons v. United States**, 119 F 2d 539
9      (C.C.A.Wash. 1941), cert. den., 314 US 616.

10

11      In **United States v. Lopez**, 115 S.Ct. 1624, 131 L Ed 2d 626, 57 CrL 2033 (1995), the

12  U.S. Supreme Court well addressed the issue of exclusive legislative jurisdiction of Congress,

13  and it's effect on the powers of the federal government, with the subsequent limitations on the

14  subject matter jurisdiction of a Federal District Court, which was an eloquent restatement of our

15  unchanged law.  Justice Thomas, in a concurring majority opinion states:

16      "Indeed, on this crucial point, the majority and Justice Breyer [the Justice writing the
        dissent opinion] agree in principle; the Federal Government has nothing approaching a
17      police power.", Id, at 2043 CrL.

18

19      Then Justice Thomas went on to discuss "a regulation of police," wherein he stated:

20      "**United States v. DeWitt**, 76 US 41 9 Wall. 4, 19 L Ed 593 (1870), marked the first time
        the court struck down a federal law as exceeding the power conveyed by the commerce
21      clause. In a 2 page opinion, the court invalidated a nation-wide law prohibiting all sales
        of naphtha, and illuminating oils. In so doing, the court remarked that the commerce
22      clause 'has always been understood as limited by it's terms; and as a virtual denial of any
        power to interfere with the internal trade and business of the separate states' Id., at 44.
23      The law in question was 'plainly a regulation of police,' which could have constitutional
        application only where Congress had exclusive authority, such as the territories. Id., at
24      44-45.", Id, at 2047 CrL.

        Earlier in the text, Justice Thomas discussed Congress' punishment of felonies generally,
25
    wherein he stated:

<center>- 33</center>

"Even before **Gibbons**, Chief Justice Marshall, writing for the Court in **Cohens v. Virginia**, 19 US 264, 6 Wheat. 264, 5 L Ed 257 (1821), noted that Congress had 'no general right to punish murder committed within any of the states,' Id at 26, and it, 'was clear that Congress cannot punish felonies generally,' Id at 428. The Court's only qualification was that congress could enact such laws for places where it enjoyed plenary powers - for instance, over the District of Columbia. Id at 426. Thus whatever effect ordinary murders, or robbery, or gun possession might have on interstate commerce (or on any other subject of federal concern) was irrelevant to the question of congressional power.", Id, at 2047 CrL.

And, "It is worth noting that Congress, in the first federal criminal Act, did not establish nationwide prohibitions against murder and the like. See Act of April 30, 1790, ch. 9, 1 Stat. 112. To be sure, Congress outlawed murder, manslaughter, maiming, and larceny, but only where those acts were either committed on United States territory not part of a State or on the high seas. Ibid. See U.S. Const., **Art. I, § 8, cl. 10** (authorizing Congress to outlaw piracy and felonies on high seas); **Art. IV, §3, cl. 2** (plenary authority over United States territory and property). When Congress did enact nationwide criminal laws, it acted pursuant to direct grants of authority found in the Constitution. Compare Act of April 30, 1790, supra., §§1 and 14 (prohibitions against treason and the counterfeiting of U.S. securities) with the U.S. Const., **Art. I, §8, cl.6** (counterfeiting); **Art. III, §3, cl.2** (treason). Notwithstanding any substantial effects that murder, kidnapping, or gun possession might have had on interstate commerce, Congress understood that it could not establish nationwide prohibitions. Likewise, there were no laws in the early Congresses that regulated manufacturing and agriculture. Nor was there **any** statute which purported to regulate activities with "substantial effects" on interstate commerce." [Emphasis added was emphasized in original text], Id, at note 6 on 2047 CrL.

Justice Thomas summed up his opinion dramatically with the statement: "If we wish to be true to a constitution that does not cede a police power to the Federal Government.. . ", [Emphasis added], Id, at 2048 CrL.

LEGISLATIVE (SUBJECT-MATTER) JURISDICTION

1    Does the court lack subject matter jurisdiction?  If it claims subject matter

2  jurisdiction, does it have legislative (subject-matter) jurisdiction over the accused?

3    The court in **U.S. v Adesida**, 129 F. 3d 846 (6th 1997), stated that, "If an indictment does

4  not charge a cognizable federal offense, then a federal court lacks jurisdiction to try a defendant

5  for violation of the offense.  See **United States v. Armstrong**, 951 F 2d 626, 628 (5th 1992).

6  The **Adesida** court continued where they said, "Matters of jurisdiction may be raised at any time,

7  because if a court lacks subject matter jurisdiction, it does not have power to hear the case".

8  Article III, Section 2 of the Constitution.

9    Legislative subject matter jurisdiction is a two-step qualification.

10   **First step** – This step is achieved when the court or the plaintiff identifies a United States
     Code (USC) statute that Congress has enacted into law which gives the court authority to
11   adjudicate that statutory subject matter.

12   **Second step** – This is a much harder step, and one the district courts since 1948 seem to
     ignore.  Once you have subject matter jurisdiction, then the court and/or the plaintiff must
13   provide defendant evidence of legislative jurisdiction as only lawfully enacted "Laws of
     the United States" apply to citizens of a state of the union and not territorial "Acts of
14   Congress" which make up over 90% of the USC statutes.

15    The Ninth Circuit, **In Re Hunter**, 66 F. 3d 1002 (1995), said, "We start with black-letter

16  law on federal subject matter jurisdiction":

17   Federal courts are courts of limited jurisdiction.  They possess only that power authorized
     by Constitution and statute, which is not to be expanded by judicial decree.  It is to be
18   presumed that a cause lies outside this limited jurisdiction, and the burden of establishing
     the contrary rests upon the party asserting jurisdiction.
19         **Kokkonen v. Guardian Life Ins. Co.**, 128 L. Ed 2d 391 (1994)

20    The Supreme Court seems to have narrowed the question down to the power authorized

21  by "Constitution" and "Statute".  The statute for subject matter jurisdiction seems to be easy to

22  identify.  Legislative power and authority authorized by the Constitution seems to be another

23  matter.  Congress has seen fit, through their wisdom and deceit, to enact both "Acts of Congress"

24  and "Laws of the United States" and published both in the United States Code (USC) but have

25

failed to identify each statute in the USC as either an "Act of Congress or a "Law of the United

States". So how does one know if "legislatively", a statute in the USC applies to them?

A citizen of a state of the union is very concerned with the Constitution and the citizens

rights and privileges secured by the Constitution that are in place to protect that citizen from the

government of the United States. Our founders seemed to have the same concerns and fear with

government. That citizen becomes even more concerned when he is informed that

"legislatively", only lawfully enacted "Laws of the United States" under **Article I § 8.18**

authority apply to him yet the district court will attempt to apply both "Acts of Congress" and

"Laws of the United States" to him.

The law is well established regarding legislative jurisdiction, as follows:

> "...all federal crimes are statutory, and all criminal prosecutions in the Federal courts are
> based on acts of Congress,..." **Rules of Criminal Procedure**, Rule 26. Taking of
> Testimony, Notes of Advisory Committee on Rules, Para. 2.

> "'Acts of Congress' includes any act of Congress locally applicable to and in force in the
> District of Columbia, in Puerto Rico, in a territory or insular possession." **Rules of
> Criminal Procedure**, Rule 54 (c), Application of terms. These "terms" are referenced in
> the rules as "designated meaning".

This "designated meaning" alone tells the reader that an "**Act of Congress**" has no

application in a State of the Union. In the year 2002, the Congressional Rules Committee

transferred the entire Rule 54 to Rule 1 where an **Act of Congress** "designated meaning" seems

to have disappeared. Under the Advisory Committee notes on Rule 1, it states as follows for the

"new" F.R.Cr.P. Rule 1(b):

> Rule 1 (b) is composed of material currently located in Rule 54(c), with several
> exceptions. First, the reference to an "Act of Congress" has been deleted from the
> restyled rules; instead the rules use the self-explanatory term "federal statute".

This means, every time you see the term "federal statute" used in these rules, it really

means an "**Act of Congress**" which has no application to a citizen of a state of the union. It is

important to understand the language the federal government (United States) uses in these rules and the United States Code.

Clearly, there are prerequisites, limits, and inviolable boundaries emplaced by the Constitution, **"If we wish to be true to a constitution...."**, **Lopez**, supra., at 2048 CrL.

"..., the Constitution divides authority between federal and state governments for the protection of individuals. ...a healthy balance of power...will reduce the risk of tyranny and abuse...", **New York v. United States**, supra., at 154 (1992).

"Limitations of this kind can be preserved in practice no other way than through the medium of the courts of justice, whose duty it must be to declare all acts contrary to the manifest tenor of the Constitution void.", **The Federalist No 78** (A. Hamilton).

The statutory definition of the term "United States" is identical to the Constitutional definition of the term:

"The term "United States", as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone. (June 25, 1948, c. 645, 62 Stat. 685.)", **18 USC § 5**.

'The term 'special maritime and territorial jurisdiction of the United States', as used in this title, includes:......and out of the jurisdiction of any particular State,", **18 USC § 7**.

Clearly then, these Rules and Statutes (**Title 18 USC**) apply to citizens of the "United States", and **not** to citizens of the sovereign "States", and **not** to citizens of the "United States of America", as they convey police power over territory of which the "United States" has exclusive legislative jurisdiction.

## JURISDICTION OF FEDERAL COURTS

The law is well established regarding judicial jurisdiction, as follows:

"There is no presumption in favor of jurisdiction, and the basis for jurisdiction must be affirmatively shown.", **Hanford v. Davis**, 163 US 273, 16 S.Ct. 1051, 41 L Ed 157 (1896).

Lack of jurisdiction cannot be waived, **Glidden v. Zdanok**, 370 US 530, 535-37 (1962), may be asserted at any time, and will be considered on appeal regardless whether the issue was

raised in the trial court, **United States v. Nukida**, 8 F 3d 665, 668-69 (9th Cir. 1993).

"Jurisdictional Claims" are an exception to the Rule that a guilty plea waives all claims of

Constitutional violations, **United States v. Caperell**, 938 F 2d 975, 977 (9th Cir. 1991); **United**

**States v. Robertson**, 698 F 2d 703, 704 n.1 (5th Cir. 1983), as the issue of whether the

government had the power to bring the charge still remains, **United States v. Cortez**, 973 F 2d

764, 766-67 (9th Cir. 1992).

      Where a federal court is without jurisdiction of the offense, judgment of conviction of the

court and/or the jury is void ab initio, on it's face, **Bauman v. United States**, 156 F 2d 534

(C.C.P. La. 1946); and where the subject of jurisdiction in the court over the person, subject

matter, or the place where the crime was committed can be raised in any stage of the criminal

proceedings, including execution of sentence, it is never presumed, but must always be proved,

and it is never waived by an accused, **United States v. Rogers** 23 F 658 (D.C.Ark. 1885).

      The U.S. Supreme Court in **Kokkonen v. Guardian Life Ins. Co.**, 511 US ---, 128

L. Ed 2d 391, 114 S. Ct 1673 (1994), said that "federal courts are courts of limited jurisdiction.

They posses only that power authorized by constitution and statute, see **Willy v. Coastal Corp.**,

503 US ---, 117 L. Ed 2d 280, 112 S. Ct 1076 (1992); **Bender v. Williamsport Area School**

**Dist.**, 475 US 534, 541, 89 L. Ed 2d 501, 106 S. Ct. 1326 (1986); which is not to be expanded by

judicial decree, **American Fire & Casualty Co. v. Finn**, 341 US 6, 95 L. Ed 702, 71 S Ct 534

(1951). It is to be presumed that a cause lies outside this limited jurisdiction, **Turner v. Pres. Of**

**Bank of North-America**, 4 Dall 8, 11, 1 L. Ed 718 (1799), and the burden of establishing the

contrary rests upon the party asserting jurisdiction, McNutt v. **General Motors Acceptance**

**Corp.**, 298 US 178, 182-183, 80 L. Ed 1135, 56 S. Ct 780 (1936)".

      The U.S. Supreme Court in **Coopers & Lybrand v. Livesay**, 437 US 463, 57 L. Ed

2d 351, 98 S. Ct 2454 (1978), said that "it is the responsibility of all courts to see that no

1    unauthorized extension or reduction of jurisdiction, direct or indirect, occurs in the federal

2    system." In **Davis v Passman**, 442 US 228, 60 L. Ed 2d 846, 99 S. Ct 2264 (1979), the Supreme

3    Court said that "jurisdiction is a question of whether a Federal Court has the power, under the

4    constitution or laws of the United States, to hear a case".

5         In **Finley v. U.S.**, 490 US 545, 104 L. Ed 2d 593, 109 S. Ct 2003 (1989), the court said

6    that "it remains rudimentary law that as regards all courts of the United States inferior to this

7    tribunal, two things are necessary to create jurisdiction, whether original or appellate.  The

8    constitution must have given to the court the capacity to take it, and an Act of Congress must

9    have supplied it . . ."  The court went on to say, referencing, **Mine Workers v Gibbs**, 383 US

10   715, 16 L. Ed 2d 218, 86 S. Ct 1130 (1966), Gibbs, which has come to stand for the principle in

11   question, held that pendent jurisdiction, in the sense of judicial power, exists whenever there is a

12   claim arising under the constitution, the laws of the United States, and treaties made, or which

13   shall be made, under their authority . . ."

14        A few years later in **Steel Co v. Citizens for a Better Env.**, 523 US 83, 140 L. Ed

15   2d 210, 118 S. Ct 1003 (1998), the court said, "Without jurisdiction the court cannot

16   proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to

17   exist, the only function remaining to the court is that of announcing the fact and dismissing the

18   cause".  **Exparte v McCardle**, 7 wall 506, 514, 19 L. Ed 264 (1869).  The court went on to say,

19   "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first,

20   of this court, and then of the court from which the records comes".  The court further continued

21   and said that the requirement that jurisdiction be established as a threshold matter "springs from

22   the nature and limits of the judicial power of the United States" and is "inflexible and without

23   exception".  **Mansfield, C. & L.M.R. Co. v. Swan**, 222 US 379, 382, 28 L. Ed 462, 4 S. Ct 510

24   (1884).

25

The reason that the jurisdiction of the federal courts must be proven when challenged is that Constitutional authority is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy, because the jurisdiction of the federal court is limited not only by the Constitution, but also by Acts of Congress, **Owen Equip. and Erection v. Kroger**, 437 US 365, 57 L Ed 2d 274, 281-83 (1978).

The jurisdiction of the federal courts is defined at **Article I, § 8, cl. 9**, for legislative courts; **Article III, § 1**, for judicial power courts; and at **Article IV, § 3, cl.2**, for territorial courts and some courts created by Acts of Congress. Some of these courts have been referred to as "Constitutional Courts", whereas others are regarded as "legislative, and/or territorial courts", **O'Donoghue v. United States**, 289 US 516, 77 L Ed 1356 (1933); **Mookini v. United States**, 303 US 201, 82 L ED 748 (1938).

In **In re Arminio**, 38 B.R. 472 (Bkrtcy. Conn 1984), it was held that:

"Principle of sovereign immunity is a Constitutional limitation on <u>federal judicial power</u>." [Emphasis added],

which well illustrates that the federal government <u>is not the sovereign</u>, else there would <u>be no limitation.</u> Clearly, the people are the ultimate sovereign (**Amendment 9**), and <u>then</u> the "State" (**Amendment 10**), and <u>then</u> the "United States", which then has Constitutional limitations upon it's federal judicial power, because it's only authority and power is a result of it being specifically delegated and enumerated, ...**in the Constitution, from the "States"**, who in turn obtained it from, **"THE PEOPLE"**.

It was held that while Congress may establish "legislative courts", whose judges do not enjoy guarantees of **Article III**, "inherently judicial tasks" must be performed by judges deriving their power under **Article III**; **United States v. Sanders**, 641 F 2d 659, 663-64 (9th Cir. 1981),

cert.den., 452 US 918, 69 L Ed 422 (1982); **Palmore v. United States**, 411 US 389, 390-410, 36 L Ed 2d 342 (1973).

The United States District Court's (U.S.D.C.) creation and composition was by Act of Congress on June 25, 1948 [62 Stat. 895] and November 13, 1963 [77 Stat.331], currently codified at **Title 28 USC § 132**, and **§ 81-131**, (California is **§ 84**, Oregon is **§ 117**, Texas is **§ 124**, etc.). The Act of June 25, 1948 consolidated **Title 28 USC § 1**, (1940 Edition), with **Title 48 USC § 641**, (1940 Edition), which deals with District Courts, "of the territories and insular possessions of the 'United States'".

The United States District Courts (U.S.D.C.) are not courts of general jurisdiction, and have no jurisdiction except as prescribed by Congress pursuant to **Article III**, as held in **Graves v. Snead**, 541 F 2d 159, 161 (6th 1976), cert.den., 429 US 1093 (1976).

The jurisdiction of the United States District Court (U.S.D.C.) Is codified at **Title 28 USC § 1331**, which lists civil, admiralty, maritime, patent, bankruptcy, etc.,.....but not criminal.

Numerous court cases have identified **Title 18 USC § 3231** as the statute that gives the USDC "criminal" jurisdiction. Those courts have been in error! **Title 18 USC § 3231** is as follows:

**§3231**. District Courts

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States. [emphasis added]

If a USDC plans on claiming **§3231** as its criminal statutory authority then that court should be prepared to provide accused evidence of the following before moving forward:

1. Identify the word criminal in the statute.

2. Explain why Congress identifies in the statute a Constitutional Article III "district court of the United States" with judicial power authority and not a "United States District Court" with legislative authority.

3. The statute says, original jurisdiction over laws of the United States. Under the preponderance of evidence standard, this statement enacted Constitutional Law of the United States and not a territorial Act of Congress. Demand a copy of the Congressional record showing date and wording of the enacted statute.

4. Require the clerk of the court to provide evidence that the district court the clerk is in charge of was ordained by Congress as a Constitutional Article III <u>district court of the United States</u>.

The Acts of Congress which established the United States District Courts (U.S.D.C.) do not vest these courts with any criminal jurisdiction, and it is well established that the United States District Courts have only such jurisdiction as is conferred by an Act of Congress under the Constitution, **Hubbard v. Ammerman**, 465 F 2d 1169, 176 (5th 1972), <u>cert.den.,</u> 410 US 910.

Clearly, <u>there is a distinct and definite difference between a "United States District Court" (U.S.D.C.), and a "district court of the United States of America", (or "district court of the United States").</u> The aforementioned fact is well established by numerous decisions including **International Longshoremen's and Warehousemen's Union v. Juneau Spruce Co.**, 342 US 237, 96 L Ed 275 (1952), wherein the Court stated:

"The words 'district court of the United States of America' commonly describe Constitutional Courts created under this **Article III** and not the legislative courts of the territories."

The issue was again addressed in **International Longshoremen's and Warehousemen's Union v. Wirtz,** 170 F 2d 183, <u>cert.den.,</u> 336 US 919, 93 L Ed 1082, <u>rehring den.,</u> 336 US 971, 93 L Ed 1121 (1949), wherein the court stated:

"...though the judicial system as set up in a territory of the United States is a part of the Federal jurisdiction, the phrase 'court of the United States', when used in a Federal statute, is generally construed as not referring to territorial courts."

This issue is not a new issue, being well settled long ago, as in **American Insurance Co.,v. 356 Bales of Cotton**, 1 Peter 522, 7 L Ed 242 (1828):

"Territorial courts are as legislative courts distinguished from Constitutional courts."

And also **Balzac v. Porto Rico**, 258 US 298, 66 L Ed 627 (1922), wherein was stated by the U.S. Supreme Court:

> ...the Untied States District Court is not a true United States Court established under **Article III** to administer the raw Judicial Power of the United States therein conveyed; it is created by virtue of the sovereign Congressional faculty, granted under **Article IV, § 3,** of that instrument, of making all needful rules and regulations respective of territory belonging to the United States."

The distinction between the dual nature of the federal court system is also noted in **Title 18 USC § 3241**, which states that the United States District Court for the Virgin Islands shall have jurisdiction concurrently with the district courts of the United States, of offenses against the laws of the United States committed upon the high seas, and this distinction is why venue and federal jurisdiction is more than a technical concept, it is a Constitutional requirement, as stated in **United States v. Johnson**, 337 F 2d 180, 192 (4th 1964), affirmed, 383 US 169 (1965), cert.den., 385 US 846.  Nevertheless, it was recognized that:

> "The distinction...between 'constitutional' and 'legislative' courts has been productive of much confusion and controversy.", **Glidden v. Zdanok**, 8 L Ed 2d 671, 678 (1962).

> The Court recognized these differences as being of a "jurisdictional" nature, and stated: "...when the statute claimed to restrict authority is not merely technical, but embodies a strong policy concerning the proper administration of judicial business, this Court has treated the alleged defect as "jurisdictional" and agreed to consider it." **Glidden**, supra., at 678-79,

and later in their opinion, well defined the differences as follows:

> "Those established under the specific power given in section 2 of Article III are called constitutional courts.  They share in the exercise of the judicial power defined in that section, can be invested with no other jurisdiction,...On the other hand, those created by Congress in the exertion of other powers are called legislative courts.  Their functions always are directed to the execution of one or more of such powers and are prescribed by Congress independently of section 2 of Article III;',**Glidden**, supra., at 712 [Emphasis added].

The significance of the differences is well illustrated in **Palmore v. United States**, 411 US 389,36 L Ed 2d 342, at 359 (1973), wherein was stated:

– 43

"We conclude that congress was not required to provide an Article III Court for the trial of criminal cases arising under it's laws **applicable only within the District of Columbia**," [Emphasis added].

The Court well stated the differences and the fundamental issues in **Glidden**, supra., at n. 54 on 705, wherein they stated:

"The DC Code, 1961, Tit II, c5 establishes a special term of the United States District Court as a probate court, whereas the other Federal District courts have been debarred from exercising such a jurisdiction as one traditionally within the domain of the States.", [Emphasis added],

and then further clarified the issue by stating:

"There are here, the power relied upon was that given congress to exercise exclusive jurisdiction over the District of Columbia, and to make all laws necessary and proper to carry such power into effect. But this Court clearly and unequivocally rejected the contention that congress could thus extend the jurisdiction of constitutional courts.", [Emphasis added], **Glidden**, supra., at n. 6 on 716.

The foundational reason for the necessity of the differences was also discussed:

"Those who wrote our Constitution well know the danger inherent in special legislative acts which take away the life, liberty, or property of particular named persons because the legislature thinks them guilty of conduct which deserves punishment. They intended to safeguard the people of this county from punishment without trial by duly constituted courts.", [Emphasis added], **Glidden**, supra., at 716.

Clearly, the vast majority of the members of the American Bar Association have no problem with "us" being tried by a court that is not "duly constituted", however, U.S. Supreme Court Justice Douglas stated in **Glidden,** supra., at 719, that judges who might be confirmed for other courts, might "never pass muster for the onerous and live-or-death duties of Article 3 judges". The standard procedure today is for a State citizen, without federal criminal liability, to be subjected to federal "so called" indictment, a "so called" trial, before an **Article I** or **Article IV** court, without criminal jurisdiction, without territorial jurisdiction, without personal jurisdiction, without subject matter jurisdiction, on issues without legislative jurisdiction, in

absence of judicial jurisdiction, <u>and in violation of the 'exclusive jurisdiction of the "State"</u>

<u>wherein the citizen resides!</u>

The U.S. Supreme Court had held:

"It is as much the duty of Government to render <u>prompt</u> justice <u>against</u> <u>itself</u>, in favor of citizens, as it is to administer the same between private individuals.", **Glidden**, supra., at 689 [Emphasis added].

U. S. Supreme Court Justice Marshall well stated in **McCleskey v. Zant**, 499 US 467,

111 S.Ct. 1454, 113 L Ed 2d 517, at 567-68 (1991):

"Obviously, respect for the rule of law must start with those who are responsible for <u>pronouncing</u> the Law. [Emphasis in original] The majority's invocation of 'the orderly administration of justice',...rings hollow when the majority itself tosses aside established precedents..., disregards the will of Congress, fashions rules that defy the reasonable expectations of the persons who must conform their conduct to the law's dictates, and applied those rules in a way that rewards state misconduct and deceit. Whatever 'abuse of the writ' todays decision is designed to avert pales in comparison with the majority's own abuse of the norms that inform the proper judicial function."

Next, refer to the Parallel Table of Authorities and Rules, which begins on page 751 of

the 1995 Index to the Code of Federal Regulations. On page 779 the following is found; "There

are no regulations published in the Federal Register which extends authority for 18 USC §§ 1

through 12 or 3231 to the state republics." The necessity for implementing regulations being

published in the Federal Register is without question, **California Bankers Ass'n v. Schultz**, 416

US 26, 94 S.Ct. 1494, 1500 39 L Ed 2d 812 (1974).

Courts are sworn to abide by the dictates of existing law and may not deliberately bypass

explicit Congressional intent, **Landano v. Rafferty**, 670 F.Supp. 570, 583 (1987); and <u>**U.S.**</u>

<u>**Constitution, Article VI, clause 2.**</u>

It was held in **North Laramie Land Co. v. Hoffman** et al, 268 US 276, 283 69 L ED

(1925), as follows:

"All persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them and when that procedure is not unreasonable or arbitrary there is no constitutional limitations relieving them from conforming to it."

- 45

"State" citizens have the right to expect prosecutors and other federal agents to know that their conduct in such cases violates statutory intent and constitutional rights as they are acting in clear absence of jurisdiction, **Harlow v. Fitzgerald**, 457 US 800, 819, 73 L Ed 2d 396 (1982); **Scheuer v. Rhodes**, 416 US 232 (1974); **Wood v. Strickland**, 420 US 308, 322 (1975); **Butz v. Economou**, 438 US 478 (1978).

The sole function of the court is to enforce the law according to statute, **Caminetti v. U.S.**, 242 US 470, 485 (1917). A defendant cannot be prosecuted absent statutory authority to authorize the prosecution, **Krulewitch v. United States**, 69 S.Ct. 716, n.22 (1949). If judicial construction of a statute is unexpected, due process is violated, **Helton v. Fauver**, 930 F 2d 1040, 1044-45 (3rd 1991). It is the duty of the federal court to protect rights secured by the Constitution, **Jennison v. Goldsmith**, 940 F 2d 1308 (9th Cir. 1991). Federal courts cannot countenance deliberate violations of basic constitutional rights, to do so would violate the judicial oath to uphold the Constitution of the United States, **Adamson v. C.I.R.**, 745 F 2d 541, 546 (9th Cir. 1984). Clearly, all federal personnel involved have been violating their oaths.

The Constitution, in **Article IV, §4,** states:

"The United States shall guarantee to every State in this union a Republican Form of Government,"

and the balance of that document well illustrates in detail the concept of separation of powers which is fundamental to our Republic, into Executive, Legislative, and Judicial Branches. The three might agree in principle or action, but, each of the three is separately bound under solemn oath and bound to safeguard our rights and be bound by our constitution. While one branch might fail in their "Duty", it is expected that the others would in turn act as a check and balance upon the error or usurpation, as was well illustrated in a letter written by **President Thomas Jefferson** to Abigail Adams on September 11, 1804. President Jefferson ignored the doctrine

promulgated in **Marbury v. Madison**, 1 Cr. (5 US) 137 (1803), and pardoned individuals jailed

under the **Alien and Sedition Acts**, and wrote as follows:

> You seem to think it devolved on the judges to decide on the validity of the sedition law. But nothing in the Constitution has given them a right to decide for the executive, more than to the executive to decide for them. The judges, believing the law constitutional, had a right to pass a sentence of fine and imprisonment; because the power was placed in their hands by the Constitution. But the executive, believing the law to be unconstitutional, were bound to remit the execution of it; because that power has been confided to them by the Constitution. That instrument meant that its coordinate branches should be checks on each other. But the opinion which gives to the judges the right to decide what laws are constitutional, and what not, not only for themselves in their own sphere of action, but for the legislative and executive also, in their spheres, would make the judiciary a despotic branch."

One hundred and eighty nine years lager, the U.S. Supreme Court in **New York v. United**

**States**, supra. (1992), stated:

> "...a healthy balance of power... will reduce the risk of tyranny...", at 154. **Black's Law**

**Dictionary** (Sixth Edition), defines TYRANNY as, "...the severe and autocratic exercise of

sovereign power,...usurped...by breaking down the division and distribution of governmental

powers." The Department of Justice is a part of the executive branch, yet is no longer

functioning as a check on the judiciary, or vice versa.

Congress possesses no power not derived from the Constitution, **State of Nevada v.**

**Watkins,** 914 F 2d 1545, 1552 (9th Cir. 1990), and the legislature cannot enact laws for

accomplishments of objects not entrusted to the federal government. **Linder v. United States**,

268 US 5, 45 S.Ct. 446 (1925). We gave our courts the ultimate responsibility to decide if

Congress violated the Constitution, **Information Providers' Coalition v. F.C.C.,** 938 F 2d 866,

869 (9th Cir. 1991), and they have failed horribly, proving faithless to their "Oaths" under

**Article VI,** and "sweeping beneath the rug" their misdeeds in **Unpublished Opinions**. What

mere man has the right to charge his sovereign with "contempt of the court", when the court

itself holds in arrogant contempt the very lawful foundations of that court?  Such a craven

grasping at deification must make their "honorable" predecessors shudder.

The most serious "codified" crime is Treason, **Title 18 USC § 2381**, but an even more

heinous crime is Tyranny, which would-be despots carefully avoid codifying, but for which our

founding fathers left us the **Second Amendment**.  Sadly, it seems we learn nothing from history,

as each generation produces it's own misery out of the molds of the past.  The wisdom of our

founders is thereby proven though, in that "The Militia" be forever a necessary adjunct to our

liberties, as each new generation in turn, has a new crop of tyrants who must be suppressed in

turn, for apparently, such is the human condition.

Out of the misery of millions of lives impacted, hundreds of thousands of lives destroyed,

the federal justice system and judiciary stands herein indicted, "undressed", no longer able to

hide behind their "black robes".  They've delighted in "strip searching" their victims, but it is

they who now stand naked, (truly, the emperor in fact has no clothes!).  Americans must resolve

that "never again" will we tolerate "lawlessness" in our legal system, or lawbreaking lawmakers.


## IN CONCLUSION

A truly "honorable" jurist, Justice Brandeis, pointed the well trod path his honorable

predecessors had lighted long ago, in his opinion in **Olmstead v. United States**, 277 US 433,

485 48 S.Ct. 575 (1928), as follows:

> "Decency, security, and liberty alike demand that government officials shall be subjected
> to the same rules of conduct that are commands to the citizen.  In a government of laws,
> existence of the government will be imperiled if it fails to observe the law scrupulously.
> Our government is the potent, the omnipresent teacher.  For good or for ill, it teaches the
> whole people by its example.  Crime is contagious.  If the government becomes a
> lawbreaker, it breeds contempt for law; it invites every man to become a law unto
> himself; it invites anarchy.  To declare that in the administration of the criminal law the
> end justifies the means – to declare that the government may commit crimes in order to

secure the conviction of a private criminal – would bring terrible retribution. **Against that pernicious doctrine this court should resolutely set its face**." [Emphasis added].

The federal judiciary has many examples of jurists holding a Constitutional view toward "The People's" rights, as in **Rachin v. California**, 342 US 165, 72 S.Ct. 205 (1952):

"There is no justification for the knowing and deliberate violation of the rights of individuals."

Unfortunately,.....and tragically, in the closing years of the twentieth century, the history of the federal judiciary and Department of Justice will reflect an American nightmare, a holocaust of injustice whereby hundreds of thousands of Americans have been unlawfully charged, tried, and imprisoned,...in complete absence of any type of federal jurisdiction. Today's situation brings to mind immortal words from our past, "The history of the present...is a history of repeated injuries and usurpations, all having in direct object the establishment of an absolute Tyranny over these States. .... He has combined with others to subject us to a jurisdiction foreign to our constitution, and unacknowledged by our laws; giving his Assent to their acts of pretended Legislation:", **THE DECLARATION OF INDEPENDENCE**, In Congress, July 4, 1776. "For whatsoever things were written aforetime were written for our learning..." **Romans** 15:4.


Pursuant to **Title 28 USC § 1746**, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this _15_ day of _April_, 2008.




_Royal L. Hardy_
Defendant Royal L. Hardy

- 49

1

## CERTIFICATE OF SERVICE

2

3        I, Royal L. Hardy, the Defendant in this action, do hereby certify that

on this date I served a copy of the foregoing:
4

        DEFENDANTS - - POINTS AND AUTHORITIES ON <u>FEDERAL JURISDICTION</u>
5

Upon the following by placing same in the United States mail, first class, postage prepaid:
6

7        U.S. Attorney's Office
        300 Ala Moana Blvd., Rm 100
8        Honolulu, HI  96850

9        Attorney for Plaintiff

10

11

12

        I certify under penalty of perjury, that the foregoing is true and correct.  Executed this
13

____ day of  May, 2008.
14

15

16

17        _____
        Defendant Royal L. Hardy
18

19

20

21

22

23

24

25