ORIGINAL

Royal L. Hardy
# 83346022
FCI OAKDALE
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 5000
OAKDALE, LA 71463

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 07 2008

at 11 o'clock and 1 min. W.M.
SUE BEITIA, CLERK

Defendant,

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR-02-00133-ER/BMK |
| Plaintiff, | NOTICE AND DEMAND TO VACATE VOID JUDGMENT |
| vs. | FOR LACK OF JURISDICTION AND FOR INJUNCTIVE RELIEF |
| Royal L. Hardy | FROM CRIMINAL FRAUD |
| Defendant | F.R.C.P. Rule 60(b)(4) |

Defendant, Royal L. Hardy, hereby files this Notice and Demand to Vacate Void Judgment for lack of personal, legislative (subject-matter) or territorial jurisdiction authority over defendant and for injunctive relief from criminal fraud pursuant to F.R.C.P. Rule 60(b)(4). This motion is timely, as there is no time limit where the court lacked/lacks jurisdiction.

Defendant contends that any judgment rendered by a court which lacks personal, legislative (subject-matter) or territorial jurisdiction authority over defendant is void ab initio. The same court lacking inherent statutory authority to enter the particular judgment, or entered an order which violated due process, or entered an order procured through extrinsic or collateral fraud, is null and void, and can be attacked at any time, in any court, either directly or

- 1

collaterally. This is supported by the courts in cases such as, **Jackson v FIE**, 302 F 3d 515 (5th 2002); **U.S. v. Adesida**, 129 F. 3d 846 (6th 1997); **New York Life Ins. Co. v. Brown**, 84 F 3d 137 (5th 1996); **Antoine v. Atlas Turner, Inc.,** 66 F. 3d 105 (6th 1995); **U.S. v. Indoor Cultivation Equip.**, 55 F. 3d 1311 (7th 1995); **U.S. v. Verdugo-Urquidez**, 939 F. 2d 1341 (9TH 1991); and numerous others that will be cited and relied on in this motion.

    Defendant demands that a hearing be scheduled on this matter at the earliest possible date where defendant will present and argue evidence and facts against this court, plaintiff, plaintiffs claimed attorney or any other party who claims this court has personal, legislative (subject-matter) or territorial jurisdiction authority over defendant or that defendant violated the Constitution or a Law of the United States pursuant thereof. Defendant also demands that plaintiff and plaintiffs claimed attorney (party causing indictment to be issued and party invoking jurisdiction) be ordered by the court to address and answer this Motion to Vacate Void Judgment with a written reply or rebuttal. Defendant further demands that all evidence or facts presented by any party must be certified and signed under penalty of perjury.

    This F.R.C.P. Rule 60(b)(4) Motion to Vacate Void Judgment is defendant's contention that the judgment was <u>void ab initio</u> because the court lacked personal, legislative (subject-matter) and territorial jurisdiction authority over defendant to enter judgment against defendant. Defendant further contends that neither this court nor the plaintiff <u>ever</u> provided documented evidence to the defendant providing evidence of any type of jurisdictional authority over defendant. Neither this court nor the plaintiff <u>ever</u> provided the Grand Jury evidence of jurisdictional authority over defendant or addressed jurisdiction authority over defendant in the Grand Jury indictment. The indictment also failed to identify statutory authority for this court to adjudicate a "criminal" matter or statutory authority for the U.S. Attorney to represent or commence a criminal matter with the "United States of America" as the plaintiff. Defendant also contends that the court usurped its authority by adjudicating this Cause of Action in a territorial

court and applying territorial "Acts of Congress" against a citizen and inhabitant of the Sovereign Republic of Hawaii. Defendant was either wrongfully forced into a territorial district court or this claimed to be Article III Constitutional District Court is unconstitutionally applying territorial "Acts of Congress" to defendant. This unlawful application of territorial Acts of Congress to citizens of States of the Union is addressed by the appellate court in, **Commodity Futures Trading Commission v. NAHAS**, 738 F. 2d 487 (1984), where the court said, an important canon of statutory construction teaches that "legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States. . ." This usurpation of authority is further challenged as there is no Congressional record showing where the United States District Court, District of Hawaii, was ever ordained as an Article III Constitutional Court. All appearances point to a territorial court, fronted by an appointed Article III Constitutional Judge conducting judicial proceedings in a territorial court. This claimed to be Article III Judge who does not retain his "judicial power" authority when presiding over matters in a territorial court is further evidence supporting defendant's position that the court acted in a manner inconsistent with due process of law.

    Defendant reminds this court that defendant's judicial notices containing defendants declaration, affidavit and points and authorities have been filed with this court giving certified evidence that neither this USDC, plaintiff, or plaintiffs claimed attorney have personal, legislative (subject-matter) or territorial jurisdiction authority over defendant.

    All of defendants above judicial notices gave this court, plaintiff, plaintiffs claimed attorney and any other parties involved with this case twenty-one (21) days to rebut any and all of the evidence that has been entered into the official court record or it will be considered true and correct at any and all future court hearings. As of the date of this Notice and Demand to Vacate Void Judgment, none of the above mentioned parties has rebutted any of defendants judicial notices thereby is acceptance as silent admission that all evidence, facts, affidavits,

declarations, attachments and Points and Authorities of defendants Judicial Notices are true and correct as this court and the plaintiff in their silence have admitted either admission or fraud, as per <u>United States v. Prudden</u>, 424 F. 2d 1021 (1970), where the court said, "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." This court and the plaintiff's claimed attorney not only have a legal and moral duty to speak but their silence on the issue is a major violation of their Oath of Office and defendants rights and privileges that are secured by the Constitution - - - therefore becoming, " <u>Conspiracy By Silence</u>".

## II      JURISDICTION INVOKED BY DEFENDANT

Defendant comes before this federal district court unable to identify this federal district court as either a territorial legislative district court or a Constitutional Article III district court with judicial power authority and, therefore, will demand that all Cause of Actions against defendant will be adjudicated recognizing defendant as a citizen and inhabitant of the Sovereign Republic of Hawaii.

Defendant contends that the requirements for the federal district court to state on the official court record its jurisdictional authority is supported in such cases as, <u>Harris v Illinois – California Express, Inc.</u>, 687 F. 2d 1361 (10th 1982), where the court said, "Any federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding, and the court is not bound by the acts or pleadings of the parties. <u>Treinies v. Sunshine Min. Co.</u>, 308 US 66 (1939); <u>McNutt v. General Motors Acceptance Corp.</u>, 298 US 178 (1936).

Both the United States District Court and the plaintiff (United States of America) have <u>failed</u> to identify any jurisdiction authority in this case in either the indictment or the official court record. The plaintiff has <u>failed</u> to ever make a court appearance in this court, <u>failed</u> to prove or provide statutory evidence as to jurisdictional authority of this court to adjudicate a

1  "criminal" matter and has <u>failed</u> to prove or provide statutory evidence as to the jurisdiction
2  authority for this court to adjudicate this matter against defendant, a sovereign citizen of the
3  Republic of Hawaii. Therefore, for this motion and <u>all</u> future and prior official hearings on this
4  case, defendant hereby invokes the jurisdiction of the Constitution of the United States for the
5  United States of America, 1787, by defendants authority in accordance with Article Ten (10) of
6  the Bill of Rights, 1791, and by doing so will demand that any court hearing, reply or rebuttal on
7  this motion to vacate void judgment be adjudicated in this Article III Constitutional Court under
8  <u>common law</u> where the plaintiff, or <u>lawful</u> representative of the plaintiff, is present in this court
9  to inform defendant of the nature and cause of any accusation and where defendant is able to
10 confront any witness against him.

  If this court, plaintiff or any other party claims jurisdiction authority other than <u>common law</u> or contrary to the Constitutional jurisdiction that defendant has invoked above, then defendant demands that the party claiming contrary jurisdiction authority submit certified documented evidence as to the jurisdiction authority relied on and serve such evidence on defendant at defendants address above and file such evidence with this Article III Constitutional Court ten (10) working days prior to any hearing on this matter.

  Defendant will also rely and stand on case law such as **Marbury v. Madison**, 5 US 147 (1803), where the U.S. Supreme Court said, "any act repugnant to the Constitution is null and void.

### III  JURISDICTION OF THE DISTRICT COURT

  This matter was brought against a citizen and inhabitant of the Sovereign Republic of Hawaii in a federal district court that should be operating under the statutory requirements of the Constitution of the United States for the United States of America. In order to establish that a federal district court is the proper forum for this matter, the court and/or the plaintiff must provide evidence that the "situs" of any alleged offense, as per **United States v. Benson**, 495 F.

2d 475 (5th 1974), occurred within the territorial jurisdictional authority of the United States, as defined and identified at **Title 18 USC § 7**. If the alleged offense <u>did</u> <u>not</u> occur within the jurisdictional authority of the United States, then the <u>only</u> way the court and/or the plaintiff can adjudicate this matter in a federal district court and claim jurisdictional authority over defendant is to provide evidence that the federal district court is an Article III Constitutional Court with judicial power being adjudicated over by a Article III Constitutional judge who is only applying law arising under the Constitution and Laws of the United States pursuant thereto. In order to claim jurisdictional authority over defendant, the court and/or the plaintiff must provide certified evidence as to:

1. Personal jurisdiction authority over defendant, and
2. Legislative (subject-matter) jurisdiction authority over defendant, and
3. The location of any alleged offense and whether that location (situs) is within or without the territorial jurisdiction of the United States, and
4. Identify where defendant violated the Constitution or a Law of the United States pursuant thereof.

As of the date of this motion to vacate void judgment, neither this court nor the plaintiff have provided documented evidence of any jurisdictional authority over defendant.

Jurisdiction is a Constitutional issue! Lack of jurisdiction is error that a Constitutional Article III Court should have recognized on its own. This is not procedural error, this is jurisdictional error that goes all the way back to the original complaint, failure to present jurisdiction evidence to the Grand Jury, and failure of the court to challenge lack of jurisdiction on the indictment. Defendant contends that any indictment issued to a citizen of a Sovereign State of the union that does not address personal, legislative (subject-matter) or territorial jurisdiction authority over defendant fails to give "adequate notice" and therefore is not only insufficient but unconstitutional.

This is further supported by the U.S. Supreme Court where they stated, "The law provides that once jurisdiction has been challenged, it must be proven". **Hagans v Lavine**, 415 US 528 (1974); **Main v Thiboutot**, 448 US 1 (1980). The same court again states, "No sanction

can be imposed absent proof of jurisdiction". **Standard v Olsen**, 98 L Ed 1151 (1954); **Burks v Laskar,** 441 US 471 (1979). As to Constitutional issues, the U.S. Supreme Court again brought this issue home where it stated, "Where rights secured by the Constitution are involved there can be no rule making or legislation which abrogates them". **Miranda v. Arizona**, 384 US 116 (1966).

### IV    CRIMINAL JURISDICTION

As Chief Justice Marshall said in **Cohens v Virginia**, 6 Wheat, 264, 5 L Ed 7(1821), and has since been referenced in **United States v. Will**, 449 US 200 (1980), "We (judges) have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution."

Defendant contends that Congress has never passed or enacted into law a USC statute that gives either a <u>United States District Court</u> or a <u>district court of the United States</u> authority to adjudicate a "criminal" matter like Congress did for "civil" matters at **Title 28 USC § 1331**.

Defendant also contends that the district court is in error if it claims that **Title 18 USC § 3231** gives a district court "criminal" jurisdiction authority. **§3231** clearly gives an Article III Constitutional "district court of the United States" original jurisdiction of all offenses against the "Laws of the United States". It <u>does not</u> give jurisdiction authority to a USDC or even address territorial "Acts of Congress". Furthermore, if the USDC claims to be an Article III Constitutional Court, why is it applying territorial "Acts of Congress" to a citizen and inhabitant of the Sovereign Republic of Hawaii.

### V    WHEN IS A JUDGMENT VOID

The Supreme Court said in **Insurance Corp. v. Compagnie des Bauxites**, 456 US 694 (1982), that, "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties, **Stoll v Gottlieb**, 305 US 165 (1938).

- 7

The Ninth Circuit in **Rankin v. Howard**, 633 F. 2d 844 (1980) stated that, "An absence of personal jurisdiction may be said to destroy "all jurisdiction" because the requirements of subject matter and personal jurisdiction are conjunctional. Both must be met before a court has authority to adjudicate the rights of parties to a dispute." The court continued later by saying, "If a court lacks jurisdiction over a party, then it lacks "all jurisdiction" to adjudicate that party's rights, whether or not the subject matter is properly before it. See **Kulko v Superior Court**, 436 US 84, 91 (1978).

The Ninth Circuit again in **Rankin**, supra, stated that, when a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction, judicial immunity is lost. See **Bradley v. Fisher**, 80 US (13 Wall) at 351 ("when the want of jurisdiction is known to the judge, no excuse is permissible") **Turner v. Raynes**, 611 F. 2d 92, 95 (5th 1980).

The First Circuit in **Lubben v. Selective Service System**, 453 F. 2d 645 (1972) stated, "A Void Judgment is one which, from the inception, was a complete nullity and without legal effect." The appellate court in D.C. in **Commodity Futures Trading Commission v. NaHas**, 738 F. 2d 487 (1984), stated, "When a federal court reaches beyond its statutory grant of subject matter jurisdiction, its judgment is void".

The Ninth Circuit in **Jones v. Giles**, 741 F. 2d 245 (1984), stated, "Absence of subject matter jurisdiction may render a judgment void where a court wrongfully extends its jurisdiction beyond the scope of its authority. **Kansas City So. R/R v. Great Lakes Carbon**, 624 F. 2d 822 (8th 1980), citing **Stoll v Gottlieb**, 305 US 165, 171 (1938).

The Fifth Circuit in **New York Life Ins. Co. v. Brown**, 84 F. 3d 137 (1996) stated, "A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."

The Sixth Circuit in **Antoine v. Atlas Turner, Inc.**, 66 F. 3d 105 (1995) stated, "If the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)", and continued later by stating that, "A judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."

The Seventh Circuit in **United States v Indoor Cultivation Eq.**, 55 F. 3d 1311 (1995) stated, "If the underlying judgment is void, it is per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)", and stated further in the same case, "Because void judgments are legal nullities, district courts have little leeway". **Bally Export Corp. v Balicar**, Ltd., 804 F. 2d 398, 400 (7th 1986).

The Supreme Court and the circuit courts all seem to agree on the fact that if the district court lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law, then the judgment is void under F.R.C.P. Rule 60(b)(4).

Defendants **Judicial Notice** filed with this court includes defendant's declaration and affidavit that is certified evidence that neither this court nor the plaintiff had or has personal, legislative (subject-matter) or territorial jurisdiction authority over defendant. The twenty-one (21) days given all parties for rebuttal has elapsed without rebuttal to the contrary from any party. Therefore, defendants declaration and affidavit will be accepted as true and correct that neither the court, the plaintiff, nor the plaintiffs claimed attorney had personal, legislative (subject-matter) or territorial jurisdiction authority over defendant and therefore the judgment is <u>void ab initio</u>.

Defendant also contends that a district court "acting in a manner inconsistent with due process of law" would include:

1. Failing to identify a USC statute giving the court criminal authority to adjudicate this matter.
2. Failing to identify a USC statute giving the U.S. Attorney authority to commence an action with the United States of America as plaintiff.

3. Failing to identify a USC statute giving the U.S. Attorney authority to conduct a criminal proceeding against a citizen and inhabitant of a Sovereign State of the Union.
4. Failing to identify a USC statute giving IRS or IRS-CID agents authority to operate in or on the soil of a Sovereign State of the Union.
5. Failing to identify the "situs" of any alleged offense as being within or without the territorial jurisdiction of the United States.
6. Fraudulently forcing a citizen and inhabitant of a Sovereign State of the Union into a legislative United States District Court fronting as a Constitutional Article III district court of the United States.
7. Fraudulently fronting an Article III judge in a legislative territorial court who has no Article III judicial power authority in that court.

### VI        PERSONAL JURISDICTION

As noted previously, defendants **Judicial Notice** included defendant's declaration, which has given the court certified evidence that neither the court nor the plaintiff had or has personal jurisdiction over defendant.

Defendant is a citizen and inhabitant of the Sovereign Republic of Hawaii and has at no time knowingly, willfully or intentionally entered into a written or unwritten contract or agreement that waives any of his unalienable rights as secured by the Constitution or the Bill of Rights. From the date and time of arrest, defendant, at <u>no</u> time, was advised by the court, counsel or any law enforcement agency that he would be waiving any of his unalienable rights.

Defendant at all times was led to believe that this proceeding was being adjudicated in a Constitutional Article III District Court with judicial power authority and presided over by a Article III judge. Defendant also contends that he did not knowingly, willfully, voluntarily or intentionally enter the territorial jurisdiction of the United States District Court by refusing to enter a plea (coram non judice) or by entering a "not guilty" plea.

### VII       LEGISLATIVE (SUBJECT-MATTER) JURISDICTION

Subject matter jurisdiction must be qualified in two steps by this court in order to determine if this court has legislative (subject-matter) jurisdiction over defendant. The two steps this court or the plaintiff must provide documented evidence of in order to prove legislative (subject-matter) jurisdiction authority over defendant are:

**Step One** – Congress must enact into law an "Act of Congress" (Article I § 8.17) or a "Law of the United States" (Article I § 8.18) that gives the court statutory authority to adjudicate such subject matter. (Murder, drugs, conspiracy, etc.)

**Step Two** – Legislatively, the federal district court can only apply U.S.C. statutory law to a citizen of the Republic of Hawaii (state zone citizen) that was lawfully enacted as a "Law of the United States". Legislatively the federal district court has no subject matter jurisdiction authority over a state zone citizen if it is attempting to apply a territorial "Act of Congress" to that state zone citizen.

The federal district court can claim subject-matter jurisdiction over the subject (murder, drugs, conspiracy, etc.) but cannot claim legislative (subject-matter) jurisdiction over the defendant. That would be legislatively unconstitutional.

Acts of Congress were addressed in the old F.R.Cr.P. Rule 54(c) where under application of terms as used in these rules (means all the rules), the "designated meaning" is, "Acts of Congress" includes any Act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession. This is very clear - - - Acts of Congress do not apply to citizens of Sovereign States of the Union.

In the year 2002, in an effort to deceive the uninformed, Congress transferred the entire Rule 54 to Rule 1 where an Act of Congress "designated meaning" seems to have disappeared. The advisory committee notes on Rule 1 state that the reference to an "Act of Congress" has been deleted from the restyled rules; instead the rules use the self-explanatory term "federal statute". This means that every time you see the term "Federal Statute" used in the Federal Rules of Criminal Procedure, it really means an "Act of Congress", which is territorial, and has no application to a citizen of a Sovereign State of the Union.

This application of territorial "Acts of Congress" is addressed by the court of appeals in **Commodity futures Trading Commission v. NaHas**, 738 F. 2d 487 (D.C. 1984), where the

court stated, "An important canon of statutory construction teaches that "legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States...". This is further supported by the Fifth Circuit in <u>U.S. v. Mitchell</u>, 553 F. 2d 996 (5th 1977) by stating, "To overcome the presumption, and to apply the statute beyond the territory of the United States, the government must show a clear expression of Congressional intent. <u>Steele v. Bulova Watch Co.</u>, 344 US 280, 285 (1952); <u>Foley bros. V. Filardo</u>, 336 US 281, 285 (1949).

There are numerous cases that address this issue and make the same statement that legislation of Congress only has territorial application. Defendant will rely on the above cases and others as the preponderance of the evidence standard that <u>all</u> of the United States Code (USC), **Title 18** – criminal law, **Title 27** – ATF, and **Title 26** – income tax, are "Acts of Congress", only have territorial application, and any claim to the contrary will shift the burden of proof to the court or the plaintiff (party invoking jurisdiction). As the tenth Circuit said in, <u>Basso v. Utah Power and Light Co.</u>, 495 F. 2d 906 (1974), "The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." This is further supported by a district court in Michigan in <u>Sterling Industries Corp. v. Telephone, Inc.</u>, 484 F. Supp 1294 (1980), where the court said, when a defendant challenges personal jurisdiction, the plaintiff has the burden of proving by a preponderance of the evidence that the court has jurisdiction over the defendant . . . to meet this burden, "The plaintiff is obligated to come forward with facts, by affidavit or otherwise, in support of personal jurisdiction".

As to the case of this motion, neither the court nor the plaintiff on the complaint, indictment or by affidavit, has ever provided certified evidence of personal, legislative (subject-matter) or territorial jurisdiction authority over defendant.

VIII            <u>TERRITORIAL JURISDICTION</u>

Defendants Points and Authorities on federal jurisdiction covers the subject of federal (United States) jurisdiction authority for the last 200 years and is supported by over 150 federal court cases (case law). There are about five pages that exclusively cover the area of criminal jurisdiction authority over United States territorial land. These Points and Authorities clearly point out that the United States (federal government) virtually has <u>no</u> "criminal" jurisdiction authority in any state of the union except in or on land that the state has "ceded" (gives up) such jurisdiction authority to the United States which then is limited and restricted to the property and areas Congress has identified at **<u>Title 18 USC § 7</u>**, titled, "<u>Special Maritime and Territorial Jurisdiction of the United States</u>".

Any claim to jurisdiction authority beyond that identified at **<u>Title 18 USC § 7</u>** is clearly a usurpation of authority, violation of the Constitution and the Bill of Rights (specifically the 9th and 10th amendment), and malfeasance of office by the officer or agent attempting to apply such authority. Additionally, any claim to territorial jurisdiction authority over any lands or interest therein will require evidence that the United States has accepted such jurisdiction authority as per <u>Title 40 USC § 255</u> and such evidence is submitted into the official court record of this case.

### IX    JURISDICTION – BURDEN OF PROOF

Burden of proof is not something new. The Tenth Circuit in **<u>Basso v. Utah Power and Light Co.</u>**, 495 F. 2d 906 (1974), said that "the party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, **<u>Wilshire Oil Co. v. Riffe</u>**, 409 F. 2d 1277 (10th Cir. 1969), but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. **<u>City of Lawton, Okla. v. Chapman</u>**, 257 F. 2d 601 (10th Cir. 1958). Thus, the party invoking the Federal Courts jurisdiction bears the burden of proof. **<u>Becker v. Angle</u>**, 165 F. 2d 140 (10th Cir. 1947). The court went on to say that "if the parties do not raise the question of lack of jurisdiction, it is the duty of the Federal Court to

determine the matter sua sponte. **Atlas Life Insurance Co. v. W.I. Southern Inc.**, 303 US 563, 83 L. Ed 987, 59 Ct. 657 (1939).

### X        JURISDICTION – COURTS OF LIMITED JURISDICTION

The U.S. Supreme Court in **Kokkonen v. Guardian Life Ins. Co.**, 511 US ---, 128 L. Ed 2d 391, 395, 114 S. Ct 1673 (1994), said that "federal courts are courts of limited jurisdiction. They posses only that power authorized by constitution and statute, see **Willy v. Coastal Corp.**, 503 US 131, 117 L. Ed 2d 280, 112 S. Ct 1076 (1992); **Bender v. Williamsport Area School Dist.**, 475 US 534, 541, 89 L. Ed 2d 501, 106 S. Ct. 1326 (1986); which is not to be expanded by judicial decree, **American Fire & Casualty Co. v. Finn**, 341 US 6, 95 L. Ed 702, 71 S Ct 534 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, **Turner v. Pres. Of Bank of North-America**, 4 Dall 8, 11, 1 L. Ed 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, **McNutt v. General Motors Acceptance Corp.**, 298 US 178, 182-183, 80 L. Ed 1135, 56 S. Ct 780 (1936)".

The U.S. Supreme Court in **Coopers & Lybrand v. Livesay**, 437 US 463, 57 L. Ed 2d 351, 98 S. Ct 2454 (1978), said that "it is the responsibility of all courts to see that no unauthorized extension or reduction of jurisdiction, direct or indirect, occurs in the federal system."

In **Davis v Passman**, 442 US 228, 60 L. Ed 2d 846, 99 S. Ct 2264 (1979), the Supreme Court said that "jurisdiction is a question of whether a Federal Court has the power, under the constitution or laws of the United States, to hear a case".

In **Finley v. U.S.**, 490 US 545, 104 L. Ed 2d 593, 109 S. Ct 2003 (1989), the court said that "it remains rudimentary law that as regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, and an Act of Congress must

have supplied it . . ." The court went on to say, referencing, **Mine Workers v Gibbs**, 383 US 715, 16 L. Ed 2d 218, 86 S. Ct 1130 (1966), Gibbs, which has come to stand for the principle in question, held that pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim arising under the Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority . . ."

    A few years later in **Steel Co v. Citizens for a Better Env.**, 523 US 83, 140 L. Ed 2d 210, 118 S. Ct 1003 (1998), the court said, "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause". **Exparte v McCardle**, 7 wall 506, 514, 19 L. Ed 264 (1869). The court went on to say, "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the records comes". The court further continued and said that the requirement that jurisdiction be established as a threshold matter "springs from the nature and limits of the judicial power of the United States" and is "inflexible and without exception". **Mansfield, C. & L.M.R. Co. v. Swan**, 222 US 379, 382, 28 L. Ed 462, 4 S. Ct 510 (1884).

    **XI**        **RELIEF SOUGHT AND CONCLUSION**

    Defendant has found no reference in the United States Code or Rules of the Court as to how much time the court is allowed to rule on this motion to Vacate Void Judgment and therefore will consider 30 days from the court filing date to be adequate. If defendant is in error, or if the court needs more information (which the court should clearly identify) or time, defendant expects this court to provide defendant with a status report as to why there is a delay necessary and a time schedule as to the date this motion will be ruled on with findings of facts and conclusions of law.

1  It is fairly obvious that in order to prove that the judgment in this case is not void, then
2  the court must provide certified evidence of personal, legislative (subject-matter) and territorial
3  jurisdiction authority over defendant. It is also fairly obvious that defendant has provided this
4  court with <u>certified</u> evidence proving that neither this court nor the plaintiff has personal,
5  legislative (subject-matter) or territorial jurisdiction authority over defendant and therefore, any
6  claim to personal, legislative (subject-matter) or territorial jurisdiction authority over defendant
7  <u>must</u> be <u>certified</u> under penalty of perjury as to such claim. . If the court and/or the plaintiff
8  cannot provide such evidence, then the judgment is <u>void ab inito</u>.

9  As the Ninth Circuit said in **<u>Jones v. Giles</u>**, 741 F. 2d 245 (1984), "A district judge has
10 no discretion in determining whether a judgment is void; it either is or it is not". This is
11 supported by the Fifth Circuit in **<u>New York Life Ins. Co. v Brown</u>**, 84 F. 3d 137 (1996), where
12 the court said, "When, however, the motion is based on a void judgment under Rule 60(b)(4), the
13 district court has no discretion – the judgment is either void or it is not". The Fifth Circuit again
14 in **<u>Jackson v FIE Corp.</u>**, 302 F. 3d 515 (2002) said that, "We have also reasoned that if the
15 motioned is based on a void judgment under Rule 60(b)(4), the district court has no discretion –
16 the judgment is either void or it is not". The Fifth continued in **<u>Jackson</u>** supra, by saying, "If the
17 judgment is void, the district court must set it aside".

18 Again, it is fairly obvious, either provide certified evidence of personal, legislative
19 (subject-matter) and territorial jurisdiction authority over defendant – or – void the judgment and
20 sentence of defendant and vacate or set it aside as it is <u>void ab initio</u>.
21
22 Pursuant to **<u>Title 28 USC § 1746</u>**, I declare under penalty of perjury, under the laws of
23 the United States of America, that the foregoing is true and correct. Executed this _15th_
24 day of _April_, 2008.
25

_[signature: Royal␣T␣Hardy]_ - 16
Defendant Royal T Hardy

1
2  _____
   Defendant, Royal L. Hardy.
3
4
5
...
25

## CERTIFICATE OF SERVICE

I, Royal L. Hardy, the Defendant in this action, do hereby certify that on this date I served a copy of the foregoing:

    Notice and Demand to Vacate Void Judgment
           For Lack of Jurisdiction
    And For Injunctive Relief from Criminal Fraud
           F.R.Cr.P. Rule 60 (b)(4)

Upon the following by placing same in the United States mail, first class, postage prepaid:

    U.S. Attorney's Office
    300 Ala Moana Blvd., Rm 100
    Honolulu, HI 96850

I certify under penalty of perjury, that the foregoing is true and correct. Executed this 5th day of May, 2008.

                                                        */s/ Royal L. Hardy, Jr.*
                                                        Defendant