# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR 02-00133HG-BMK-001 |
| CASE NAME: | UNITED STATES OF AMERICA v. (01) ROYAL LAMARR HARDY |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | |
| DATE: | May 30, 2008 | TIME: | |

COURT ACTION:   **MINUTE ORDER**

Defendant Royal L. Hardy ("Hardy") has filed eleven documents with this Court. Hardy, along with several others, was convicted of conspiracy to defraud the United States under 18 U.S.C. § 371. On August 30, 2005, the Court sentenced Hardy as to Counts 1 through 5 of the Indictment, for a total of 156 months. On August 23, 2007, the Ninth Circuit Court of Appeals entered judgment affirming the district court's judgment.

On May 7, 2008, Hardy made the following filings in this Court:

(1) JUDICIAL NOTICE I and DEMAND FOR EVIDENCE OF AUTHORITY, STANDING AND JURISDICTION (Doc. 731)

(2) JUDICIAL NOTICE II; ENTERING DEFENDANTS DECLARATION AND AFFIDAVIT INTO EVIDENCE (Doc. 732)

(3) DECLARATION of Defendant Providing Evidence that United States and this Court Lacks Personal Jurisdiction over Defendant (Doc. 733)

(4) DEFENDANTS SUPPORTING AFFIDAVIT AS TO PERSONAL AND LEGISLATIVE JURISDICTION (734)

(5) JUDICIAL NOTICE III ENTERING POINTS AND AUTHORITIES ON FEDERAL JURISDICTION INTO EVIDENCE (Doc. 735)

(6)  JUDICIAL NOTICE IV ENTERING POINTS AND AUTHORITIES INTO EVIDENCE (Doc. 736)

(7)  POINTS AND AUTHORITIES ON ACT OF CONGRESS vs. LAW OF THE UNITED STATES (Doc. 737)

(8)  POINTS AND AUTHORITIES ON UNITED STATES VS. UNITED STATES OF AMERICA (Doc. 738)

(9) POINTS AND AUTHORITIES ON FEDERAL JURISDICTION - PART 1 (Doc. 739)

(10)  POINTS AND AUTHORITIES ON THE TWO (2) DIFFERENT DISTRICT COURTS AND CRIMINAL JURISDICTION (Doc. 740)

(11)  NOTICE AND DEMAND TO VACATE VOID JUDGMENT FOR LACK OF JURISDICTION AND FOR INJUNCTIVE RELIEF FROM CRIMINAL FRAUD (Doc. 741)

    Hardy's "NOTICE AND DEMAND TO VACATE VOID JUDGMENT FOR LACK OF JURISDICTION AND FOR INJUNCTIVE RELIEF FROM CRIMINAL FRAUD" (Doc. 741) is made pursuant to Fed. R. Civ. P. 60(b)(4).  In particular, Hardy asserts "lack of personal, legislative (subject-matter) or territorial jurisdiction authority over defendant", and argues that the Court's judgment is therefore "void ab initio".  All of Hardy's eleven filings address jurisdictional issues.

    Fed. R. Civ. P. 60 is a rule of civil procedure and does not apply in this criminal case.  See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . .").  The Court, having reviewed Hardy's eleven filings, finds that they are an attempt to raise issues appropriate only in an a motion made pursuant to 28 U.S.C. § 2255.

    Federal courts may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro v. United States, 540 U.S. 375, 381 (2003).  The Supreme Court has held:

> when a court recharacterizes a pro se litigant's motion as a ... § 2255 motion[,] ... the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive"

restrictions.

Id. at 383.

Accordingly, the Court **DIRECTS** Defendant Hardy to advise the Court in writing by **June 30, 2008**, whether he would like the Court to construe his May 7, 2008 filings (Doc. 731-741) collectively as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 or whether he intends to withdraw his filings.

The Court hereby notifies Defendant Hardy that if he elects to have the Court construe his May 7, 2008 filings (Doc. 731-741) collectively as a motion made pursuant to 28 U.S.C. § 2255, he will foreclose his ability to bring a second or successive motion pursuant to § 2255 after the Court has decided his motion unless he first obtains authorization from the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Submitted by: Mary Rose Feria, Courtroom Manager

cc:   Plaintiff Royal Lamarr Hardy
      Clare E. Connors, Esq.
      Edward E. Groves, Esq.
      Jared E. Dwyer, Esq.
      Chief Judge Gillmor's chambers