ORIGINAL

1  Royal L. Hardy                    Presently incarcerated at:        FILED IN THE
   83346022                          FCI - OAKDALE              UNITED STATES DISTRICT COURT
2  PO Box 5000                       Oakdale, LA 71463              DISTRICT OF HAWAII
   Oakdale, LA 71463
3                                                                  JUN 0 4 2008

4                                                          at____o'clock and____min____M
                                                              SUE BEITIA, CLERK
5                  UNITED STATES DISTRICT COURT

6                       DISTRICT OF HAWAII

7
   United States of America,          )    Case No.  02-00133 ER/BMK
8                                      )
              Plaintiff,               )    DEFENDANTS MEMORANDUM OF
9                                      )    LAW IN SUPPORT OF HABEAS
          vs.                          )    CORPUS MOTION TO VACATE OR
10                                     )    SET ASIDE SENTENCE PURSUANT
   Royal L. Hardy,                     )    TO TITLE 28 USC § 2255
11                                     )
              Defendant/Movant         )
12

13
                    MEMORANDUM OF LAW
14
        Defendant, Royal L. Hardy, hereby files this memorandum of law containing points and
15
   authorities plus arguments as they pertain to defendant's **Title 28 USC § 2255** motion for a writ
16
   of habeas corpus.  Defendant's personal research, documentary records and video evidence filed
17
   affirmatively into the court record shows that defendant is a prisoner in custody under sentence
18
   of a court established by Act of Congress and claiming the right to be released upon the grounds
19
   that the sentence was imposed in violation of the Constitution or laws of the United States
20
   pursuant thereof and that the court was without jurisdiction to impose such sentence.
21
        The court record will also show that defendant filed several Bills Of Particulars in order
22
   to challenge constitutional and jurisdictional authority but the USDC denied them all.  The
23
   USDC has never issued a judicial determination or ruling on any of those motions supported
24
   with findings of facts or conclusions of law nor did it require the plaintiff to answer any
25

questions within the Bill of Particulars.  The court record will also show that neither the USDC

nor the plaintiff (party invoking jurisdiction of the court) has provided any documented evidence

<u>affirmatively</u> into the court record of constitutional and jurisdictional authority over defendant, a

citizen and inhabitant of a sovereign state of the union.

This <u>memorandum of law</u> will also provide evidence that the United States courts have

failed and refused to give defendant the opportunity to obtain a judicial correction of a

fundamental constitutional and jurisdictional defect in defendant's conviction and sentence.  The

sentence/judgment handed down by the USDC is not supported with any evidence <u>affirmatively</u>

filed in the court record that defendant violated the Constitution or a law of the United States

pursuant thereof or of jurisdiction authority over defendant and therefore has resulted in a

fundamental miscarriage of justice (see **Reed v Farley**, 512 US 339, 350, 354 (1994) and **Hill v**

**United States**, 368 US 424, 428 (1962)).  Defendant's evidence will also show that the sentence/

judgment was imposed in violation of the Constitution or laws of the United States pursuant

thereof (see **Skukwit v United States**, 973 F. 3d 903, 904 (11th 1992) and **United States v**

**Barron**, 172 F. 3d 1153 (9th 1999)).

## CONTENTS

|     |     | Page |
| --- | --- | --- |
| I. | Habeas Corpus Jurisdiction Authority | 3 |
| II. | Jurisdiction Authority of United States Courts | 3 |
| III. | History of the Case | 5 |
| IV. | Defendants Habeas Corpus Grounds for Relief | 8 |
| V. | Statement of Facts | 9 |
| VI. | Arguments | 12 |
|     | A.  Sentence Imposed in Violation of the Constitution or a law of the United States Pursuant Thereof | 12 |
|     | B.  Sentence Imposed without Jurisdiction Authority over Defendant | 16 |
|     |    1.  Jurisdiction Authority over Defendant | 18 |
|     |      a)  Personal Jurisdiction | 18 |
|     |      b)  Legislative (Subject-Matter) Jurisdiction | 20 |
|     |      c)  Territorial Jurisdiction | 21 |
|     | C.  The District Court Judgment against Defendant | 26 |
|     | D.  Commerce Nexus | 28 |
|     | E.  Hypothetical Jurisdiction Authority | 29 |
|     | F.  Evidentiary Hearing | 30 |
| VII. | Conclusion | 31 |

I.  HABEAS CORPUS JURISDICTION AUTHORITY

The territorial USDC at Honolulu, Hawaii has jurisdiction authority to vacate, set aside or correct defendant's sentence pursuant to the congressional statutory provisions set out in **Title 28 USC § 2255**.  Defendant was sentenced by this territorial USDC to a term of thirteen (13) years imprisonment on April 22, 2005.  Whether the territorial district court had constitutional or jurisdictional authority to commence this criminal cause of action, adjudicate the matter, or to impose such sentence against defendant, a citizen and inhabitant of a sovereign state of the union, is the subject, and the merits, of defendant's **§2255** writ of habeas corpus motion.  It is also defendant's contention that **§2255** does not limit or restrict a United States court from ruling on constitutional and jurisdictional authority even if the United States sentencing court lacked constitutional and jurisdictional authority over defendant to begin with.

II.        JURISDICTION AUTHORITY OF UNITED STATES COURTS

Article VI of the Constitution makes the Constitution the "Supreme Law of the land", **Cooper v. Aaron**, 358 US 18 (1958) quoting from **Marbury v. Madison**, 1 Cranch 137 (1803).  The U.S. Supreme Court in **Kokkonen v. Guardian Life Ins. Co.**, 511 US 375 (1994), said that "federal courts are courts of limited jurisdiction.  They posses only that power authorized by Constitution and statute, see **Willy v. Coastal Corp.**, 503 US 131 (1992); **Bender v. Williamsport Area School Dist.**, 475 US 534, 541 (1986); which is not to be expanded by judicial decree, **American Fire & Casualty Co. v. Finn**, 341 US 6 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, **Turner v. Pres. Of Bank of North-America**, 4 Dall 8, 11, 1 L. Ed 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, **McNutt v. General Motors Acceptance Corp.**, 298 US 178, 182-183 (1936)".

In **Davis v. Passman**, 442 US 228 (1979), the Supreme Court said that "jurisdiction is a question of whether a Federal Court has the power, under the Constitution or laws of the United

-3-

States, to hear a case". In **Finley v. U.S.**, 490 US 545 (1989), the court said that "it remains rudimentary law that as regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, and an Act of Congress must have supplied it . . ." The court went on to say, referencing, **Mine Workers v Gibbs**, 383 US 715 (1966), "Gibbs, which has come to stand for the principle in question, held that pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim arising under the Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority . . ."

A few years later in **Steel Co v. Citizens for a Better Env.**, 523 US 83 (1998), the court said, "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause". **Exparte v McCardle**, 7 wall 506, 514, 19 L. Ed 264 (1869). Throughout defendant's **§2255** motion and **§2255** memorandum of law, defendant has stressed that the United States has failed to <u>affirmatively</u> file evidence in the court record that defendant violated the Constitution or a law of the United States pursuant thereof --- and --- failed to provide evidence of <u>personal</u>, <u>legislative</u> (subject-matter) and <u>territorial</u> jurisdiction authority over defendant. Jurisdiction is a Constitutional issue! The Supreme Court has addressed and ruled that jurisdiction should <u>affirmatively</u> appear in the record in **Insurance Corp of Ireland v. Compagnie Des Bauxites**, 456 US 694, 702 (1982) as follows:

> "The rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes." **Mansfield, C. + L.M. Ry Co. v. Swan**, 111 US 379 (1884)

The Supreme Court is very clear -- jurisdiction should <u>affirmatively</u> appear in the court record or the court, of its own motion, should deny its own jurisdiction.  The USDC at Honolulu failed to provide such jurisdiction information and failed to require the plaintiff (party invoking the jurisdiction of the court) to provide such jurisdiction information.  This is a clear violation of defendant's due process rights secured by the Constitution.

III.    <u>HISTORY OF THE CASE</u>

This case begins in 1980 for Royal L. Hardy ("Hardy") with an investigation by agents of the Internal Revenue Service Criminal Investigation Division, going back to tax year 1977, relative to issues concerning territorial "Acts of Congress" indentified as:

**Title 26 US 7203 – willful failure to file**

This investigation ended without any charges being brought at that time.

On or about August 16, 1990, Hardy was again subject of a criminal indictment was brought against him in the United States District Court sitting in Honolulu Cr No.7- 90-01466 ACK 01.  The indictment in that case alleged that defendants violated territorial "Acts of Congress" identified as:

**(cts 1)    Title 18 USC 371 - conspiracy to commit offence of laundering monetary instruments (1990);**

**(cts 2-4) Title 18 USC 1956(a)3(A)(B) & (C)(1990) and Title 18 USC 2 - money laundering; (1990);**

**(cts 5-7) Title 31 USC 5324(1) and (3) - evading reporting requirements (89-90)**

After seven days of trial, on September 19, 1992 the jury found Hardy Not Guilty of all charges.

Ten years later on or about April 15, 2002, Hardy while residing on Kama'aina Street, Honolulu, Hawaii was served by a territorial sheriff with an Information by USA alleging that Hardy violated territorial "Acts of Congress" identified as;

**(ct 1)  Title 26 USC 7203 - willful failure to file (1995)**

The United States has no criminal jurisdiction over this Hawaii location (except Article I, Section 8.18, enacting laws addressing counterfeiting, piracy and treason) and there is no evidence that this location was <u>within</u> the Special Maritime Jurisdictional Authority of the

United States as defined in **Title 18, USC § 7.** The Internal Revenue Service agent who recommended criminal prosecution claimed to be operating under the authority of an entity entitled "Department of Treasury". This is clearly not the "United States" Department of Treasury as Title 31 (money making) of the US Code (USC) list all United States Department of Treasury agencies and sub-agencies and the IRS is not one of these listed United States agencies. The United States has never entered evidence in the official court records showing where and how the IRS agents who investigated the case obtained the "police power" authority to function or operate in any sovereign state in the union, at any site or location <u>outside</u> of the areas where the United States has jurisdictional authority as defined by Title 18 USC §7.

After approximately three months, the US on July 11, 2002 issued a superseding indictment (doc # 35) naming Hardy with four other individuals including his wife Ursula A. Supnet, Michael L. Kailing, Fred M. Ortiz, and Terry Leroy Cassity. The superseding indictment brought in the United States District Court sitting in Honolulu alleged that Hardy violated territorial "Acts of Congress" identified as:

**(ct 1)    Title 18 USC §371 - conspiracy to defraud (2000);**

**(cts 2,3) Title 26 USC 7203 – willful failure to file   (1995) (1996)**

The conspiracy to defraud charge alleged to go back to 1985 when it was supposed to have started and continued thereafter.

Three (3) months later on or about November 13, 2002 the US again entered a second superseding indictment against Hardy and the same four other individuals in the U.S. District Court sitting in Honolulu, Hawaii. This second superseding indictment alleged that Hardy violated territorial "Acts of Congress" identified as:

**(ct 1)    Title 18 USC 371 – conspiracy to defraud (2000);**

**(cts 2-5) Title 26 USC 7203 – willful failure to file (1995, 1996, 1997 and 2001)**

During the proceedings in the year 2002, Hardy aggressively sought discovery on the superseding indictment but this was all *denied* on 3/14/2003 (#194).

On April 30, 2004, Hardy filed a MOTION for a Bill of Particulars which was denied on May 24, 2004 (#305). On April 13, 2004, Hardy filed a renewed MOTION for a Bill of Particulars (#336) and also a motion to compel discovery pursuant to Rule 16(a)(#338). On April 13, 2004, Hardy filed a MOTION to dismiss the superseding indictment on account of Pretrial Indictment Delay (#344).

The U.S. District Court sitting in Honolulu on October 7, 2004 *denied* Hardy's renewed MOTION for a Bill of Particulars (#366) and MOTION to compel discovery under Rule 16(a)(#337). Hardy's MOTION to dismiss superseding indictment on account of Pretrial Delay was continued until January 10, 2005.

On October 24, 2004 (#392) the U.S. brought still another superseding indictment against Hardy and the same four other individuals in the U.S. District Court sitting in Honolulu. This third and final superseding indictment again alleged that Hardy violated territorial "Acts of Congress" identified as:

**(cts 1,2)   Title 18 USC 371 – conspiracy to defraud (2000) (2004);**
**(cts 3,4,5) Title 26 USC 7203 – willful failure to file  (1996) (1997) (2001).**

On or about January 7, 2005 the Honorable Judge Susan O. Mollway recused herself (#423) and Judge Edward Rafeedi sitting especially in U.S. District Court sitting in Honolulu was assigned to the case (#425). On or about February 22, 2005, Hardy's final MOTION to dismiss the superseding indictment for Pretrial Delay was denied (#437).

On or about April 25, 2005, the U.S. filed a MOTION IN LIMINE regarding Hardy's intention to introduce evidence of his personal research, supporting court cases and video documentation, and seminar materials which included all of the jurisdictional issues raised in this memorandum concerning the tax charges brought against him by the U.S. (#496). On April 27, 2005, the U.S. AMENDED its first MOTION IN LIMINE (#506) and filed a new MOTION IN LIMINE regarding inadmissible hearsay and lay witness opinion (#507).

On April 27, 2005 (#536), Hardy's MOTION for disclosure or in-camera inspection of government records (#442) was *denied*. On May 4, 2005, the first day of the trial on the merits of this matter, the Court (#436) *granted* the U.S. two MOTIONS IN LIMINE regarding inadmissible hearsay and lay witness opinion testimony relative to defendants' state of mind (#507) and also all of Hardy's personal research, supporting court cases and video

documentation and seminar materials relative to jurisdiction all alleged by the U.S. to be tax protestor evidence (#496,#506).

The trial began on April 4, 2005 in the territorial U.S. District Court in Honolulu and continued for eight days where only <u>facts</u> were presented. The <u>law</u> was not allowed to be argued in the courtroom and when the CJA attorney attempted to bring up the <u>law</u> … the judge became irate and threatened the CJS attorney. When instructing the jury, the Court created his own set of jury instructions which failed to explain the difference between a territorial "Act of Congress" and a constitution "Law of the United States" and which of these constitutional <u>laws</u> have a legislative application to the defendant, citizens of the sovereign state of the union.

The jury, without this knowledge of <u>law</u> and being prevented from seeing the defendant's personal research, supporting court cases and video documentation and seminar materials which included all of the jurisdictional issues raised in this memorandum, on May 13, 2005 found Hardy GUILTY on the <u>facts</u> of violating territorial "Acts of Congress" and his sentencing was set for August 30, 2005. Hardy was sentenced to 13 years imprisonment. On August 31, 2005, the United States' MOTION to revoke defendant Hardy's bail was *allowed* and Hardy was remanded to custody to begin his sentence.

II.     <u>DEFENDANTS HABEAS CORPUS GROUNDS FOR RELIEF</u>

Defendant's following grounds, as presented in defendant's **<u>Title 28 USC § 2255</u>** writ of Habeas Corpus motion, present allegations claiming that defendant's sentence should be vacated or set aside and defendant released from imprisonment upon the grounds that the sentence was imposed in violation of the Constitution and laws of the United States pursuant thereof and that the court was without jurisdiction authority to impose such sentence. Those grounds are:

> <u>Ground One</u> - conviction obtained by the unconstitutional failure of the United States to provide documented evidence <u>affirmatively</u> into the court record of the situs or location that defendant is alleged to have committed a United States criminal offense and evidence that such situs or location was <u>within</u> the jurisdiction authority of the United States.

Ground Two - conviction obtained by the unconstitutional failure of the United States to provide documented evidence affirmatively into the court record proving that defendant violated the Constitution or a law of the United States pursuant thereof.

Ground Three - conviction obtained by the unconstitutional failure of the United States to provide documented evidence affirmatively into the court record of personal, legislative (subject-matter) and territorial jurisdiction authority over defendant, a citizen and inhabitant of a sovereign state of the union.

III.     STATEMENT OF FACTS

The United States alleges in the superseding indictments that defendant violated several territorial "Acts of Congress" identified as **Title 18 USC § 371**, and **Title 26 USC §7203**.  The United States has never affirmatively entered into the official court record, or published in the federal register of the United States, evidence that any of the aforementioned USC statutes have ever been lawfully enacted by Congress as a constitutional Article I § 8.18 "law of the United States" that has legislative application to defendant, a citizen and inhabitant of a sovereign state of the union.  There also is no evidence affirmatively shown in the court record that any alleged United States criminal offense occurred at any situs or location where the United States has jurisdiction authority.  Until the United States provides evidence affirmatively into the court record of the above facts, then defendant's sentence was imposed in violation of the Constitution and laws of the United States pursuant thereof, the court was without jurisdiction authority to impose such sentence, and therefore the court should vacate or set aside defendant's sentence (see **In Re Simon**, 153 F. 3d 991 (9th 1998) and **Foley Bros. v. Filardo**, 336 US 281 (1949)).

The evidence and the facts also show that defendant affirmatively filed his pre-trial evidence into the court record and again with **Judicial Notices** filed pro se under the rules of evidence - Rule 201, which include points and authorities (P/A), and defendant's declaration and affidavit as follows:

Docket No.

731               **Judicial Notice I**
                  Authority, standing and jurisdiction

| | |
|---|---|
| 732 | **Judicial Notice II** |
| 733 | Defendant's declaration |
| 734 | Defendant's affidavit |
| | |
| 735 | **Judicial Notice III** |
| 739 | P/A federal (United States) jurisdiction |
| | |
| 736 | **Judicial Notice VI** |
| 737 | P/A on Act of Congress v. Law of the United States |
| 738 | P/A on United States v. United States of America |
| 740 | P/A on USDC v. DCUS and criminal jurisdiction |
| | |
| 741 | Notice And Demand To Vacate Void Judgment For Lack Of Jurisdiction And For Injunctive Relief From Criminal Fraud |

As of the date of this **§2255** motion, not only has the USDC and the United States failed to address or rebut any of defendant's aforementioned personal research or the recently filed <u>pro se</u> Judicial Notices and points of authority in evidence to the contrary, they have both failed to comply with Supreme Court rulings mandating that once jurisdiction is challenged --- it must be proven. **Hagans v Lavine**, 415 US 528 (1974)

The <u>facts</u> and the record will also reflect that defendant attempted to challenge jurisdiction authority numerous times with <u>motions</u> and <u>briefs</u> that the district court denied. These motions and briefs are as follows:

| <u>Docket No.</u> | |
|---|---|
| 61 | Motion To Dismiss – Ct 1 Superseding Indictment Based On Vindictive Retaliatory Prosecution For 1st Amendment Conduct |
| 62 | Motion To Dismiss – Ct 2 Superseding Indictment Based On Multiplicity |
| 132 | Motion To Dismiss – Ct 1 Superseding Indictment Based Bar For 1st Amendment Conduct and Statute of Limitations |
| 133 | Motion To Dismiss – Superseding Indictment Based On Retaliatory Prosecution For Protected 1st Amendment Conduct |
| 192 | Motion For Reconsideration of Motion To Dismiss – Superseding Indictment Based on Retaliatory Prosecution for Exercise of 1st Amendment Rights or Further discovery |
| 260 | Motion to dismiss – Ct 1 unconstitutional vagueness |
| 288 | Motion for Bill of Particulars - superseding indictment |
| 336 | Renewed Motion for Bill of Particulars - superseding indictment |
| 339 | Motion To Dismiss – Superseding Indictment For Outrageous Government Misconduct and Vindictive Prosecution For Protected 1st Amendment Conduct |

344     Motion to dismiss - pre-indictment delay
443     Motion to dismiss - Ct 1 Superseding Indictment for Failure
        to State an Offense

The USDC failed to rule on any of the above motions and briefs with "find-ings of facts" and "conclusions of law" and also failed to require the United States to address or rebut any of the above motions and briefs with evidence to the contrary.  Every one of the above motions and briefs had constitutional and jurisdictional challenges and issues that the USDC would not or did not want to answer.

The court failed to convey defendant's "proposed jury instructions" to the jury as defendant's proposed jury instructions.  Defendant contends that it is virtually impossible for the jury to apply United States law correctly to any facts of a trial or to understand which United States laws have legislative app-lication to a state of the union citizen unless the court fully informs the jury as to which United States laws have legislative application and which United States laws do not.  THe court failed to inform the jury of such information thereby leaving the jury to think that all United States laws have legislative application to State of the Union citizens.

The facts are, all evidence indicates that the United States court and the United States are operating under the color of law, by applying territorial "Acts of Congress" to a citizen of a sovereign State of the Union, and refusing to ad-dress or provide and while concealing documented evidence of a Constitutional violation or jurisdiction authority over defendant.  The U.S. Supreme Court has ruled on numerous occasions that, "once jurisdiction is challenged, it must be proven" **Hagans v. Lavine**, 415 US 528 (1974); **Main v. Thiboutot**, 448 US 1 (1980). Why then is the prosecution allowed to pass and not required to provide evidence of Constitutional, jurisdictional and statutory authority to bring this "crim-inal" cause of action against defendant?  Why was this exculpatory Constitutional and jurisdictional evidence withheld from the grand jury in order to obtain a superseding indictment?  Do we have a

-11-

1    conspiracy of silence and maybe a little malfeasance of office --- or --- is it as Chief Justice

2    Marshall said in **Cohens v. Virginia**, 6 Wheat 264 (1821), "We [judges] have no more right to

3    decline the exercise of jurisdiction which is given than to usurp that which is not given.  The one

4    or the other would be treason to the Constitution."

5    IV.      ARGUMENT

6         The facts are all in.  Those facts, and the evidence that have been filed affirmatively into

7    the court record, show that the United States has failed to provide evidence that defendant has

8    violated the Constitution or a law of the United States pursuant thereof.  Those same facts show

9    that the United States has failed to provide evidence of personal, legislative (subject-matter) and

10   territorial jurisdiction authority over defendant, a citizen and inhabitant of a sovereign state of

11   the union.

12        The facts also show that defendant has affirmatively filed into the court record evidence

13   that proves the United States and the USDC were in error to commence this criminal cause of

14   action against defendant as they both lacked constitutional and jurisdictional authority over

15   defendant.  The facts again show that neither the United States nor the USDC has rebutted

16   defendant's personal jurisdictional evidence with facts or law to the contrary.

17   A.      SENTENCE IMPOSED IN VIOLATION OF THE CONSTITUTION
             OR A LAW OF THE UNITED STATES PURSUANT THEREOF
18
19        The only police power or criminal authority the United States (federal government) has

20   against a citizen of a sovereign State of the Union, for an alleged offense committed outside of

21   the territorial authority of the United States identified at **Title 18 USC § 7**, is when such citizen

22   violates the Constitution or a law of the United States pursuant thereof.  Congress is the only

23   legislative branch of the United States government authorized by the Constitution to lawfully

24   pass, or enact into law, a law of the United States that has "criminal" legislative application to a

25

1   citizen of a sovereign State of the Union.  The Constitution gives and restricts Congress to this

2   punishment type of authority at <u>Article I § 8.18</u>.

3       The Constitution presently limits this <u>Article I § 8.18</u> authority to laws effecting

4   counterfeiting, piracy and treason.  For a short period of time from 1920 through 1933 the

5   Constitution was amended, and two thirds of the sovereign States of the Union ratified this

6   amendment, to give the United States constitutional police power criminal authority over

7   intoxicating liquors (Amendment XVIII of the Constitution).  At present, there has been no

8   constitutional amendment, or any other Constitutional law that would require ratification by the

9   sovereign States of the Union, that gives Congress or the United States authority in a sovereign

10  State of the Union over any criminal offense other than --- counterfeiting, piracy and treason.

11  These <u>Article I § 8.18</u> laws of the United States are the only "criminal" laws that the United

12  States has statutory authority to apply or enforce against a citizen of a sovereign State of the

13  Union (see defendant's Judicial Notice IV with P/A on Act of Congress v. Law of the United

14  States (docket no. 736 - 737)).

15      The Constitution also gives Congress the authority to exercise exclusive legislation, or

16  have dictator type authority, over the laws that apply to the territories of the United States under

17  <u>Article I § 8.17</u> authority.  This <u>Article I § 8.17</u> authority allows Congress to pass and enact

18  criminal "Acts of Congress" that only have application in the District of Columbia, territories of

19  the United States, or any other location where the United States has police power authority.

20  These criminal "Acts of Congress" include murder, drugs, conspiracy, firearms, and other

21  criminal penal code or statutes that would normally be passed by a government body that has

22  dictator or exclusive legislation authority over the land and the citizens of that land.  These

23  <u>Article I § 8.17</u> territorial "Acts of Congress" have no <u>legislative</u> application in a sovereign State

24  of the Union or to a citizen of that State of the Union.  To do so would make such application

25  <u>legislatively unconstitutional</u>.  A sovereign State of the Union is just that --- Sovereign --- and

1  has total police power authority to pass and enact its own state criminal laws that have

2  application to its own citizens --- except for Constitutional laws of the United States effecting ---

3  counterfeiting, piracy and treason.

4      As to the present case, defendant is alleged to have violated some provision of **Title 18**

5  **USC §371 and Title 26 USC § 7203**.  All of these United States codes are territorial "Act of

6  Congress" and have no <u>legislative</u> or <u>constitutional</u> application to defendant unless there is

7  documented evidence provided by the United States that such USC statutory violation occurred

8  <u>within</u> or <u>on</u> (situs or location) an area where the United States has territorial jurisdiction

9  authority.  There is no evidence in the record of any situs or location where any alleged United

10  States criminal offense occurred or whether such non-identified situs or location was <u>within</u> the

11  territorial jurisdiction authority of the United States (see **U.S. v Benson**, 495 F. 2d 475 (5th

12  1974)).

13      As of the present date, the only land or areas where Congress has given the United States

14  such statutory authority is identified at **Title 18 USC § 7**, "Special Maritime and Territory

15  Jurisdiction of the United States defined."  Even over the land or areas identified and defined at

16  **Title 18 USC § 7**, the United States must further comply with the congressional reporting

17  requirements of **Title 40 USC § 3112** (formally **Title 40 USC § 255**) to claim jurisdiction

18  authority over any land or area in a sovereign state of the union.  As to the present case, there is

19  no evidence in the court record of such situs or location --- or of such required congressional

20  reporting requirements.

21      Again in the present case, the United States has never provided documented evidence that

22  the "United States", "United States of America (plaintiff)", or any of the agents of either of these

23  entities, has USC statutory authority to <u>execute</u> a United States arrest or search warrant or to

24  function or operate in an official capacity in a sovereign state of the union <u>outside</u> of the areas

25  Congress has identified at **Title 18 USC § 7**.  The United States has also failed to provide

1   documented evidence that defendant has violated a USC statute **Title 18 USC §371  and Title**

2   **26 USC § 7203** that has not been lawfully enacated as an <u>Article I § 8.18</u> law of the United States

3   that has <u>legislative</u> application to defendant.

4        Congress can not give or delegate authority if Congress had no such authority to begin

5   with.  The United States government and the United States district court cannot claim

6   constitutional authority over a citizen of a sovereign State of the Union unless they can provide

7   evidence that the Constitution gave Congress such authority.  If the Constitution gave Congress

8   such authority then Congress would have to enact such statutory law as an <u>Article I § 8.18</u> law of

9   the United States that has legislative application to such citizen.  There is no evidence in the

10  court record or the United States federal register that Congress performed such an

11  unconstitutional act.  Additionally, as the U.S. Supreme Court stated in **Marbury v. Madison**, 5

12  US 147 (1803), "any act repugnant to the Constitution is null and void."  The United States

13  district courts application of a territorial "Act of Congress" (**Title 18 USC §371 and Title 26**

14  **USC § 7203** to defendant is <u>repugnant to the Constitution</u> --- and should be ruled <u>null and void</u>.

15       Therefore, until the United States can provide documented evidence <u>affirmatively</u> into the

16  court record that defendant violated the Constitution or a law of the United States pursuant

17  thereof, the United States is considered to be operating under the "color of law" and the sentence

18  imposed by the USDC at Honolulu against defendant on August 30, 2005 is a clear violation of

19  the Constitution and laws of the United States pursuant thereof and should be vacated or set

20  aside.

21       B.          <u>SENTENCE IMPOSED WITHOUT JURISDICTION</u>
                     <u>AUTHORITY OVER DEFENDANT</u>
22

23       Defendant is not a slave!  Defendant is a citizen and inhabitant of the sovereign State of

     Hawaii.  Defendant has no written, verbal or moral contract with the United States that would
24
     subject defendant to the authority of the United States government.  Defendant is not licensed
25

and does not operate in interstate commerce.  Defendant has not received official notice from any State of the Union that defendant has violated any civil or criminal provision of any interstate commerce law (see Article I § 8.3 and section D of this Memorandum of Law as to who Congress has authority to regulate in interstate commerce matters).

Defendant respects the Constitution of the United States for the United States of America (1787) and understands that it gives the United States punishment (criminal) authority over offenses of counterfeiting, piracy and treason.  That authority, as to citizens of states of the union, is limited to offenses of counterfeiting, piracy and treason and does not apply to any other criminal offense that is committed within any sovereign State of the Union.  The Constitution gives Congress the authority to make such punishment laws under Article I § 8.18 authority. These "special punishment" constitutional laws are enacted as "Laws of the United States" and have legislative application to a citizen of a State of the Union.  All other Congressional legislation and Congressional laws are territorial and have no application to a citizen and inhabitant of a sovereign State of the Union unless a contrary intent appears.  At present, all the alleged USC Statutes claimed to be violated in this matter show no evidence of any contrary intent other than territorial.  This territorial issue is clearly addressed in the Circuit Courts and U.S. Supreme Court in cases such as, **In Re Simon**, 153 F. 3d 991 (9th 1998), **U.S. v. Gatlin**, 216 F. 3d 207 (2nd 2000), **Commodity Futures Trading Commission v. Nahas**, 738 F. 2d 487 (D.C. 1984) and **Foley Bros. v. Filardo**, 336 US 281 (1949).

Congress has not enacted any laws, be it Article I § 8.18 "Laws of the United States" or Article I § 8.17 Territorial "Acts of Congress", that have violated this Constitutional requirement (see **Title 28 USC § 1366** as to at least three (3) of the different laws, each with their own authority, that Congress passes into law).  Yet the territorial United States courts are attempting to apply territorial Acts of Congress to citizens of sovereign States of the Union when the court has no Constitutional or statutory authority to do so.  Jurisdiction is a Constitutional issue and the

attempt to apply territorial "Acts of Congress" to defendant makes such act "legislatively" unconstitutional. The court may have subject-matter authority by an "Act of Congress" but it does not have constitutional or statutory authority to legislatively apply such subject-matter to a citizen and inhabitant of a sovereign state of the union.

Both the United States district court and the United States are claiming personal and "criminal" jurisdiction authority over defendant, a citizen and inhabitant of the sovereign State of Hawaii. Yet both parties have failed to identify the Constitutional or statutory authority that gives the United States government authority to commence a "criminal" cause of action against defendant fronting the fictional geographical area known as the "United States of America" as the plaintiff (see defendant's P/A on U.S. vs. U.S.A. (docket no. 736 - 738). Congress has never enacted such a statute! If there is such a statute then let the United States district court or the United States government enter it into the official court record.

Congress again clearly identifies where the United States and all United States agencies have territorial jurisdiction authority at **Title 18 USC § 7**. For example, Congress has even seen fit to give back to California all criminal authority that the United States has over "Indian country" in California at **Title 18 USC § 1162**. Of course Congress had such criminal authority over the "Indian country" in California so Congress could give it back to California. Congress has no such criminal authority over any of the land or areas within the State of California or any other State in the Union except for areas identified at **Title 18 USC § 7**. Congress did the same thing in the State of Kansas by giving back to Kansas both civil and criminal jurisdiction authority over "Indian country" at **Title 18 USC § 3243**. It is interesting to note in the last paragraph of **§3243** that after giving back civil and criminal jurisdiction authority Congress still retained for "the courts of the United States jurisdiction over offenses defined by the laws of the United States committed by or against Indians or Indian reservations." Under the preponderance of the evidence standard, this would be those Constitutional Article I § 8.18 "laws of the United

States" affecting - - - counterfeiting, piracy and treason.  Congress seems to be very clear in the text of the USC statutes as to who and what authority is granted.

Besides the issue that both the United States district court and the United States government seem to have violated the Constitution and laws of the United States in their legislative application of territorial "Acts of Congress" to defendant, it is now apparent that neither the United States district court or the United States government want to identify the USC statute or other lawful authority that gives either of them <u>personal</u>, <u>legislative</u> (subject-matter) or <u>territorial</u> jurisdiction authority over defendant.  Just where did this United States district court, or the United States government, get their authority, and why when challenged --- do they refuse to answer?

1.                        JURISDICTION AUTHORITY OVER DEFENDANT

The United States government has failed to provide documented evidence of <u>personal</u>, <u>legislative</u> (subject-matter) and <u>territorial</u> jurisdiction authority over defendant.  Evidence of these three (3) jurisdiction issues should have been addressed and ruled on before the USDC sentenced defendant in this matter - - - not after.  These three (3) jurisdiction issues are <u>exculpatory</u> evidence that the United States government withheld from the grand jury in order to obtain the superseding indictment and from the jury in order to secure the defendant's conviction.  These three (3) jurisdiction issues are addressed again with numerous United States court rulings as follows:

a)  <u>PERSONAL JURISDICTION</u>

Defendant's **Judicial Notice II** filed <u>affirmatively</u> into the court record (# 732) contains defendant's declaration (#733)  and affidavit (# 734), signed under penalty of perjury, which provides the court certified evidence that neither the United States district court nor the United States had or has personal jurisdiction over defendant.

1    Defendant is a citizen and inhabitant of the sovereign State of Hawaii and has at no time

2    knowingly, willfully, voluntarily or intentionally entered into a written or unwritten contract or

3    agreement that waives any of his unalienable rights as secured by the Constitution or the Bill of

4    Rights.  From the date and time of being served the Information, defendant at <u>no</u> time was

5    advised by the United States court, counsel or any law enforcement agency that he would be

6    waiving any of his unalienable rights.  Defendant was never presented "adequate notice" by the

7    serving party, on the Information or in the Grand Jury subsequent superseding indictments that

8    provided any evidence of jurisdiction authority over defendant.  What is even more important is

9    there has been no documented evidence entered affirmatively into the court record that defendant

10   violated the <u>Constitution</u> or a <u>law of the United States</u> pursuant thereof which is the <u>only</u> lawful

11   way the United States can obtain <u>personal</u> jurisdiction authority over defendant, a citizen and

12   inhabitant of the sovereign State of Hawaii.

13   The United States territorial district court has a responsibility and duty to require the

14   United States to provide all requested jurisdictional evidence at the start of the case and at any

15   subsequent request.  This is supported by a United States district court in Michigan in **Sterling**

16   **Industries Corp. v. Telephone, Inc.**, 484 F. Supp 1294 (1980), where the court said, "when a

17   defendant challenges personal jurisdiction, the plaintiff has the burden of proving by a

18   preponderance of the evidence that the court has jurisdiction over the defendant . . .  to meet this

19   burden, the plaintiff is obligated to come forward with facts, by affidavit or otherwise, in support

20   of personal jurisdiction."

21   As of the filing date of defendant's **§2255** motion, there has been no documented

22   evidence entered into the United States district court record by the United States of <u>personal</u>

23   jurisdiction authority over defendant.  Not Constitutional jurisdiction authority or any other

24   lawful jurisdiction authority.

25

1    Defendant at all times was led to believe that this proceeding was being adjudicated in a

2   Congressional ordained Constitutional Article III District Court with <u>judicial power</u> authority

3   and presided over by an Article III judge.  In a Constitutional Article III court it is the judge's

4   judicial responsibility, which is supported by the judge's constitutional oath of office, to <u>sua</u>

5   <u>sponte</u> question jurisdiction authority or order the United States to provide documented evidence

6   of jurisdiction authority.  The nature of this act itself is a function that should normally be

7   performed by a Constitutional Article III judge adjudicating a matter in an Article III district

8   court.  As the Ninth Circuit said in **Rankin v. Howard**, 633 F. 2d 844 (1980), "acts taken in the

9   absence of personal jurisdiction do not fall within the scope of legitimate decision making that

10  judicial immunity is designed to protect."  See **Gregory v. Thompson**, 500 F. 2d 59, 63 (9th

11  1974).

12    Defendant again states, there has been no documented evidence submitted into the

13  official court record by either the United States district court or the United States of <u>personal</u>

14  jurisdiction authority over defendant.

15    b)   <u>LEGISLATIVE (SUBJECT-MATTER) JURISDICTION</u>

16    Subject matter jurisdiction must be qualified in two steps by this United States court in

17  order to determine if this United States court has legislative (subject-matter) jurisdiction over

18  defendant.  Defendant's **Judicial Notice VI** filed <u>affirmatively</u> into the court record (# 736 - 737)

19  contains Points and Authorities on "Act of Congress vs. Law of the United States" which

20  reviews these two (2) different United States laws in detail.  The two steps this court or the

21  United States must address and answer in order to prove <u>legislative</u> (subject-matter) jurisdiction

22  authority over defendant is:

23  <u>Step One</u> – Identify the alleged criminal United States statutory offense (in this case **Title 18**

24  **USC §371 and Title 26 USC § 7203** as either a Congressional enacted territorial "Act of

25

Congress" (Article I § 8.17) or a "Law of the United States" (Article I § 8.18) that the United States district court is relying on to claim statutory authority to adjudicate such subject matter. <u>Step Two</u> – Legislatively, the United States district court can <u>only</u> apply U.S.C. statutory law to a citizen of the State of Hawaii that was lawfully enacted as a "Law of the United States," under Article I § 8.18 authority. <u>Legislatively</u> the United States district court has <u>no</u> subject matter jurisdiction authority over a State of the Union citizen if it is attempting to apply a territorial "Act of Congress" to that State of the Union citizen.

Defendant states again, under the preponderance of the evidence standard - - - all the alleged statutory violations of this matter are territorial "Acts of Congress" and have <u>no</u> lawful constitutional <u>legislative</u> application to defendant, a citizen and inhabitant of a sovereign state of the union. If defendant is in error, then judicial responsibility requires the United States to provide documented evidence that the USC that defendant is alleged to have violated (**Title 18 USC §371, and Title 26 USC § 7203** has been lawfully enacted into a "law of the United States" that has <u>legislative</u> application to defendant.

   c)  TERRITORIAL JURISDICTION

This matter was brought against a citizen and inhabitant of the sovereign State of Hawaii in a United States district court that should be operating under the statutory requirements of the Constitution of the United States for the United States of America (see **Kokkonen v. Guardian Life Ins. Co.**, 511 US 375 (1994)). In order to establish that a United States district court is the proper forum for this matter, the court and/or the plaintiff must provide evidence that the "situs" of any alleged offense, as per **United States v. Benson**, 495 F. 2d 475 (5th 1974), is located within the territorial jurisdictional authority of the United States, as defined and identified at **Title 18 USC § 7**. If the alleged offense <u>did</u> <u>not</u> occur within the territorial jurisdictional authority of the United States, then the <u>only</u> way the United States court and/or the United States can adjudicate this matter in a United States district court and claim jurisdictional authority over

1  defendant is to provide evidence that the United States district court is an ordained Article III

2  Constitutional Court with <u>judicial</u> <u>power</u> authority being adjudicated over by a Article III

3  Constitutional judge who is only applying law arising under the Constitution and laws of the

4  United States pursuant thereof (see defendant's P/A on USDC v. DCUS filed under **Judicial**

5  **Notice IV** (docket no. 736-740).

6       There is <u>no</u> statutory evidence in the record that the United States has territorial

7  jurisdiction authority in any sovereign state of the union other than what Congress granted at

8  **Title 18 USC § 7**.  There is no evidence in the record that defendant committed an alleged

9  United States criminal offense at any situs or location in a sovereign state of the union, or at any

10  other location, where the United States has jurisdiction authority.  There is <u>no</u> USC Statute

11  granting <u>authority</u> in the area or boundaries the USDC at Honolulu claims as the "<u>District of</u>

12  <u>Hawaii</u>" except for those areas identified at **Title 18 USC § 7**.  There is no evidence in the record

13  identifying a situs or location <u>within</u> the <u>District of Hawaii</u> where defendant is alleged to have

14  committed a United States criminal offense that is in compliance with Congressional territorial

15  jurisdiction reporting requirements of **Title 40 USC § 3112** (formally **Title 40 USC § 255**).

16       The Ninth Circuit addressed this territorial statutory jurisdiction authority in the case of

17  **In Re Simon**, 153 F. 3d 991, 995 (1998), where the court stated, "The legislation of Congress,

18  unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the

19  United States."  **Foley Bros. v. Filardo**, 336 US 285 (1949).  As to the present case, <u>no contrary</u>

20  <u>intent appears</u> in the Congressional wording of **Title 18 USC §371 and Title 26 USC § 7203**.

21  Therefore, all of the identified United States statutes are presumed to be territorial "Acts of

22  Congress" which have no legislative application to defendant.  The U.S. Supreme Court agrees

23  with this territorial view as addressed in **Caha v. United States**, 152 US 211 (1894), where the

24  court ruled, "the laws of Congress in respect to those matters do not extend into the territorial

25

1    limits of the states, but have force only in the District of Columbia, and other places that are

2    within the exclusive jurisdiction of the national government."

3            Defendant will rely on the above cases and USC Statutes as the preponderance of the

4    evidence standard that all of the United States Code (USC), including Title 18 – criminal law,

5    and Title 26 – income tax, are "Acts of Congress", only have territorial application, and any

6    claim to the contrary will shift the burden of proof to the United States court or the United States

7    (party invoking jurisdiction).  As the Tenth Circuit said in, **Basso v. Utah Power and Light Co.,**

8    495 F. 2d 906 (1974), "The party invoking the jurisdiction of the court has the duty to establish

9    that federal jurisdiction does exist."  In the present case, the party invoking jurisdiction of the

10   court is the United States government and the plaintiff (United States of America), and as of the

11   filing date of this **§2255** Habeas Corpus motion, neither has provided documented evidence of

12   United States constitutional or jurisdictional authority over defendant to support this alleged

13   criminal cause of action.

14           Defendant's Points and Authorities on federal (United States) jurisdiction authority filed

15   affirmatively into the court record under defendant's **Judicial Notice III** (docket no. 735-739),

16   covers the subject of federal (United States) jurisdiction authority for the past 200 years and is

17   supported by over 150 United States court cases (case law).  These Points and Authorities clearly

18   point out that the United States (federal government) virtually has no "criminal" jurisdiction

19   authority in any sovereign State of the Union except in or on land that the state has "ceded"

20   (gives up) such jurisdiction authority to the United States and then only over land where the

21   United States has complied with Congressional reporting requirements of **Title 40 USC § 3112**

22   (formerly **Title 40 USC § 255**).  At present, the United States is limited and restricted to the

23   property and areas Congress has identified at **Title 18 USC § 7**, titled, "Special Maritime and

24   Territorial Jurisdiction of the United States".  Any claim to jurisdiction authority beyond that

25   identified at **Title 18 USC § 7** is clearly a usurpation of authority, a violation of the Constitution

and the Bill of Rights (specifically the 9th and 10th amendment), and malfeasance of office by the United States officer or agent attempting to apply such authority.

Territorial jurisdiction authority over an offense prosecuted in a United States court was also addressed in a petition for habeas corpus, **Bowen v. Johnson**, 306 US 19 (1939), where the Ninth Circuit had denied the petition but the Supreme Court reversed it and ruled;

> "No jurisdiction existed in United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been filed in behalf of United States as provided in Title 40 USC § 255, and fact that state authorized government to take jurisdiction was immaterial." **Adams v. United States**, 319 US 312 (1943)

A similar territorial jurisdictional fact is pointed out in a fairly new case where the United States has jurisdiction over a Veterans Medical Center and used two full pages in the decision to defend this position in **U.S. v. Gilbert**, 94 F. Supp. 2d 157 (D. Mass 2000) where the United States court said, "An element of each offense is that it occurred "within the special maritime and territorial jurisdiction of the United States."  The decision continues by printing part of **Title 18 USC § 7** and goes on to address the Constitutional authority of Article I § 8.17, which "permits the United States to obtain exclusive jurisdiction over lands within a state".  The court cites, **Humble Pipeline Co. v. Waggonner**, 376 US 369, 371 (1964), and continues by stating, "Under Article I § 8.17, it is well settled that the United States acquires exclusive jurisdiction when the land [is] ceded to it with consent of the state", and further continues, "Absent consent by the state, the United States does not take jurisdiction over property.  Instead, it is simply an ordinary proprietor of the property."

Another very recent case is **United States v. Grant**, 318 F. Supp. 2d 1042 (D. Mont. 2004).  Here the chief judge clearly shows judicial responsibility and rules how, when, and in what manner the United States can obtain jurisdiction authority over state lands by following the congressional requirements of **Title 40 USC § 3112**.  The chief judge relied on the landmark case of **Adams v. United States**, 319 US 312 (1943), where the Supreme Court held that the federal court had no criminal jurisdiction over a rape committed at a military camp because the

1  federal government had not accepted jurisdiction as required under the predecessor to **§3112**,

2  **Title 40 USC § 255**.

3      The United States district court at all times in the present case seems to have ignored case

4  law such as **U.S. v. Benson**, 495 F. 2d 475 (5th 1974), where the court stated, "It is axiomatic that

5  the prosecution must always prove territorial jurisdiction over a crime in order to sustain a

6  conviction therefore", and continued by stating, "One element of proof required of the

7  prosecution is to establish the situs where [the crime was] committed and show that such situs

8  was within the jurisdiction of the United States".

9      In the present case, the United States has failed to identify the "situs" of any alleged

10  United States offense or to identify any USC statute giving the United States jurisdiction

11  authority over any "situs" or location in the area the court calls the "District of Hawaii". **Title 28**

12  **USC § 128** clearly <u>identifies</u> the area called the district of Hawaii, but it conveys no authority to

13  the United States court or any other United States agency to function or operate in an official

14  capacity in the district of Hawaii. Therefore, unless the United States can produce documented

15  evidence to the contrary, the United States has no jurisdiction authority to function or operate in

16  an official capacity in the district of Hawaii except on land and areas identified at **Title 18 USC**

17  **§ 7**.

18      Territorial jurisdiction authority is a major constitutional issue. Why then has the United

19  States district court Article III judge failed or refused to require the United States to identify the

20  situs or location of any alleged USC statutory offense committed by defendant? Why has the

21  judge failed or refused to require the United States to identify the USC statute or other lawful

22  authority that gives the United States jurisdiction authority to function or operate in an official

23  capacity anywhere in a sovereign state of the union outside the areas that Congress has identified

24  at **Title 18 USC § 7**? These are issues that should have been challenged "<u>sua sponte</u>" by the

25  United States judge when the information or indictment was first presented to the court. The

answers to these questions presents a clear case of withholding exculpatory evidence that should have been presented to the grand jury by the United States in order to obtain an information or superseding indictment against defendant -- a clear violation of defendant's constitutional due process rights.

C.  THE DISTRICT COURT JUDGMENT AGAINST DEFENDANT

The Supreme Court said in **Insurance Corp. v. Compagnie des Bauxites**, 456 US 694 (1982), that, "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties, **Stoll v Gottlieb**, 305 US 165 (1938).

The Ninth Circuit in **Rankin v. Howard**, 633 F. 2d 844 (1980) stated that, "An absence of personal jurisdiction may be said to destroy "all jurisdiction" because the requirements of subject matter and personal jurisdiction are conjunctional.  Both must be met before a court has authority to adjudicate the rights of parties to a dispute."  The court continued later by saying, "If a court lacks jurisdiction over a party, then it lacks "all jurisdiction" to adjudicate that party's rights, whether or not the subject matter is properly before it".  See **Kulko v Superior Court**, 436 US 84, 91 (1978).

The Ninth Circuit in **Jones v. Giles**, 741 F. 2d 245 (1984), stated, "Absence of subject matter jurisdiction may render a judgment void where a court wrongfully extends its jurisdiction beyond the scope of its authority".  **Kansas City So. R/R v. Great Lakes Carbon**, 624 F. 2d 822 (8th 1980), citing **Stoll v Gottlieb**, 305 US 165, 171 (1938).

Defendant's **§2255** Habeas Corpus motion is being filed because the evidence shows that neither the USDC at Honolulu or the United States has ever filed evidence affirmatively into the court record that defendant violated the Constitution or a law of the United States pursuant thereto, or evidence of personal, legislative (subject-matter) and territorial jurisdiction authority over defendant.  Defendant's Judicial Notices filed affirmatively into the court record provides proof, beyond a reasonable doubt, that defendant did not violate the Constitution or a law of the

1  United States pursuant thereof and also proof that neither the USDC at Honolulu or the United

2  States has jurisdiction authority over defendant.  The USDC at Honolulu has never rebutted

3  defendant's personal research on income tax and jurisdiction evidence to the contrary or required

4  the United States to rebut defendant's evidence to the contrary.

5      Defendant's personal research, documentary and video records, and seminar materials

6  filed as evidence but limited by the court are very clear. By sentencing defendant to a term of

7  imprisonment based on a PSI that did not plainly provide evidence of constitutional or

8  jurisdictional authority over defendant resulted in a sentence imposed that was not authorized by

9  law (see **U.S. v. Barron**, 172 F. 3d 1153 (9th 1999)).  Defendant's evidence affirmatively filed in

10  the court record shows that the court based its sentence on improper information (see **Farrow v.**

11  **U.S.**, 580 F. 2d 1339, 1359 (9th 1978)) and it's an accepted fact that a sentence predicated on

12  material false information denies due process (see **Jones v. U.S.**, 783 F. 2d 1477, 1480 (9th

13  1986)).

14      The courts have previously ruled that a prisoner may attack his sentence pursuant to **Title**

15  **28 USC § 2255** on the ground that the sentence was imposed in violation of the Constitution or

16  Laws of the United States (see **Skukwit v. U.S.**, 973 F. 2d 903 (11th 1992)).  The courts have

17  also ruled that F.R.Cr.P. Rule 35 authorizes the correction at any time of an illegal sentence and

18  not to re-examine errors occurring at the trial or other proceedings prior to the imposition of

19  sentence (see **Hill v. U.S.**, 368 US 425 (1962)).

20      The Ninth Circuit in **Chambers v. U.S.**, 22 F. 3d 939 (1994) stated that, "Constitutional

21  claims may be raised in collateral proceedings even if the defendant failed to pursue them on

22  appeal."  Defendant's **§2255** motion presents to this USDC at Honolulu both a constitutional and

23  jurisdictional claim as jurisdiction, or lack of jurisdiction, is a Constitutional claim.

24      Defendant does not contend that any of the United States codes **Title 18 USC §371 and**

25  **Title 26 USC § 7203** which defendant was sentenced under are unconstitutional as the evidence

shows they were enacted by Congress as territorial "Acts of Congress" (see **In Re Simon**, 153 F. 3d 991 (9th 1998) and F.R.Cr.P. Rule 54(c) prior to 2002). Defendant <u>does</u> contend that all of the United States codes which defendant was sentenced under became <u>legislatively unconstitutional</u> when the United States applied them to defendant who is a citizen and inhabitant of a sovereign state of the union and not a territorial citizen of the United States where such U.S.C. has <u>legislative</u> application.

**Title 18 USC §371 and Title 26 USC § 7203**, that the courts claimed to be subject matter authority to adjudicate this criminal matter and sentence defendant, has no lawful application to defendant as all of these United States codes are territorial "Acts of Congress" and have never been enacted into law as a constitutional <u>Article I § 8.18</u> Law of the United States. There also is no evidence in the record that defendant committed any alleged United States criminal offense at any situs or location where **Title 18 USC §371, and Title 26 USC § 7203** can be lawfully <u>legislatively</u> applied.

Defendant's **§2255** motion is therefore requesting that this USDC at Honolulu provide, or require the United States to provide, documented evidence of constitutional and jurisdictional authority over defendant - - - or - - - vacate or set-aside the judgment and release defendant from imprisonment for lack of constitutional and/or jurisdictional authority over defendant.

D.                                    COMMERCE NEXUS

The <u>Commerce Clause</u> in the Constitution at <u>Article I § 8.3</u> gives Congress the authority "<u>to regulate commerce with foreign nations, among the several States, and with the Indian Tribes.</u>" Foreign nations, several states and Indian tribes are accepted as a ruling governing body - - it is not seen as a <u>person</u> or <u>people</u>. The Constitution gives no authority to Congress or the United States to regulate commerce with or among the <u>people</u>. Congress has never enacted a Constitutional <u>Article I § 8.18</u> "Law of the United States" statute applying the commerce clause to the <u>people</u>, citizens and inhabitants of the several States. Congress has no Constitutional

-28-

authority to pass such a law and if it did, it would be <u>legislatively</u> unconstitutional.  But yes, Congress does have authority under its exclusive territorial authority at <u>Article I § 8.17</u> to enact laws that regulate commerce in territorial "Acts of Congress" that affect or apply to the <u>people</u>, citizens and inhabitants of the District of Columbia, or any other situs or location identified in **Title 18 USC § 7** where the United States has jurisdiction authority.  If the United States courts claim that they have the authority to regulate the <u>people</u> of a sovereign state of the union, or that there is a criminal nexus or jurisdictional nexus due to the commerce clause - - - the courts are in error!  There is no constitutional provision or Congressional statute giving the United States courts such authority.  The constitutional or jurisdictional challenge of this **Title 28 USC § 2255** motion to vacate or set aside defendant's sentence - - - has no nexus to commerce.

E.                              <u>HYPOTHETICAL JURISDICTION AUTHORITY</u>

As unbelievable as it may sound, several of the appellate courts have deemed it proper to proceed immediately to the merits, or <u>facts</u> question, despite objections and challenges as to <u>lawful</u> jurisdiction authority.  This has resulted in a practice which was characterized as assuming jurisdiction for the purpose of deciding the merits --- called the "doctrine of hypothetical jurisdiction" (see **U.S. v. Troescher**, 99 F. 3d 933 (9th 1996)).

The U.S. Supreme Court in **Steel Co. v. Citizens for a Better Environment**, 523 US 83, 94 (1998) addressed this unbelievable concept where it stated, "we decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers."  The court continued in the same paragraph with, "without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." **Ex Parte McCardle**, 7 Wall. 506, 514 (1868).  The Supreme Court continued further with, "the requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the

-29-

1    United States and is inflexible and without exception" **Mansfield, C. + L.M.R. Co. v. Swan**,

2    111 US 379, 382 (1884).

3    It is defendant's contention that the failure of the USDC at Honolulu to <u>sua sponte</u>

4    require that the plaintiff (party invoking jurisdiction of the court) provide documented evidence

5    <u>affirmatively</u> into the court record of constitutional and jurisdictional authority over defendant

6    has cause the court to be operating under the doctrine of hypothetical jurisdiction authority -- or -

7    - as a repulsive good ole "star chamber" court of days gone by.

8    F.                        <u>EVIDENTIARY HEARING</u>

9
10   Defendant's personal research, documentary and video records, and seminar materials as

11   well as his recent Judicial Notices filed <u>affirmatively</u> into the court record and now pending

12   proves that defendant did not violate the Constitution or a law of the United States pursuant

13   thereof.  Defendant's evidence also shows that the United States has never provided evidence

     into the court record of <u>personal</u>, <u>legislative</u> (subject-matter) and <u>territorial</u> jurisdiction authority

14   over defendant.  The court record will also show that the USDC at Honolulu has failed to

15   conduct an evidentiary hearing on any of defendant's Bill Of Particulars seeking to set up a

16   challenge of the constitutional and jurisdiction authority or when it granted the United States

17   Motion In Limine thereby limiting the defendant's personal research, documentary and video

18   records and seminar materials also challenging constitutional and jurisdictional authority -- or --

19   conduct an evidentiary hearing requiring the United States to submit evidence affirmatively into

20   the court record of constitutional and jurisdictional authority over defendant.  <u>Therefore</u>,

21   defendant has alleged facts that, if proven, would entitle defendant to habeas corpus relief and an

22   <u>evidentiary hearing</u> should be conducted to allow the party invoking the jurisdiction of the court

23   (plaintiff) to provide <u>documented</u> evidence of constitutional and jurisdictional authority over

24   defendant (see **Earp v Stokes**, 423 F. 3d 1024 (9th 2005) and **Townsend v. Sain**, 372 US 293

25   (1963)).

1   IV.   CONCLUSION

2          The court record shows that the United States has failed to provide documented evidence

3   affirmatively into the court record of constitutional or jurisdictional authority over defendant, a

4   citizen and inhabitant of the sovereign State of Hawaii and therefore the sentence imposed was

5   not authorized by law (see **United States v. Barron**, 172 F. 3d 1153 (9th 1999)).  The court

6   record also shows that the United States has failed to identify the situs or location of any alleged

7   United States criminal offense and whether such situs or location was within the territorial

8   jurisdiction authority of the United States.  Defendant's personal research, documentary and

9   video records and seminar materials and also the Judicial Notices now pending before the court

10  challenging constitutional and jurisdictional authority evidence filed affirmatively into the court

11  record shows that both the USDC at Honolulu and the United States are lacking in personal (no

12  constitutional violation), legislative subject matter (no violation of an Article I § 8.18 law of the

13  United States) and territorial (no United States offense committed within the territorial

14  jurisdiction authority of the United States) jurisdiction authority over defendant.  Therefore, the

15  United States district court at Honolulu has unlawfully imposed a sentence against defendant that

16  was not authorized by law - - - not Constitutional law or United States statutory law.  A sentence

17  based on material false information, such as lack of constitutional or jurisdiction authority,

18  denies defendant of due process rights secured by the Constitution (see **Jones v. U.S.**, 783 F. 2d

19  1477 (9th 1986)).

20         Defendant has further presented in this memorandum of law --- documented facts and

21  evidence, supported by points and authorities and a certified affidavit and declaration, which

22  proves that both the United States court and the United States are in violation of Constitutional

23  law, jurisdictional law, and Congressional statutory law.  These facts and evidence have never

24  been rebutted to the contrary by either the United States court or the United States.  If defendant

25  is in error in his presentation of these facts and evidence then judicial responsibility mandates

1   that the United States court or the United States rebut defendant's facts and evidence with

2   documented and/or certified facts and evidence to the contrary.  As Supreme Court Justice

3   Marshall said in **Marbury v. Madison**, 5 US (2 Cranch) 137 (1802), "it is emphatically, the

4   province and duty of the judicial department to say what the law is."  Which to an American

5   means, if the United States is operating on some other law or authority that only the United

6   States knows about --- it's time to enter such authority into evidence to justify and explain to

7   America what appears to be treasonous activities.  Jurisdiction is a Constitutional issue, and this

8   matter requires a jurisdiction review "de novo" on all jurisdiction issues.

9          Defendant's evidence is conclusive.  Based on the foregoing arguments and authorities,

10  the USDC at Honolulu sentenced defendant to a term of imprisonment without ever providing

11  documented evidence of constitutional or jurisdictional authority over defendant.  Defendant

12  therefore requests this USDC at Honolulu to either vacate or set aside the sentence/judgment that

13  the USDC at Honolulu issued against defendant --- or --- grant defendant an evidentiary hearing

14  where the United States will be required to present documented evidence that defendant violated

15  the Constitution or a law of the United States pursuant thereof and provide documented evidence

16  of personal, legislative (subject-matter) and territorial jurisdiction authority over defendant, a

17  citizen and inhabitant of the sovereign State of Hawaii.

18         Defendant is aware of the Congressional wording of **Title 28 USC § 2255** stating that

19  after the **§2255** motion is filed,

20         "The court shall cause notice thereof to be served upon the United States Attorney, grant
           a prompt hearing thereon, determine the issues and make findings of fact and conclusions
21         of law with respect thereto.  If the court finds that the judgment was rendered without
           jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to
22         collateral attack, or that there has been such a denial or infringement of the Constitutional
           Rights of the prisoner as to render the judgment vulnerable to collateral attack, the court
23         shall vacate and set the judgment aside and shall discharge the prisoner ---"

24         Based on the foregoing arguments and authorities, defendant requests that defendant's
25  **§2255** motion usurps the attention and displaces the calendar of the judge who entertains it and

1   receives prompt action from him within the four corners of the application (**Ruby v. U.S.**, 314 F.

2   2d 585, 587 (9th 1965)).  This should also mean that if the court does not immediately vacate or

3   set aside the judgment against defendant based on the evidence presently filed <u>affirmatively</u> into

4   the court record, a <u>prompt hearing</u> should be scheduled within thirty (30) days to allow the

5   United States to provide <u>documented</u> and <u>certified</u> evidence of <u>personal</u>, <u>legislative</u> (subject-

6   matter) and <u>territorial</u> jurisdiction authority over defendant plus evidence of any provision of the

7   Constitution or law of the United States pursuant thereof that defendant is alleged to have

8   violated.  If the court needs additional time beyond a "prompt hearing" of thirty (30) days, then

9   defendant requests that the court notify defendant of the need for additional time as well as

10  <u>provide a date</u> when defendant's **§2255** Habeas Corpus motion will be promptly ruled on with

11  findings of fact and conclusions of law.

12  Executed this ___29___ day of _____May_____, 2008

13

14  Respectfully Submitted,

15

16  _Royal L. Hardy_

17  Royal L. Hardy
    Defendant/Movant

18

19

20

21

22

23

24

25

<u>CERTIFICATE OF SERVICE</u>

I, _Royal Hardy_, the defendant in this action, do hereby certify that
on this date I served a copy of the foregoing:

DEFENDANTS - - <u>DEFENDANTS</u> MEMORANDUMOF LAW IN SUPPORT OF
HABEAS CORPUS MOTION TO VACATE OR SET ASIDE SENTENCE PURSUANT TO
TITLE <u>**28 USC §2255**</u>

By placing same in the United States mail, first class, at _FDI_
_Allen Unit #2  Oak Dale,  La  71463_

addressed to the following:

    U.S. Attorney's Office
    300 Ala Moana Blvd., Rm 100
    Honolulu, HI 96850

    Attorney for Plaintiff

    I certify under penalty of perjury, that the foregoing is true and correct. Executed this
_29_ day of _May_, 2008.

_Royal L Hardy_
Defendant