ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 27 2008

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

HONOLULU DIVISION

UNITED STATES OF AMERICA

plaintiff

VERSUS

Royal L. Hardy

defendant

Docket No: CR-02-00133 HG BMK-01

CV-08-00265 HG BMK

---

## APPLICATION FOR BOND PENDING HABEAS CORPUS RELIEF

---

**TO THE HONORABLE JUDGE OF SAID COURT**

**COMES NOW,** Defendant/Petitioner Royal Lamarr Hardy Pro-Se appearing without counsel, and in want of counsel and hearby and herewith submits this action for bond pending Habeas Corpus Relief. Royal L. Hardy (" hereinafter petitioner") asks for favorable light as the petitioner is not skilled or trained in the law and does  not have the necessary resources on par with those that will be responding to this action. For cause, the petitioner would show the court as follows:

### APPLICAPABLE LAW
### 1

Title 18 U.S.C. 3142(b) creates a two prong test for determining when a person should be released on bond pending any post conviction relief. In order to grant a bond pending Habeas Corpus Relief, the District Court must find:

(1) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or community if released under section 3142(b) and (c) of this title; and

(2) That the appeal is not for the purpose of delay and raises a substantial question of law of fact likely to result in:

(I) Reversal

(II) An order for a new trial;

(III) A sentence that does not include a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b)(c) of this title, except that in circumstances described in subparagraph (b)(IV) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

## 2

18 U.S.C. 3142(b): The legislative history of this statute reflects that " the purpose of the 1984 Bail Act is to reverse the presumption in favor of bail, but not to deny entirely to person who appeal their conviction" Thomas W. Cushing, raising substantial question: **The key to unlocking the door under the 1984 Bail Reform Act,** 62 Notre Dame L. Rev 192, 204, n.3 (1988) (citing Senate Reports) see **United States V. Bilanzich,** 771 F.2d 292, 298 (7th Cir 1985).

## 3

It should be emphasized that requirement:(1) no likelihood of flight or or danger to the community, must be shown by clear and convincing evidence, requirement; and (2) must only be shown under ordinary preponderance of the evidence standard. **United states V. Affleck,** 765 F.2d 944, 93 n. 15 (10th Cir 1985 ).

4

Since the petitioner is entitled to relief, his personal research, documentary records, video evidence, section 2255, timely filed and judicial notices (Doc 1 - 10 ) filed affirmatively into the court records shows that unconstitutional wrongs and the sentencing courts lacked the jurisdiction, and this bond should be granted.

**Petitioner will neither flee nor pose a danger to the community if granted bond pending Habeas Corpus Review.**

5

Petitioner satisfies the first prong of section 3142(b) under subsection (c)(1)(b), the court must find by clear and convincing evidence that Mr. Hardy is not a flight risk, nor a danger to the community if released on bond pending Habeas Corpus Review. Mr. Hardy has a well documented history of abiding by any and all conditions of bail.**[Emphasis Added]** Any action filed for bond on behalf of the petitioner was always allowed by this court. Since his incarceration he has been held as a low-out custody prisoner, and is presently being housed at the Federal Correctional Complex (FCI OAKDALE) in Oakdale, Louisiana. He has substantial community support for which these individuals are willing to place signature bonds if necessary.

**Petitioner's bond is not for purpose of delay  and raises substantial question of law and fact which, if decided in petitioner's favor, are likely to result in a reversal, a new trial, or reduction in defendant's sentence.**

6

The second prong of section 3142(b) is also met. As evidence form the  weight of the issues to be addressed in his Haveas Corpus action and again is not to be taken for the purpose of delay.

### 7

This circuit has emphasized that under title 18 U.S.C. 3142(b)'s framework, a defendant who is not a danger of flight risk and does not intend delay must satisfy two elements. see **Shoffner,** 791 F.2d 588; and **Bilazich** 771 at 298. First, the petitioner must show that his appeal(**this instant case at bar writ habeas corpus)** presents a substantial issue... if it presents a "close question or one that could be decided the other way". See **United States V. Eaken,** 955 F.2d 749, 741 (7th Cir 1993).

### 8

In matter of legal determination "we cannot define blanket catagories for what will constitute substantial question" and Therefore, whether a particular question is "substantial" must be determined on a case by case basis. **Affleck** at 954. In **United States V. Swanquist,** 125 F.3d 573, 575-76 (7th Cir 1997).

> "Rule 9(a) of the Federal Rules of Appellate procedure unambigously requires that the district court "must" provide a statement of "reasons" for a decision regarding release, either in writing or orally on record. Although the standard for what suffices as a statement of reasons are not subject to rigid definition, we believe that a statement of reasons encompasses more than a recitation of statutory language followed by nothing more than a conclusory statement that the applicapable factors have **(or have not)** been met."

### ARGUMENT

A. Defect and Irregularities in Accusatory Pleadings

### 9

It has been held that relief by Habeas Corpus against a judgement that rests on a defective indictment or affidavit is available, but only in those cases where the defendant is sufficient to render the judgement void.

See, **Stephenson V. Daly,** 200 Ind. 196, 158 N.E. 289 (1927); **Breeding
V. Swenson,** 240 Minn. 93, 60 N.W. 2d 4  (1953); **State V Shrader,** 73 Neb.
618, 103 N.W. 276 (1905); **Counsel V. Smyth,**  201 Va. 135 S.E. 2d 109 S.E.
116 (1959).

The petitioner has before the court a Writ of Habeas Corpus addressing
the constitutional and jurisdictional matters of his indictment and
conviction. The information is so defective, that the convicting court
had no jurisdiction. [**Emphasis added**]  **Uresti V. Lynaught,**  821 F.2d
1099 (5th Cir. 1987); **DeBenedictis V. Wainwright,** 517 F.2 Supp. 1033
( S.D. Fla 1981), Judgement Aff'd, 674 F.2d 841 (11th Cir.1982).

## REMEDY AND RELIEF

In this application for bond it is important to understand a violation
of constitutional right by the government deprives any court of jurisdiction
and nullifies,or voids and judgement and entitles the victim to immediate
and unconditional release from the custody, expungent of "Criminal" record
and any further relief which is deemed lawful and due.

Dated this ____ day of June 2008. C.E.

Respectfully Submitted

Royal Lamarr Hardy
83346-022
Post Office Box 5000
Oakdale, Louisiana 71463