EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

CLARE CONNORS        #7936
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  Clare.Connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 08-00265 HG/BMK |
| | ) | CR. NO. 02-00133 HG/BMK |
| Plaintiff, | ) | |
| | ) | UNITED STATES' MEMORANDUM |
| vs. | ) | IN OPPOSITION TO DEFENDANT |
| | ) | ROYAL L. HARDY'S MOTION |
| ROYAL L. HARDY, | ) | TO VACATE, SET ASIDE OR |
| | ) | CORRECT SENTENCE BY A PERSON |
| Defendant. | ) | IN FEDERAL CUSTODY UNDER |
| | ) | 28 U.S.S. § 2255; TABLE OF |
| | ) | CONTENTS; TABLE OF |
| | ) | AUTHORITIES; CERTIFICATE OF |
| | ) | SERVICE; EXHIBITS 1-6 |

UNITED STATES' MEMORANDUM
IN OPPOSITION TO DEFENDANT ROYAL L. HARDY'S
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255

TABLE OF CONTENTS

TABLE OF AUTHORITIES

CERTIFICATE OF SERVICE

EXHIBITS 1-6

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii-iii

I.   PROCEDURAL HISTORY  . . . . . . . . . . . . . . . . . . . 1

II.  DISCUSSION  . . . . . . . . . . . . . . . . . . . . . . . 3

     A.   Hardy Fails to Assert a Specific Factual
          Allegation and Presents Only Frivolous
          Legal Arguments   . . . . . . . . . . . . . . . . . 4

     B.   Hardy's Failure to Pursue His Claims in
          the District Court and on Direct Appeal
          Constitutes A Waiver and Bars Review
          in a § 2255 Motion . . . . . . . . . . . . . . . . 5

     C.   The Second Superseding Indictment Properly Alleged
          Federal Criminal Offenses and Conferred Federal
          Jurisdiction Over Hardy's Prosecution   . . . . . . 9

III.      CONCLUSION  . . . . . . . . . . . . . . . . . . 16

i

## TABLE OF AUTHORITIES

CASES                                                                    PAGE(s)

De La Maza v. United States, 215 F.2d 138
    (9th Cir. 1954) . . . . . . . . . . . . . . . . . . . . 15

Jones v. Barnes, 463 U.S. 745 (1983) . . . . . . . . . . . . 7

Shah v. United States, 878 F.2d 1156 (9th Cir. 1989) . . . . . 4

Shraiar v. United States, 736 F.2d 817
    (1st Cir. 1984) . . . . . . . . . . . . . . . . . . . . 4

Strickland v. Washington, 466 U.S. 668 (1984) . . . . . . . . 7

United States v. Collins, 920 F.2d 619 (10th Cir. 1990) . 11, 14

United States v. Condo, 741 F.2d 238 (9th Cir. 1985) . . . . 10

United States v. Cooper, 170 F.3d 691 (7th Cir. 1999) . . . . 12

United States v. Delgado-Garcia, 374 F.3d 1337
    (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . 14

United States v. Donn, 661 F.2d 820 (9th Cir. 1981) . . . . . 6

United States v. Gerads, 999 F.2d 1255 (8th Cir. 1993) . . . 12

United States v. Grewal, 825 F.2d 220 (9th Cir. 1987) . . . . 6

United States v. Hilgeford, 7 F.3d 1340 (7th Cir. 1993) . . . 12

United States v. Jagim, 978 F.2d 1032 (9th Cir. 1992) . . . . 11

United States v. Johnson, 988 F.2d 941 (9th Cir. 1993) . . . . 6

United States v. Lampley, 127 F.3d 1231 (10th Cir. 1997) . . 15

United States v. Morton, 467 U.S. 822 (1984) . . . . . . . . 14

United States v. Mundt, 29 F.3d 233 (6th Cir. 1994) . . . . . 12

United States v. Price, 798 F.2d 111 (5th Cir. 1986) . . . . 12

United States v. Przybyla, 737 F.2d 828 (9th Cir. 1984) . . . 14

United States v. Quan, 789 F.2d 711
    (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . 4

CASES                                                              PAGE(s)

United States v. Ratigan, 351 F.3d 957 (9th Cir. 2003) . . . 14

United States v. Schaflander, 743 F.2d 714
    (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . 4

United States v. Sileven, 985 F.2d 962 (8th Cir. 1993) . . . 12

United States v. Sloan, 939 F.2d 499 (7th Cir. 1991) . . . . 12

United States v. Winter, 509 F.2d 975 (5th Cir. 1975) . . . . . 9


    STATUTES and RULES

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . 9, 14

18 U.S.C. § 3232 . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 371 . . . . . . . . . . . . . . . . . . . . 1, 14

26 U.S.C. § 3121(e) . . . . . . . . . . . . . . . . . . 10

26 U.S.C. § 7201 . . . . . . . . . . . . . . . . . . . . 15

26 U.S.C. § 7203 . . . . . . . . . . . . . . . . . . . 1, 14

26 U.S.C. § 7701(a)(9) . . . . . . . . . . . . . . . . . 10

26 U.S.C. § 7701(c) . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . 1-7, 16

Rule 18, Fed.R.Crim.P. . . . . . . . . . . . . . . . . . 15

UNITED STATES' MEMORANDUM
IN OPPOSITION TO DEFENDANT ROYAL L. HARDY'S
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255

The United States of America, through its undersigned attorneys, hereby submits this Memorandum in Opposition to Defendant Royal L. Hardy's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255.

## I.  PROCEDURAL HISTORY

On October 28, 2004, a grand jury sitting in the District of Hawaii, returned a five-count Second Superseding Indictment charging Royal Lamarr Hardy, Ursula A. Supnet, Michael L. Kailing, Fred M. Ortiz, and Terry Leroy Cassidy with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; charging Hardy and Supnet with one count of conspiracy to defraud the United States in the ascertainment, computation, assessment and collection of their own individual income taxes, in violation of 18 U.S.C. § 371; and charging Hardy with three counts of willfully failing to file individual income tax returns, in violation of 26 U.S.C. § 7203. See Exhibit 1.

On May 13, 2005, following an eight-day jury trial, defendants were convicted on all counts.  On August 29, 2005, Kailing and Ortiz were each sentenced to thirty-six months of imprisonment and three years of supervised release.  On August

1

30, 2005, Supnet was sentenced to five years of imprisonment and three years of supervised release.  Hardy was also sentenced on August 30, 2005, to 156 months of imprisonment and three years of supervised release.  Both Supnet and Hardy were ordered to pay restitution of $197,555 to the IRS.  On August 31, 2005, Cassidy was sentenced to five years of imprisonment and three years of supervised release.

The five defendants jointly appealed the judgments of conviction entered against them by the United States District Court for the District of Hawaii (C.A. Nos. 05-10641, 05-10663, 05-10664, 05-10722, 05-10723.)  On May 31, 2007, the Ninth Circuit Court filed and entered its judgment affirming the judgment of the district court as to each of the defendants.

On May 30, 2008, Hardy filed various judicial notices, declarations, affidavits, points and authorities, and a demand to vacate his judgment for lack of jurisdiction.  (Court Docket Nos. 731 to 741).  The Court ordered Hardy to clarify whether the filings were to be construed collectively as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, and noted that his Notice and Demand appeared to be based on inapplicable civil procedure statutes.  (Court Docket No. 745).

On June 4, 2008, Hardy filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence and memorandum of law in support of his motion.  For purposes of this

2

opposition pleading, the various judicial notices, declarations, affidavits, and points and authorities filed on May 30, 2008, will be construed collectively as part of his 2255 motion.[1]

## II. DISCUSSION

In his numerous court filings, Hardy raises a series of frivolous arguments concerning the Court's jurisdiction, as well as the constitutionality of his conviction and sentence. The United States has identified the following arguments:

1)  Hardy is not, and has never been, a citizen of the United States, but rather is a citizen of the sovereign State of Hawaii;

2)  No statute confers federal criminal jurisdiction over Hardy because he is a citizen of the sovereign State of Hawaii;

3)  Hardy is in custody pursuant to a violation of a territorial "Act of Congress" and not for a violation of the "Laws of the United States";

4)  The record lacks evidence of the location of Hardy's alleged federal criminal offenses and the United States failed to provide evidence of its jurisdictional authority over the location of Hardy's alleged criminal offenses;

5)  The Second Superseding Indictment failed to provide evidence of jurisdictional authority over him and the indictment should have been dismissed for lack of jurisdiction.

For the reasons discussed below, the arguments set forth in Hardy's 2255 motion should be denied.

_____

[1] On June 27, 2008, Hardy moved to strike his Notice and Demand. (Court Docket No. 756). For this reason, the United States does not address this filing in its response.

3

A.    Hardy Fails to Assert a Specific Factual
Allegation and Presents Only Frivolous Legal
Arguments

As an initial matter, Hardy fails to present a specific factual allegation that would warrant an evidentiary hearing on this petition.  Section 2255 provides that a court shall hold an evidentiary hearing on a prisoner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The Ninth Circuit has held that the standard for an evidentiary hearing is whether the prisoner has made specific factual allegations, which if true, state a claim on which relief can be granted.  United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1985).  Merely conclusory statements in a Section 2255 motion are insufficient to require a hearing.  Id. at 721.

Moreover, the allegations need not be accepted as true to the extent they are contradicted by the record in the case.  United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984).  In addition, a hearing is not required where the movant's allegations, when viewed against the records of the case, either fail to state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989); United States v. Schaflander, 743 F.2d at 717; United States v. Quan, 789 F.2d at 715.

4

In his 2255 motion, Hardy claims that his petition
contains factual issues concerning evidence in the record.  See
Motion, 2-3.  However, as is clear from the matters asserted,
Hardy's arguments are entirely legal, focusing primarily upon
jurisdiction and the constitutionality of the laws pursuant to
which he was prosecuted.  Motion, 5.  Hardy's attempt to re-
characterize his present set of arguments as factual in nature
fails; they are nothing more than frivolous legal arguments
bearing the imprimatur of the tax protestor movement.  For this
reason, they warrant no hearing by this Court.

> B.    Hardy's Failure to Pursue His Claims in
>       the District Court and on Direct Appeal
>       Constitutes A Waiver and Bars Review
>       in a § 2255 Motion

Not only is a hearing on this petition not warranted,
the Court need not reach the merits of Hardy's claims because he
either conceded these issues or did not object to them during the
underlying proceedings.  Hardy claims that he asserted these
issues "in several pre-trial Bill of Particulars," noting that
all motions he filed through his attorneys were denied.  Motion,
4.  Indeed, a review of the docket, as well as the appellate
record, reveals the extensive number of pre-trial motions filed
by Hardy and his co-defendants through their respective counsel.
All of these motions were heard by the district court, reviewed
on their merits, and resolved favorably to the United States.  To
the extent that Hardy's present legal arguments were not included

in these pre-trial motions, he is procedurally barred from pursuing these claims in a Section 2255 motion.

Claims brought under a Section 2255 motion are waived when a defendant fails to avail himself of an opportunity to raise the claims at the district court level or on direct appeal. See United States v. Grewal, 825 F.2d 220 (9th Cir. 1987); United States v. Donn, 661 F.2d 820, 824 (9th Cir. 1981); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

A review of the motions for bill of particulars filed in this case, as well as the various motions to dismiss the indictment, demonstrates that Hardy did not raise these matters during the underlying proceedings.  He asserts that he had discussed the matters set forth in this petition with his attorney and that the attorney refused to present them.  Motion, 5.  Clearly, his attorney recognized these issues for what they are: frivolous assertions without any legal merit.  Instead, she filed numerous other motions on his behalf, all of which were addressed properly and thoroughly by the district court.

To the extent Hardy argues that these claims were not raised during the district court and appellate proceedings because his CJA-appointed attorney refused his request to do so, the law is well-settled that defense counsel does not have a constitutional duty to raise every issue requested by a

6

defendant, even if such issue has potential merit.[2]  Jones v.
Barnes, 463 U.S. 745, 754 (1983).  Counsel does not provide
ineffective assistance by declining to raise an issue that would
have been unsuccessful, even if the defendant specifically
requested that the issue be raised.  Id. at 751.  If the Court
deems Hardy's statement to be a claim that his counsel rendered
ineffective assistance for not including arguments in his appeal
brief, Hardy nonetheless has failed to demonstrate that his
counsel's performance was deficient and that he was prejudiced by
his counsel's alleged ineffectiveness.

        In Strickland v. Washington, 466 U.S. 668 (1984), the
Supreme Court established a two-prong test for evaluating claims
of ineffective assistance of counsel:  first, defendant must
show, considering all the circumstances, that counsel's
performance fell below an objective standard of reasonableness.
Id. at 687.  Second, the defendant must affirmatively prove
prejudice.  Id.  To show that counsel's performance fell below an
objective standard of reasonableness, the defendant must identify
the acts or omissions of counsel alleged to have been the result
of unreasonable professional judgment.  Id. At 690.  The Court
must then determine whether in light of all the circumstances,

---

[2]Hardy does not explicitly state that his counsel rendered
ineffective assistance as a ground for his 2255 motion.  However,
out of an abundance of caution, the United States will address
the issue.

the identified acts or omissions were outside the wide range of
professionally competent assistance. Id. In making that
determination, counsel is strongly presumed to have rendered
adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment. Id.

Even if the Court finds that counsel's performance was
deficient, relief cannot be granted absent a showing of
prejudice. To affirmatively prove prejudice, the defendant must
show that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding
would have been different. Id. at 694. To demonstrate
ineffective assistance of counsel, the defendant must satisfy
both prongs of the test. Id. at 697.

In light of this case law, Hardy has a very heavy
burden to bear, as "[i]t is all too tempting for a defendant to
second-guess counsel's assistance after a conviction or adverse
sentence, and all too easy for a court, examining counsel's
defense after it has proved unsuccessful, to conclude that a
particular act or omission of counsel was unreasonable." Id. at
689. Based on both Hardy's cursory assertions as to this issue,
as well as the frivolous substance of the claims he argues his
counsel should have raised on his behalf, Hardy has failed to
meet the heavy burden of demonstrating that his claims were not
raised because his counsel acted ineffectively. In any event, he

8

has failed to show that he was prejudiced by his counsel's

alleged ineffectiveness.   It is clear that the conduct of his

counsel was neither deficient nor prejudicial to his defense.[3]

      C.   The Second Superseding Indictment Properly Alleged
           Federal Criminal Offenses and Conferred Federal
           Jurisdiction Over Hardy's Prosecution

      Although Hardy's motion and all of his supporting

filings should be denied because the arguments contained therein

have been waived, if the Court nonetheless wishes to consider the

merits of Hardy's claims, they should be denied in accordance

---

    [3]  Hardy's co-defendant, Terry Leroy Cassidy, did raise
jurisdictional claims in the underlying proceedings.  (Court
Docket Nos. 390, 427-429, 445-448).  Cassidy argued *pro se* that
the United States District Court was the wrong court for a
"citizen of the several states party to the Constitution."  <u>Id.</u>
On February 22, 2005, and then again on May 4, 2005, the district
court held a hearing on Cassidy's various motions, and ruled that
contrary to Cassidy's assertions, the district court has
exclusive jurisdiction to prosecute federal crimes pursuant to 18
U.S.C. § 3231.  The court cited to <u>United States v. Winter</u>, 509
F.2d 975 (5th Cir. 1975), and stated:

> [A]s Mr. Cassidy is charged with conspiracy
> to defraud the United States Government
> caselaw clearly establishes the District
> Courts have jurisdiction over conspiracy and
> all those proved to be conspiracies if the
> conspiracy is designed to have criminal
> effects within the United States.  And if
> there is a sufficient proof that at least one
> of the conspirators committed an overt act in
> furtherance of the conspiracy within the
> territorial jurisdiction of the United
> States.

The district court concluded that Cassidy's motion to dismiss was
frivolous.  <u>See</u> Exhibit 2; <u>see</u> <u>also</u> Court Docket Nos. 437 and
536.

with well-established law.  Hardy's filings contain frivolous legal assertions and therefore have no merit.

In the pleadings filed in this collateral proceeding, Hardy contends that he has never been a citizen of the United States and is not associated with the United States of America. Instead, he declares that he is a citizen of the sovereign State of Hawaii such that the laws of the United States, as opposed to acts of Congress, apply to him.  This argument appears to be based on an erroneous interpretation of 26 U.S.C. § 3121(e), which states: "The term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa.  The term 'United States' when used in a geographical sense includes the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa."  26 U.S.C. § 3121 (e)(1), (2).  According to Hardy, the United States only has jurisdiction over the District of Columbia, federal enclaves, territories, and possessions of the United States.

This argument is contrary to law and has been rejected by federal courts.  See 26 U.S.C. §§ 7701(a)(9) ("The term 'United States' when used in a geographical sense includes only the States and the District of Columbia") and 7701(c) ("The term 'includes' . . . when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined"); see also United States

v. Condo, 741 F.2d 238, 239 (9th Cir. 1985) (finding that the word "includes" is one of expansion, not limitation); United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (revoking *pro hac vice* admission of counsel who advanced the "hackneyed tax protestor refrain that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories").

Hardy's assertion that he is "not a citizen" also directly contradicts the Fourteenth Amendment, which states "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside." Hawaii is part of the United States, see Hawaii Statehood Admissions Act, Pub. L. No. 86-3, 73 Stat 4 (1959), and thus its citizens are subject to the laws of the United States.[4]

All variations of Hardy's citizenship argument as applied in the context of criminal tax prosecutions have been rejected by the courts. See United States v. Jagim, 978 F.2d 1032, 1036 (9th Cir. 1992) (rejecting "imaginative" argument that defendant cannot be punished under the tax laws of the United States because he is a citizen of the "Republic" of Idaho

---

[4]Hardy did not contest his United States citizenship during the underlying proceedings. During his direct examination, he did not testify that he was born anywhere other than in the United States, stating specifically that in 1976, at the age of 20, he moved to the state of Hawaii. See Exhibit 3.

11

currently claiming "asylum" in the "Republic" of Colorado);

United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) (finding

the argument that a district court lacks jurisdiction over a

Michigan resident "completely without merit and patently

frivolous"); United States v. Cooper, 170 F.3d 691 (7th Cir.

1999) (imposing sanctions on tax protester defendant for making

frivolous argument that only residents of Washington, D.C. and

other federal enclaves are citizens of United States and subject

to federal tax laws); United States v. Hilgeford, 7 F.3d 1340,

1342 (7th Cir. 1993) (rejecting "shop worn" argument that

defendant is a citizen of the "Indiana State Republic" and

therefore an alien beyond the jurisdictional reach of the federal

courts); United States v. Gerads, 999 F.2d 1255, 1256-57 (8th

Cir. 1993) (imposing a $1,500 sanction for frivolous appeal based

on argument that defendants were not citizens of the United

States but instead "Free Citizens of the Republic of Minnesota"

not subject to taxation); United States v. Sileven, 985 F.2d 962,

970 (8th Cir. 1993) (rejecting as "plainly frivolous" defendant's

argument that he is not a "federal citizen"); United States v.

Sloan, 939 F.2d 499, 500-01 (7th Cir. 1991) (rejecting the

argument that defendant is not subject to jurisdiction of the

laws of the United States because he is a "freeborn natural

individual" citizen of the State of Indiana); United States v.

12

Price, 798 F.2d 111, 113 (5th Cir. 1986) (citizens of the State of Texas are subject to the Internal Revenue Code).

In addition to the legal defects in Hardy's position, the record undermines his claim. At the outset of this case, Hardy filed numerous pleadings under Misc. No. 99-151. He attached to these pleadings a verification stating that he was a United States citizen and a citizen of the State of Hawaii. A sample of his signed verification is attached hereto as Exhibit 4. Moreover, Hardy unequivocally recognized the jurisdiction of the United States District Court to handle his case. See Exhibit 5. Having been convicted and sentenced, however, it appears that Hardy wishes now to renounce his United States citizenship so as to attack the jurisdiction of the United States District Court, as well as the Second Superseding Indictment and the judgment against him. In light of the extensive case law discussed above, Hardy's claims are without merit.

Hardy also argues that he was improperly convicted of violating of a territorial Act of Congress, rather than a law of the United States. He argues that the United States brought its case in a territorial legislative United States District Court, and that no statute gives the United States District Court criminal jurisdiction over him.

This argument ignores bedrock principles of federal law. It is well established that "[s]ubject matter jurisdiction

13

defines a court's authority to hear a particular type of case." United States v. Morton, 467 U.S. 822, 827 (1984).  Under Article III of the Constitution, the judicial power of the United States is "vested . . . in such inferior Courts as Congress may from time to time establish."  United States v. Delgado-Garcia, 374 F.3d 1337 (D.C. Cir. 2004), quoting U.S. Const. Art. III, § 2. Congress gave the district courts "original jurisdiction . . . of all offenses against the United States."  18 U.S.C. § 3231.

To confer subject matter jurisdiction upon the district court, an indictment merely must allege the commission of an offense against the United States.  See United States v. Ratigan, 351 F.3d 957, 963 (9th Cir. 2003).

In this case, the Second Superseding Indictment properly alleged that Hardy committed federal offenses within the District of Hawaii, to wit:  one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; one count of conspiracy to defraud the United States in the ascertainment, computation, assessment and collection of his individual income taxes, in violation of 18 U.S.C. § 371; and three counts of willfully failing to file individual income tax returns, in violation of 26 U.S.C. § 7203.  See Exhibit 1.  All of these counts clearly defined offenses against the laws of the United States, and thereby conferred jurisdiction upon the United States District Court for the District of Hawaii.  United States v. Przybyla, 737 F.2d 828, 829 (9th Cir. 1984); Collins, 920 F.2d at

14

629 ("it defies credulity to argue that the district court lacked jurisdiction to adjudicate" a 26 U.S.C. § 7201 action).

Hardy further claims that the court record lacked evidence of the location of Hardy's alleged offenses against the United States. Accordingly, he asserts that the United States and the United States District Court failed to provide evidence of their jurisdictional authority over the location of his offenses against the United States. Because the Second Superseding Indictment failed to provide evidence of jurisdiction authority over him, Hardy argues that the indictment should have been dismissed for lack of jurisdiction.

Since the Second Superseding Indictment alleged, and the evidence at trial established that Hardy committed five federal offenses within the District of Hawaii, the United States met its burden of proving jurisdiction. De La Maza v. United States, 215 F.2d 138, 140 (9th Cir. 1954) ("[A]fter an offense under the laws of the United States was set forth and returned in the indictment, the district court had jurisdiction of both the subject matter and the persons of defendants[.]"); United States v. Lampley, 127 F.3d 1231, 1245-46 (10th Cir. 1997). Venue was also appropriate in the District of Hawaii under 18 U.S.C. § 3232 and Rule 18 of the Federal Rules of Criminal Procedure.[5]

---

[5]In addition, the evidence presented at trial confirmed that both jurisdiction and venue lay in the District of Hawaii. At various times during his direct and cross examination testimony, Hardy discussed the extensive tax protestor organization he founded and operated in Honolulu, Hawaii, as well as the Hawaii

III.    CONCLUSION

As discussed, all arguments raised by Hardy are wholly lacking in merit and have been found by numerous courts to be patently frivolous.  For these reasons, the allegations in Hardy's 2255 motion fail to state a claim upon which relief can be granted and his 2255 motion should be denied without a hearing.

DATED:  July 7, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By
CLARE CONNORS
Assistant U.S. Attorney

---

banks he utilized to commit the Title 18 offense.  See Exhibit 6 (excerpts of testimony).

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following, by first class mail, as set forth below:

Royal Lamarr Hardy
83346-022
FCI Oakdale
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA 71463
PRO SE

DATED: July 7, 2008, at Honolulu, Hawaii.

17