```
 1                    UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF HAWAII
 2
     UNITED STATES OF AMERICA,    )   Case No. CR 02-00133SOM-BMK
 3                                )
                    Plaintiff,    )   Honolulu, Hawaii
 4                                )   February 22, 2005
              v.                  )   10:14 a.m.
 5   ROYAL LAMARR HARDY aka ROYALE)
     LAMARR SOUNET, URSULA A.     )         COPY
 6   SUPNET aka URSULA ANN BOUNET,)
     MICHAEL L. KAILING, FRED M.  )
 7   ORTIZ, TERRY LEROY CASSIDY aka)
     SHAWN "SHAWN MICHAELS," aka  )
 8   LEROY TERRY "LEROY TERRY     )
     HEFLEY,"                     )
 9                                )
                    Defendants.   )
10   _____)

11
              TRANSCRIPT OF DEFENDANTS' MOTIONS TO DISMISS
12               BEFORE THE HONORABLE EDWARD RAFEEDIE
                    UNITED STATES DISTRICT JUDGE.
13




19   Transcriber:              Jessica B. Cahill
                               P.O. Box 1652
20                             Wailuku, Maui, Hawaii 96793
                               Telephone: (808)244-0776
21



23   Proceedings recorded by electronic sound recording, transcript
     produced by transcription service.
```

EXHIBIT 2

1  had no duty to present evidence before they -- that is to -- to
2  present the evidence before the Grand Jury. Accordingly, there
3  is no such need that requires disclosure of the Grand Jury
4  transcripts at this time. Of course, when the matter approaches
5  trial any witness who is testifying in the trial and who has
6  also testified to the Grand Jury will -- those transcripts will
7  be made available to the defendants.
8      Now we have the next motion, which is based on the
9  statute of limitations, and this is Mr. Cassidy moving to
10 dismiss the indictment, arguing that his prosecution under 18
11 U.S.C. 380 -- 71, that's the conspiracy statute, violates the
12 five year statute of limitations, which is found in 18 U.S.C
13 3282.
14     Mr. Cassidy's argument fails for two reasons. First,
15 because this is a tax prosecution and the relevant statute of
16 limitations is six years, under 26 U.S.C 6531. Second, the
17 indictment alleges that Mr. Cassidy participated in a conspiracy
18 to defraud the United States and as such the statute of
19 limitations does not begin to run until the last overt act of
20 the conspiracy. That is -- see the -- the case of United States
21 versus Koonin, which establishes that when computing the time --
22 I'm quoting now. "When computing the time within which a
23 prosecution for conspiracy must commence the clock starts the
24 day after the last overt act is committed."
25     The Government filed this indictment on July 11th,

```
 1   2002, and, therefore, must prove that the latest overt act in
 2   furtherance of the conspiracy occurred after July 11th, 1996, to
 3   be within the six year statute.  The Government alleges several
 4   acts that fall within the period of limitation.
 5           The indictment states that on March 6th, 1997, Mr.
 6   Cassidy received payment on behalf of the research foundation
 7   for the sale of materials and information.  The Government
 8   further alleges that Mr. Cassidy's co-conspirators -- alleged
 9   co-conspirators Michael Kailing and Fred Ortiz mailed or caused
10   to be mailed opinion letters fraudulently stating that U.S.
11   citizens are not required to file income tax returns to -- or to
12   pay income taxes on October 4th, 1999, also within the
13   limitations period, and on October 8th, 1999, respectively.
14           Though because the Government alleges the commission
15   of overt acts occurring within six years of the indictment this
16   prosecution is not barred by the statute of limitations, and
17   this motion must be denied.
18           Now Mr. Cassidy has also filed a motion, which the
19   Court did not -- it is largely incomprehensible, but Mr.
20   Cassidy's motion to dismiss for lack of criminal jurisdiction.
21   This was filed October 22, of 2004.
22           The motion suggests that this Court lacks jurisdiction
23   over this case.  Mr. Cassidy supports this assertion by arguing
24   among other things that the United States District Court is not
25   part of the judicial branch of Government.  That the United
```

1  States District Court is not an Article III Court securing
2  constitutional rights, and the United States -- and the United
3  States of America are two separate and distinct legal and
4  political entities.
5       For these reasons, Mr. Cassidy argues that the United
6  States District Court is the wrong court for a citizen of the
7  several States party to the Constitution to be tried for a
8  crime.  Mr. Cassidy has cited no relevant caselaw to support
9  these contentions.
10      Contrary to Mr. Cassidy's assertion this Court has
11 exclusive jurisdiction to prosecute Federal crimes.  All you
12 have to look at is Title 8, United States Code, Section 3231.
13      Moreover, as Mr. Cassidy is charged with conspiracy to
14 defraud the United States Government caselaw clearly establishes
15 the District Courts have jurisdiction over conspiracy and all
16 those proved to be conspiracies if the conspiracy is designed to
17 have criminal effects within the United States.  And if there is
18 a sufficient proof that at least one of the conspirators
19 committed an overt act in furtherance of the conspiracy within
20 the territorial jurisdiction of the United States.  That comes
21 from the case of United States versus Winter, 509 Fed 2d 975.
22      Now finally, Mr. Cassidy has a motion here to dismiss
23 or stay the prosecution challenged to 28 U.S.C. 865 --
24 1865(A)(b)(1) and 1861.  Mr. -- this December 23, 2004, motion
25 is equally without merit.  In this -- in that motion Mr. Cassidy

1          MS. PANAGAKOS: So another sanction could be that they
2  should be precluded from using the evidence that they withheld
3  for two years. They lied about its existence in nine pleadings
4  --
5          THE COURT: All right.
6          MS. PANAGAKOS: -- they ignored a court order. It
7  took three more court hearings to get it after there was --
8          THE COURT: What other motion do you have to argue?
9          MS. PANAGAKOS: What's that? That's it.
10         THE COURT: Which other motion?
11         MS. PANAGAKOS: That's it.
12         THE COURT: That's it?
13         MS. PANAGAKOS: Yeah.
14         THE COURT: All right. Thank you.
15         MS. PANAGAKOS: Thank you.
16         THE COURT: All right. Another counsel here that
17 wishes to be heard on these -- the Court's ruling -- tentative
18 rulings on these motions? How about you, Mr. Cassidy? No,
19 actually I -- I -- I don't -- your -- your motions are so
20 frivolous that having argument on it is just a waste of time.
21         DEFENDANT CASSIDY: Well I've been waiting for about a
22 year to -- to be here to address them --
23         THE COURT: Well you -- you --
24         DEFENDANT CASSIDY: -- if I may have a few minutes.
25         THE COURT: -- no, I -- I -- yeah, I want you to sit

1  down, because I'm not going to permit you to argue those two
2  motions that you filed at the end.
3       Now if there's -- if there's anyone of the other
4  motions that you're involved in you may be -- you may be heard
5  on that, but the motion to stay challenging the jurisdiction of
6  this Court and the motion to dismiss or stay prosecution for the
7  reasons that were stated does not -- does not lend itself to
8  argument unless the Court wants to waste its time and yours.
9  But were you -- didn't you join in one of these other motions
10 for the preindictment delay?  You claimed that that affects you?
11      DEFENDANT CASSIDY:  No, we weren't joined into --
12      THE COURT:  All right.
13      DEFENDANT CASSIDY:  We don't -- I don't have anything
14 else to say on those other motions, no.  I do on some of my
15 motions.
16      THE COURT:  Well the -- the Court believes -- do you
17 wish to be heard?
18      MS. CONNORS:  Not unless there's anything additional
19 your Honor would like to hear, but we're fine with your Honor's
20 rulings.
21      THE COURT:  Well they made some assertions here about
22 your conduct in this case.  I wanted to hear what your
23 explanation is.
24      MS. CONNORS:  Sure, your Honor.
25      THE COURT:  Even though it's not legally sufficient in