ORIGINAL

Lamarr Hardy, Ursula A Supnet – Pro Se
P.O. Box 29265
Honolulu, Hawaii  96820

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR   7 2000

at 6 o'clock and 21 min __M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

-------- oooOooo --------

| | |
|---|---|
| Ursula A. Supnet,<br>Lamarr Hardy<br><br>PETITIONERS,<br><br>v.<br><br>United States<br><br><br><br>RESPONDENT | MOTION TO QUASH GRAND<br>JURY PROCEEDINGS &<br>SUBPOENA BASED UPON<br>CONSTITUTIONAL<br>INTERLOCUTORY ISSUES<br>HEREBY PRESENTED<br><br>- EXIGENT EX PARTE<br>  HEARING REQUESTED<br><br>Judge:  Alan C. Kay      .<br>MISC<br>Case #  99 – 151 ACK      . |

-------- oooOooo --------

Comes now Ursula A. Supnet and Lamarr Hardy, as pro se, and respectfully submit this <u>Motion To Quash Grand Jury Proceedings & Subpoena Based Upon Constitutional Interlocutory Issues Hereby Presented – Exigent Ex parte Hearing Requested</u> in the above numbered case.  Petitioners Ursula A. Supnet's and Lamarr Hardy's Motion is more fully supported in Memorandum and Affidavits accompanying hereto.

3 / 7 / 2K

_____        _____
Ursula A. Supnet                Lamarr Hardy

**EXHIBIT 4**

Lamarr Hardy – Pro Se
P.O. Box 29265
Honolulu, Hawaii  96820

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

---------------------------------------------------oooOooo---------------------------------------------

| | |
|---|---|
| Ursula A. Supnet, | : |
| Lamarr Hardy | : |
| | : |
| | : AFFIDAVIT OF |
| PETITIONERS, | : LAMARR HARDY, |
| | : PURSUANT TO |
| v. | : MOTION TO QUASH |
| | : |
| United States | : |
| | : Judge   ALLEN C. KAY   . |
| | : |
| RESPONDENT | : Case #  99 – 151 ACK         . |

----------------------------------------------- oooOooo-----------------------------------------

## VERIFICATION

STATE OF HAWAII            )
                                        : SS
COUNTY OF HONOLULU  )

AFFIANT having been duly sworn deposes and says:

1. That Affiant is a Party in the above entitled action, is a citizen of the United States, and is a citizen of the state of Hawaii wherein the same now resides;

2. That Affiant is of sufficient legal age to make this Affidavit;

3. That Affiant is aware of the material content contained in the <u>Memorandum In Support Of Motion To Quash Grand Jury Proceedings & Subpoena Based Upon Constitutional Interlocutory Issues Hereby Presented – Exigent Ex parte Hearing Requested</u> of which Affiant is a party thereto;

4. That this Affidavit has been made in support of <u>Motion To Quash Grand Jury Proceedings & Subpoena Based Upon Constitutional Interlocutory Issues Hereby Presented – Exigent Ex parte Hearing Requested</u> and supporting Memorandum thereof, in the above entitled case;

5. That Affiant swears and deposes that the facts, findings, and conclusions of law contained therein he knows to be true of his own knowledge, except as to those matters alleged on information and belief as to those he verily believes to be true.

Dated this __7__ day of __March__, 2000 A.D.

**UNDER PENALTY OF PERJURY**

_[signature]_
Lamarr Hardy - Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS __7th__ DAY OF __March 2000__
March, 2000 A.D.

_[signature]_
NOTARY PUBLIC
Notary Public, State of Hawaii
My commission expires __Aug. 20, 2002__

Ursula A Supnet -- Pro Se
P.O. Box 29265
Honolulu, Hawaii 96820

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

------------------------------------------------ooo0ooo------------------------------------------

| | |
|---|---|
| Ursula A. Supnet,<br>Lamarr Hardy | :<br>:<br>: |
| PETITIONERS, | : **AFFIDAVIT OF**<br>: **URSULA A SUPNET,**<br>: **PURSUANT TO** |
| v. | : **MOTION TO QUASH** |
| United States | :<br>: Judge __ALLEN C. KAY__ . |
| RESPONDENT | :<br>: Case # _99 – 151 ACK_____ . |

----------------------------------------------- ooo0ooo-------------------------------------------

### VERIFICATION

| | |
|---|---|
| STATE OF HAWAII | )<br>: SS |
| COUNTY OF HONOLULU | ) |

AFFIANT having been duly sworn deposes and says:

1. That Affiant is a Party in the above entitled action, is a citizen of the United States, and is a citizen of the state of Hawaii wherein the same now resides;

2. That Affiant is of sufficient legal age to make this Affidavit;

3. That Affiant is aware of the material content contained in the <u>Memorandum In Support Of Motion To Quash Grand Jury Proceedings & Subpoena Based Upon Constitutional Interlocutory Issues Hereby Presented – Exigent Ex parte Hearing Requested</u> of which Affiant is a party thereto;

4. That this Affidavit has been made in support of <u>Motion To Quash Grand Jury Proceedings & Subpoena Based Upon Constitutional Interlocutory Issues Hereby Presented – Exigent Ex parte Hearing Requested</u> and supporting Memorandum thereof, in the above entitled case;

5. That Affiant swears and deposes that the facts, findings, and conclusions of law contained therein she knows to be true of her own knowledge, except as to those matters alleged on information and belief as to those she verily believes to be true.

Dated this _____ day of __March__, 2000 A.D.

**UNDER PENALTY OF PERJURY**

*/s/ Ursula A. Supnet*
Ursula A. Supnet – Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS __7th__ DAY OF __March 2000__
March, 2000 A.D.

*/s/ Jenny S. Yee*
NOTARY PUBLIC
Notary Public, State of Hawaii
My commission expires __Aug. 20, 2002__

Lamarr Hardy, Ursula A Supnet – Pro Se
P.O. Box 29265
Honolulu, Hawaii 96820

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

----------------------------------------------oooOooo----------------------------------------------

| | |
|---|---|
| Ursula A. Supnet, Lamarr Hardy | MEMORANDUM IN SUPPORT OF MOTION TO QUASH GRAND JURY PROCEEDINGS & SUBPOENA BASED UPON CONSTITUTIONAL INTERLOCUTORY ISSUES HEREBY PRESENTED |
| PETITIONERS, | |
| v. | - EXIGENT EX PARTE HEARING REQUESTED |
| United States | Judge:  Alan C. Kay  . |
| RESPONDENT | Case #  99 – 151 ACK  . |

----------------------------------------------oooOooo----------------------------------------------

Ursula A. Supnet and Lamarr Hardy, as pro se, hereby submit this <u>Memorandum In Support Of Motion To Quash Grand Jury Proceedings & Subpoena Based Upon Constitutional Interlocutory Issues Hereby Presented – Exigent Ex parte Hearing Requested</u> in the above numbered case, with applicable applications made pursuant to Rule 12 of the Federal Rules of Criminal Procedure and/or Rules 2 and 7 (b) of the Federal Rules of Civil Procedure, and shows the court as follows:

FACTS:

1. The Constitutional Issue of Private Property, as it applies to the government of the United States and of the several states, is first outlined in the Fifth Amendment of the Constitution of the United States, last Clause thereof.

2. The various banking and other financial institution throughout the United States are not agencies of either the United States government or of any of the particular states themselves.

3. The First Hawaiian Bank of Honolulu, Hawaii is a private bank that, irrespective of its legal obligations and requirements to federal and state banking laws, and is not an agency or other operator either of or for any or either of the aforesaid governments.

4. The records of the depositors of the First Hawaiian Bank of Honolulu, Hawaii are, as being a matter of private commercial transactions enacted by private citizens between a privately-held business entity, even though such said business entity is a commercial bank, and consequently have the rights to be provided the protection of privacy as is accorded them by federal law, not exclusive to the Privacy Act of 1974 only, and as is likewise accorded them by the Constitution of the United States of America.

5. Private Records of Private Citizens are Private Property, and are accorded the equal protection of the law as are accorded other private records of other private citizens.

6. In order for any official or agency of government, even if though with purported probable cause, to obtain or access the Private Records of a Private Citizen, even if being held at a Private Institution such as a Private Bank, it is a matter of fact that such access requires the said official or agency of government to first comply with the proper steps as are required by them of the applicable law, and in the ultimate, with the constitutional requirements of due process as established by the United States Constitution, with full respect to that Supreme Governing LAW.

7. A federal official, inclusive of a federal prosecutor, is required by law to obey the law no less equal than any other citizen of the United States, or of any other employee of the government of the United States, even if not employed by the same department or even the same branch of government.

8. A Collateral Attack is an action designed to defeat the ordinarily required due process or requirement of law, or as an indirect attack upon a thing or matter that would ordinarily require direct confrontation as a matter of law or process. A Collateral Attack is also recognized as: "With respect to a judicial proceeding, an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law, for the express purpose of attacking it." May v. Casker, 188 Okl. 448, 110 P.2d 287, 289.

9. Federal Prosecutor Leslie E. Osborne, Jr. has, upon two (2) previous occasions prior to this time, submitted a subpoena, sua sponte, or of his own accord or volition, even if said Osborne may claim that he, Osborne, is working in conjunction with any applicable grand jury conducting any purported investigation of the instant case now before this Court.

10. A subpoena, or in former procedural format, a subpoena ducas tecum, is alleged to be an instrument designed to provide its petitioner the right to acquire, or else seize, private documents or Private Property that are privately held by either private citizens or else private institutions or entities, such as, but not limited to, a bank; a subpoena would not ordinarily be perceived as necessary to obtain or access or seize the records or property held by another agency or official of government, whether state of federal.

11. The Fourth Amendment of the Constitution of the United States has a right provision therein, stated succinctly, and as a matter of law, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or *things* to be *seized*." (emphasis added)

12. Lamarr Hardy and Ursula Supnet are private persons under the definition as inherently established in the Fourth Amendment of the Constitution.

13. A record or other private property, not being either a person or a place, must deductively be a thing.

14. The word "seize" denotes the act of taking a person or a *thing*, even if not necessarily by any violent force but simply as a matter of law, in order to remove it from its exclusive containment of where it originally lay or was being harbored.

15. As a matter of required protection where criminal investigations were to be conducted pursuant to established law was concerned, the Founding Fathers established the Fourth Amendment of the Constitution to protect private citizens from wrongful seizures of personal property, no matter where such personal property might be harbored, or even if such personal property consisted only of records held by another on the said private person's behalf, so that government officials could not arbitrarily and without probable cause, invade and unnecessarily inconvenience private citizens as to such said private property.

16. A search and seizure warrant, when properly issued, is a matter of responsibility of the courts and not of the executive branch of government.

17. A search and seizure warrant is typically signed by a judge, after the judge has demanded to know the nature of the probable cause, and has been assured by the necessary averment that the probable cause has been supported by an Oath or affirmation.

18. The office of federal prosecution is an office, under the Department of Justice of the United States, empowered to faithfully execute the laws of the land, an operating agency coming under the President or the Executive Branch of the United States, as established in the executionary clause of Article II, Section 3 of the aforementioned United States Constitution.

19. A federal prosecutor, not matter if well intentioned, is not a judge, nor any magistrate of any federal court.

20. A search and seizure warrant is required by the Fourth Amendment of the Constitution where a criminal investigation is even suspected to be at issue,

subjected to the conditional requirements of the Fourth Amendment requirements itself.

21. A rose called by any other name is still a rose, and where a rose is <u>required</u>, a buttercup or other type flower will not serve as a proper substitute therefor. The foregoing serves as an illustrative example to establish a principle as a matter of fact.

22. Where a search warrant is required by law (according to Alexander Hamilton, supported by John Marshall, the Constitution IS law), another form of documentation, such as a subpoena, adequate on other occasions, cannot be substituted for the requirements as contained in the Fourth Amendment.

23. To change the nature and effect of an Amendment requires an Amendment which names the Amendment to be amended, describing therein the nature of the subject matter to be so amended.

24. An act done or carried out, or attempted to be carried out, which attempts to amend the Constitution in violation of Article V of the Constitution is not an Amendment, but is unconstitutional, and is therefore void ab initio.

25. The first subpoena, the second subpoena, and now the third subpoena, as issued by Leslie E. Osborne, Jr., have been issued ex judicio, but such issuance, inasmuch as the court has been made aware of such issuance each and every time, does not relieve the court of the responsibility in its judicial capacity to insure that the constitutional rights of these petitioners are safeguarded, that the rights of the court over said search and seizure warrants not be converted away to members in the executive branch of government.

26. The third subpoena issued by Leslie E. Osborne, Jr., has been issued by the aforementioned same, and is not any search and seizure warrant issued by and signed by the court, as is the court's right and responsibility alone.

ARGUMENTS:

1. The issuance of a subpoena as an instrument or means to defeat the Fourth Amendment Requirement of accessing and obtaining, or else seizing, private property from any privately held facility, said private property being held fiduciarally on behalf of a private person, constitutes a Collateral Attack on the Fourth Amendment of the Constitution, and is therefore not acceptable except that such said acceptance be deemed or reasonably construed to be a prejudice against the Fourth Amendment of the Constitution of the United States.

2. It is irrelevant as to how long this unconstitutional practice has been gotten away with, or as to where or with who such void practice was first conceived, to the same extent that at one time in Selma, Alabama it was legal, according to the law thereof, to require black people (minorities) to ride at the back of a city bus. It was therefore irrelevant as to how long said unconstitutional practice had been gotten away with, or where it was first started, or who started it, or why.

3. Even if hailed as though some noble cause or purpose, to defeat the Fourth Amendment of the Constitution by use of a subpoena may NOT be "found" or determined as acceptable, neither may it be continually embraced, the issue as to how long its practice, where or with what court it first originated, or for what alleged purpose, is irrelevant, for such practice being unconstitutional, such proceeding is likewise void, from the beginning.

4. A subpoena, being used in – in essence – a "fishing expedition" to "check out" the private affairs of a private citizen as though a civil matter only, but with the clear intent and purpose of utilizing such information thereby gained if it should be determined that such information had any criminal relevancy, is a prima facie example of a collateral attack upon the Fourth Amendment, exemplifies the Abuse of Process issue incorporated by the misuse of a subpoena by the executive branch of government, and establishes as a matter of a civil violation, an abuse of constitutional rights of private citizens.

5. An act brought forth under these conditions where a Fourth Amendment issues was the original intent of the governmental actor all along, will ultimately incorporate the defense of the Fruit of the Poisonous Tree doctrine, duly establishing that the final acts by the said governmental actors were acts committed in violation of an issue of invasion of privacy, an act of seizure of private property for government use, even if such use is to determine future steps to be considered against (a) private citizen(s), these acts or issues being carried out <u>before the fact</u> and not after, and such aforesaid conditions, even if only upon appeal, are doomed to failure or to be reversed, cannot be sustained by the instant court, constitutes an abuse of process and an abuse of rights against the petitioners, and constitutes an abuse of discretion, which may be actionable under United States Code, Title 28, Section 372 (c) (2), (4), (5), (6) (A), (B), (i), (iii), (iv), (v), (vi), and/or (vii); this Motion To Quash is appropriate and applicable, and a Stay of Execution Of Judgement Pending Decision of Interlocutory Appeal Decision is hereby called for as Certified necessary and reasonable under the circumstances, which said Interlocutory Appeal should be initiated by the court itself in accordance to 28 USC, Section 1291 and/or 1292 (a), as applicable.

6. The use of a subpoena to effectuate or constitute a collateral attack against the Constitution's Fourth Amendment is sufficient grounds to quash the said subpoena, and to require that the court become responsibility and accountability involved in the issue of a search and seizure warrant as outlined and required by the Fourth Amendment, and to require that the said federal prosecutor comply with the constitutional provisions which provide private citizens equal protection under the law, by ceasing and desisting such acts as are violative of the Fourth Amendment.

7. That no warrant, of whatever lawful nature or character, be therefore issued except upon probable cause, supported by averment of Oath or affirmation, accordingly.

SUMMARY

1. A Collateral Attack has been made against the Fourth Amendment of the Constitution of the United States of America. The use of a subpoena in place of a Fourth Amendment Search and Seizure Warrant, even if alleged to be well intentioned, is unconstitutional, irrespective of its origin or its purpose.

2. The said Collateral Attack constitutes a direct affrontment to the personal and private rights of private citizens Lamarr Hardy and Ursula Supnet, who it is reasonably believed have not been duly established as engendering an issue upon which any probable cause can be based.

3. The use of a subpoena in a manner and way so as to replace or otherwise substitute such subpoena in the place of a required Fourth Amendment Search Warrant, is a use for which such said subpoena was not intended.

4. The use of a subpoena in a manner and for a purpose for which it was not intended, is unconstitutional and is technically, constitutionally, void from its inception.

5. The issuance of a subpoena, unconstitutionally issued, is sufficient grounds to warrant a Motion To Quash the applicable subpoena.

6. The petitioners, Lamarr Hardy and Ursula Supnet hereby move the court to grant this Motion To Quash as a matter of law and on the basis of law, accordingly.

_____
Ursula A. Supnet

_____
Lamarr Hardy

## CERTIFICATE OF SERVICE

I, __Lamarr Hardy__, hereby certify that I have filed a true and correct copy of this <u>Memorandum In Support Of Motion To Quash Grand Jury Proceedings & Subpoena Based Upon Constitutional Interlocutory Issues Hereby Presented – Exigent Ex parte Hearing Requested</u> with the United States District Court, District Of Hawaii, and have caused that a true and correct copy of the same be served by mail, by U.S. Postal Service, upon the Office of the United States shown below, and at the address shown below.

U.S. Attorney's Office
Attention: Leslie E. Osborne, Jr.
Asst. U.S. Attorney
U.S. Courthouse, Room 200
300 Ala Moana Blvd.
Honolulu, Hawaii 96850

Dated this __7__ day of __March__, 2000 A.D.

_____
LAMARR HARDY