EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

CLARE E. CONNORS    #7936
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Clare.Connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CV. NO. 08-00265 HG |
| --- | --- | --- |
| | ) | CR. NO. 02-00133 ER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | UNITED STATES' OPPOSITION TO |
| | ) | ROYAL L. HARDY'S APPLICATION |
| ROYAL LAMARR HARDY, aka: (01) | ) | FOR BOND PENDING HABEAS CORPUS |
| "Royal LaMarr Sounet," | ) | RELIEF; CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |
| | ) | |

UNITED STATES' OPPOSITION
TO ROYAL L. HARDY'S APPLICATION FOR
FOR BOND PENDING HABEAS CORPUS RELIEF

Comes now the United States of America, through its undersigned attorneys, and hereby files its Opposition to Royal L. Hardy's Application for Bond Pending Habeas Corpus Relief, filed July 1, 2008. The application is without merit and therefore should be denied.

In the first instance, Royal L. Hardy ("Hardy") cites to 18 U.S.C. § 3142, which provides for release or detention of a defendant pending trial. On May 13, 2005, Hardy's trial ended with convictions on all five counts alleged in the Second Superseding Indictment, and on August 30, 2005, he was sentenced to serve 156 months of imprisonment. Accordingly, this statutory provision does not apply in light of the procedural status of the case. In the event Hardy intended to cite to 18 U.S.C. § 3143, which addresses release or detention of a defendant pending sentence or appeal, this section is equally inapplicable to Hardy's situation as he has already been sentenced and his appeal has been denied by the Ninth Circuit.

The Ninth Circuit has held that release on bail pending a district court's habeas decision is reserved for extraordinary cases involving special circumstances or a high probability of success. Land v. Deeds, 878 F.2d 318, 319 (9th Cir.1989) (per curiam). In his habeas petition, Hardy has asserted frivolous

2

jurisdictional claims, as well as legally untenable arguments that the indictment and judgement were defective. As will be further addressed in the United States' response to Hardy's petition, he is highly unlikely to succeed on the issue of jurisdiction, as the district court clearly had jurisdiction over the Title 18 and 26 offenses with which Hardy was charged and of which he was convicted. Moreover, the indictment withstood multiple motions to dismiss filed by Hardy through his attorneys and these decisions by the district court were affirmed by the Ninth Circuit.

Hardy is incarcerated because he has been tried, convicted, and sentenced by a court of law. A request for bond while he collaterally attacks his conviction requires a greater showing of special reasons than would be required if he had filed a writ of habeas corpus in the absence of a determination of guilt. Aronson v. May, 85 S. Ct. 3 (1964). In addition, Hardy has not asserted that his continued incarceration prevents him from pursuing his collateral relief. To the contrary, his petition was timely filed.

//
//
//
//
//

Accordingly, Hardy has failed to demonstrate that he is entitled to release under this high standard. <u>Land</u>, 878 F. 2d at 319. For these reasons, the district court should deny Hardy's application for bail.

DATED: July 7, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By  /s/ Clare E. Connors
   CLARE E. CONNORS

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following, by first class mail, as set forth below:

    Royal Lamarr Hardy
    83346-022
    FCI Oakdale
    Federal Correctional Institution
    P.O. Box 5000
    Oakdale, LA 71463
    PRO SE

DATED: July 7, 2008, at Honolulu, Hawaii.

                /s/ Cheri Abing
                _____