IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROYAL L. HARDY, )  | CIVIL NO. 08-00265 HG-BMK |
| ) | CRIM. NO. 02-00133 HG-BMK-1 |
|     Movant,  ) | |
| ) | |
|   vs.  ) | |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
|     Respondent.  ) | |
| _____ ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255
AND
GRANTING ROYAL L. HARDY'S MOTION TO STRIKE DOCUMENT NUMBER 741 FROM THE RECORD
AND
DENYING CERTIFICATE OF APPEALABILITY**

    Movant Royal L. Hardy, has filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion").

    For the reasons set forth below, the Court finds that Hardy's Section 2255 Motion and the record in this case conclusively show that Hardy is not entitled to habeas relief. Hardy's Section 2255 Motion is DENIED.

                              **PROCEDURAL HISTORY**

    On October 28, 2004, a grand jury returned a five-count Second Superceding Indictment: charging Movant Royal Lamarr Hardy ("Hardy") and others with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; charging Hardy

and Ursula A. Supnet with one count of conspiracy to defraud the United States in the ascertainment, computation, assessment and collection of their own individual income taxes, in violation of 18 U.S.C. § 371; and charging Hardy with three counts of willfully failing to file individual income tax returns, in violation of 26 U.S.C. § 7203.  ("United States' Memorandum in Opposition to Defendant Royal L. Hardy's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255", Doc. 759[1], hereinafter "Gov. Opp." at Exhibit 1 "Second Superceding Indictment".)

On May 13, 2005, following an eight-day jury trial, the jury convicted defendants on all counts.

On August 30, 2005, the Court sentenced Hardy to 156 months of imprisonment and three years of supervised release.  (Doc. 624.)  The Court ordered both Supnet and Hardy to pay restitution of $197,555 to the IRS.  (Id.)

The Court entered Judgment on September 15, 2005. (Doc. 636.)

The defendants jointly appealed the judgments of conviction the Court entered against them.  (Doc. 651.)

On May 31, 2007, the United States Court of Appeals for the Ninth Circuit filed and entered its judgment affirming the

---

[1] All document references are to the Criminal Docket in Criminal Case No. 02-00133.

judgment of the district court as to each of the defendants. (Doc. 724.)

On May 30, 2008, Hardy filed various judicial notices, declarations, affidavits, points and authorities, and a demand to vacate his judgment for lack of jurisdiction. (Doc. 731-741.) The Court ordered Hardy to clarify whether the filings were to be construed collectively as a motion under Section 2255 or whether he elected to withdraw his filings. (Doc. 747.)

On June 4, 2008, Hardy filed a Section 2255 Motion and a memorandum of law in support. (Doc. 749, 750.)

On June 27, 2008, Hardy filed a "Motion to Strike Document Number 741 from the Record" (Doc. 756), but did not withdraw his other May 30, 2008 filings. Instead, Hardy requests that these other filings be considered together with, and in support of, his separately filed Section 2255 Motion. Although such a method of filing is improper, Hardy's memorandum in support of his Section 2255 Motion incorporates his May 30, 2008 filings by reference. As such, the Court will treat Hardy's May 30, 2008 filings as supplemental to his memorandum in support of his Section 2255 Motion and will construe them, collectively, as part of his Section 2255 Motion.

On July 7, 2008, the Government filed its Opposition to Hardy's Section 2255 Motion (Doc. 760.) The Government's opposition responds to Hardy's Section 2255 Motion and to his May

30, 2008 filings, except for Hardy's "Notice and Demand to Vacate Void Judgment for Lack of Jurisdiction and for Injunctive Relief from Criminal Fraud" (Doc. 741) which Hardy has moved to strike.

On June 27, 2008, Hardy also filed a Motion for Bond Pending Habeas Corpus Relief (Doc. 754) to which the Government filed an opposition on July 7, 2008. (Doc. 759.)

On July 11, 2007, the Court entered a Minute Order denying Hardy's Motion for Bond Pending Habeas Corpus Relief. (Doc. 761.)

On July 28, 2008, Hardy filed a Notice of Appeal of the Court's order denying his application for bond, but has not paid the filing fee. (Doc. 762.) The Court construes Hardy's Notice of Appeal as a request for certificate of appealability which, for the reasons set forth below, the Court denies.

## STANDARD OF REVIEW

28 U.S.C. § 2255 ("§ 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, to move the court which imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255.

Under § 2255, a court shall hold an evidentiary hearing on a prisoner's § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief." 28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

## ANALYSIS

**A.   Hardy's Section 2255 Motion and May 30, 2008 Filings**

Hardy's Section 2255 Motion sets forth three grounds which he contends entitle him to habeas relief:

> (1) **Ground One**: Conviction obtained by the unconstitutional failure of the United States to provide documented evidence affirmatively into the court record of the situs or location that defendant is alleged to have committed a United States criminal offense and evidence that such situs or location was within the jurisdictional authority of the United States.
>
> (2) **Ground Two**: Conviction obtained by unconstitutional failure of the United States to provide documented evidence affirmatively into the court record proving that defendant violated the Constitution or a law of the United States pursuant thereof.
>
> (3) **Ground Three**:   Conviction obtained by

>
> unconstitutional failure of the United States to provide documented evidence <u>affirmatively</u> into the court record of <u>personal</u>, <u>legislative</u> (subject-matter) and <u>territorial</u> jurisdiction authority over defendant, a citizen and inhabitant of a sovereign state of the union.

(Section 2255 Motion at p. 3-7 (emphasis original).)

Hardy's May 30, 2008 filings also raise the following related arguments:

> (1) Hardy is not, and has never been, a citizen of the United States, but rather is a citizen of the sovereign State of Hawaii;
>
> (2) No statute confers federal criminal jurisdiction over Hardy because he is a citizen of the sovereign State of Hawaii;
>
> (3) Hardy is in custody pursuant to a violation of a territorial "Act of Congress" and not for a violation of the "Laws of the United States";
>
> (4) The record lacks evidence of the location of Hardy's alleged federal criminal offenses and the United States failed to provide evidence of its jurisdictional authority over the location of Hardy's alleged criminal offenses;
>
> (5) The Second Superceding Indictment failed to provide evidence of jurisdictional authority over him and the indictment should have been dismissed for lack of jurisdiction.

B.  **Hardy's Section 2255 Motion, his May 30, 2008 Filings, and the Records of this Case Conclusively Show that Hardy is Entitled to No Relief**

All of Hardy's filings challenge this Court's "jurisdictional authority" over him, claiming that Hardy is not a "territorial citizen" of the United States and because the United States district court's jurisdiction is limited to offenses that

occur "within the territorial jurisdiction authority of the United States", this Court has no jurisdiction over him. Hardy has failed to present any specific factual allegation that would warrant an evidentiary hearing on his Section 2255 Motion. Hardy's allegations, when viewed against the records of the case, fail to state a claim for relief and are, in fact, palpably incredible.

The crux of Hardy's argument is that Hawaii is a sovereign state and that he is a citizen of Hawaii and not of the United States. Hardy's argument is fundamentally flawed and frivolous because Hawaii is part of the United States and its citizens are subject to the laws of the United States. See Hawaii Statehood Admissions Act, Pub. L. No. 86-3, 73 Stat. 4 (1959). Moreover, Hardy did not contest his United States citizenship during the underlying proceedings. There is no evidence that Hardy is other than a citizen of the United States. In fact, at the outset of his criminal case, Hardy filed numerous motions, (Misc. No. 99-151) to which he attached verifications stating that he was a United States citizen and a citizen of the State of Hawaii. (Gov. Opp. at Exh. 4 at "Affidavit of Lamarr Hardy Pursuant to Motion to Quash".) At a May 3, 2002 hearing before United States Magistrate Judge Barry M. Kurren, Hardy also unequivocally recognized the jurisdiction of the Court over his case. (Gov. Opp. at Exh. 5 ("May 3, 2002 Hearing Transcript").)

This Court's jurisdiction over the federal criminal offenses of which Hardy was charged and convicted is also clear. To confer subject matter jurisdiction upon the district court, an indictment must merely allege the commission of an offense against the United States. See <u>United States v. Ratigan</u>, 351 F.3d 957, 963 (9th Cir. 2003). The Second Superceding Indictment properly alleged that Hardy committed federal offenses within the District of Hawaii and against the laws of the United States, thereby conferring jurisdiction upon the United States District Court for the District of Hawaii. The evidence presented at trial confirmed that both jurisdiction and venue lay within the District of Hawaii. At various times during his direct and cross examination testimony, Hardy discussed the extensive tax protester organization he founded and operated in Honolulu, Hawaii, as well as the Hawaii banks he utilized to commit his Title 18 offense. (Gov. Opp. at Exh. 6.) A jury convicted Hardy, finding that the United States had met its burden of proving that Hardy committed five federal offenses within the District of Hawaii.

Numerous courts have rejected variations of Hardy's citizenship argument as applied in the context of criminal tax prosecutions. See <u>United States v. Jagim</u>, 978 F.2d 1032, 1036 (8th Cir. 1992 (rejecting defendant's "imaginative" argument that "he cannot be punished under the tax laws of the United States

because he is a citizen of the sovereign state (the "Republic") of Idaho, now claiming "asylum" in the "Republic of Colorado"); <u>United States v. Cooper</u>, 170 F.3d 691 (7th Cir. 1999) (imposing sanctions on tax protesters for wholly frivolous arguments, such as that only residents of Washington, D.C. and other federal enclaves are subject to the federal tax laws because they alone are citizens of the United States); <u>United States v. Gerads</u> 999 F.2d 1255, 1256-7 (8th Cir. 1993) (imposing a $1,500 sanction for frivolous appeal based on argument that defendants were not citizens of the United States but instead "Free Citizens of the Republic of Minnesota" not subject to taxation); <u>see</u> <u>also</u> Gov. Opp. at p. 11-13 (citing numerous other similar tax protester cases).

For these reasons, all of the grounds set forth in Hardy's Section 2255 Motion, including the arguments set forth in his May 30, 2008 filings, are without merit and Hardy's Section 2255 Motion is DENIED.

### **Certificate of Appealability**

#### **Standard**

Under 28 U.S.C. § 2253(c), a movant must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the district court has denied a habeas claim on the merits. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1104 (9th

Cir. 1999). To satisfy this standard, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

**Application**

The Court has denied Hardy's Section 2255 Motion on the merits. Hardy does not satisfy the standard for a certificate of appealability for a denial on the merits. Hardy has not made any showing of a denial of a constitutional right. Reasonable jurists could not debate the Court's conclusion that Hardy has failed to state a valid claim of the denial of a constitutional right. Indeed, as shown by the cases cited above, courts have sanctioned appellants for similarly frivolous appeals. Hardy has not made the required showing for a certificate of appealability as to his Section 2255 Motion.

Hardy has likewise failed to show that he is entitled to a certificate of appealability as to the Court's order denying his Motion for Bond Pending Habeas Corpus Relief. As clearly stated in the Court's order, release on bail pending a district court's habeas corpus decision is reserved for extraordinary cases or cases in which the movant has demonstrated a high probability of success. In light of the Court's denial of Hardy's Section 2255 Motion, Hardy's request for habeas relief obviously has no chance of success and his appeal and request for a certificate of

appeability are moot.

## **CONCLUSION**

For the foregoing reasons,

(1) Hardy's "Motion to Strike Document Number 741 from the Record" (Doc. 756) is **GRANTED**. Document Number 741 is a Motion filed by Hardy, and therefore, Hardy has moved to strike his own motion. Document 741 is **STRICKEN**;

(2) Hardy's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. 749) is **DENIED**;

(3) Hardy is not entitled to a certificate of appealability as to any of the issues raised in his Section 2255 Motion or as to the Court's order denying is motion for bond pending habeas corpus relief; and

//
//
//
//
//
//
//
//

(4) This case is now **CLOSED**.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, September 5, 2008.



     /s/ Helen Gillmor

Chief United States District Judge

_____

ROYAL L. HARDY v. UNITED STATES; Civ. No. 08-00265 HG-BMK; Crim. No. 02-00133 HG-BMK-1; **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 AND GRANTING ROYAL L. HARDY'S MOTION TO STRIKE DOCUMENT NUMBER 741 FROM THE RECORD AND DENYING CERTIFICATE OF APPEALABILITY**