Prob 12C
(Rev. 1/06 D/HI)

SEALED ORIGINAL
BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 7 2017

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

# SEALED BY ORDER OF THE COURT

## United States District Court

### for the

### DISTRICT OF HAWAII

U.S.A. vs. ROYAL LAMARR HARDY, aka "Royale LaMarr Sounet"  Case No.  CR 02-00133HG-01

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Royal Lamarr Hardy, who was placed on supervision by the Honorable Edward Rafeedie, sitting in the Court at Honolulu, Hawaii, on the 30th day of August 2005, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That restitution of $197,555 is owed to the Internal Revenue Service, jointly and severally with codefendant Ursula Supnet, and is due immediately, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

2.  The defendant pay the costs of prosecution totaling $59,411.60 immediately with any remaining balance upon release from confinement to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his gross monthly income.  Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

3.  The defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  The defendant cooperate with the Internal Revenue Service and arrange for the payment of delinquent taxes, interest and penalties, and the filing of tax returns.

The subject's term of supervised release commenced on 3/3/2017.

Prob 12C
(Rev. 1/06 D/HI)

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

The subject has violated the conditions of his supervised release (Judgment is attached) as follows:

1.  The subject failed to follow the probation officer's 3/3/2017 and 3/8/2017 instructions to provide any change in residence address, and the subject failed to notify the probation officer within 72 hours of his change in residence on 4/4/2017, in violation of Standard Condition Nos. 3 and 6.

2.  The subject failed to follow the probation officer's 3/22/2017 instruction to report to a court hearing on 3/28/2017, in violation of Standard Condition No. 3.

    The U.S. Probation Officer recommends that a No Bail Warrant be issued and that the subject be brought before the Court to show cause why supervised release should not be revoked.

PRAYING THE COURT WILL ORDER THE FOLLOWING COURSE OF ACTION:

The issuance of a No Bail Warrant and that the subject be brought before the Court to show cause why supervised release should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct

Executed on  4/27/2017

DEREK KIM
Senior U.S. Probation Officer

Approved by:

TIMOTHY JENKINS
Deputy Chief U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

## ORDER OF COURT

THE COURT ORDERS:

[ ] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervised release should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the Warrant duly executed.

[ ] The Issuance of a Summons and that the subject appear before the Court to show cause why supervised release should not be revoked.

[ ] No Action

[ ] Other

Considered and ordered this _27_ day of ___April___ 2017, and ordered filed and made a part of the records in the above case.

_____
HELEN GILLMOR
Senior U.S. District Judge

Re:  **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
**Case No. CR 02-00133HG-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 8/30/2005, the subject was sentenced to sixty (60) months imprisonment as to each of Counts 1 and 2:  Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, Class D felonies, and twelve (12) months imprisonment as to each of Counts 3, 4, and 5:  Failure to File Income Tax Return, in violation of 26 U.S.C. § 7203, Class A misdemeanors, with all terms to be served consecutively for a total term of one hundred fifty-six (156) months imprisonment.  The subject was further ordered to a supervised release term of 3 years as to each of Counts 1 and 2, and 1 year as to each of Counts 3, 4 and 5, all terms to be served concurrently, with the special conditions noted on the face sheet of the petition.

The offender's three (3)-year term of supervised release commenced on 3/3/2017.  Since then the subject has violated his conditions of supervised release as follows:

**Violation No. 1 - The subject failed to follow the probation officer's 3/3/2017 and 3/8/2017 instructions to provide any change in residence address, and the subject failed to notify the probation officer within 72 hours of his change in residence on 4/4/2017:**

On 3/3/2017, the subject reported to the Probation Office upon release from the Federal Detention Center - Honolulu.  During the meeting, this officer reviewed the conditions of supervised release with the subject.  In this regard, this officer read each condition to the subject, including:

> Standard Condition No. 6:  The defendant shall notify the Probation Officer ten (10) days prior to any change in residence or employment.

This officer advised the subject that if he did not have ten (10) days notice that he would be moving or changing his employment, he then needed to let this officer know "immediately."

The subject reported that he understood all the conditions of supervised release.  He signed the Judgment and was given a copy.

Thereafter, the subject reported that he was staying in Room 231 at the Nuuanu YMCA located at 1441 Pali Highway, Honolulu 96813.  He further indicated that he was paying $45.00 per night and would keep the residence until he could secure other housing.  This officer advised the subject that he was required to stay at the reported

Re:   **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
      **Case No. CR 02-00133HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

residence and that if he moved or stayed elsewhere, even for an evening, he needed to let this officer know of that address.

On 3/8/2017, this officer telephonically spoke with the subject. During the conversation, the subject confirmed that he continued to reside at the Nuuanu YMCA. This officer reminded and instructed the subject to inform this officer if he changed his residence. The subject agreed.

On 4/11/2017 at approximately 9:10 p.m., this officer left a voice mail on the subject's cellular telephone to report to the Probation Office the next day, 4/12/2017 at 10:00 a.m.

The subject did not report to the Probation Office on 4/12/2017 as instructed on 4/11/2017.

On 4/13/2017, this officer contacted the Nuuanu YMCA to confirm the subject's residency. This officer was informed that the subject had paid for a room between 3/3/2017 and 4/4/2017 and was no longer a resident there. The subject did no leave a forwarding address.

**Violation No. 2 - The subject failed to follow the probation officer's 3/22/2017 instruction to report to a court hearing on 3/28/2017:**

On 3/22/2017, the subject reported to the Probation Office as instructed. While in the lobby, this officer handed the subject an iPad and asked if he could self-administer the Probation Office's risk/needs assessment by using the iPad. The subject declined to take the assessment. Thereafter, the subject handed this officer a document which he had filed. This officer did not accept the document. This officer then handed the subject a Request for Course of Action (Probation Form 12C), a copy of which is attached as **EXHIBIT A**, and instructed the subject to report to court on 3/28/2017 at 2:00 p.m.

The subject did not appear for his court hearing on 3/28/2017 as instructed on 3/22/2017. As a result of the subject's failure to appear, Your Honor issued a bench warrant for the subject's arrest. This warrant remains outstanding.

The subject has not made himself available for supervision and his whereabouts are unknown. Considering the subject has absconded and is no longer amenable to supervision, our office recommends that an additional warrant be issued so that upon

Re:   **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
      **Case No. CR 02-00133HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

his apprehension, the subject can be brought before the Court to show cause why supervised release should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct

Executed on  4/27/2017

DEREK KIM
Senior U.S. Probation Officer

Approved by:

TIMOTHY JENKINS
Deputy Chief U.S. Probation Officer

**ORIGINAL**

AO 245B (Rev. 12/03)  Sheet 1 - Judgment in a Criminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
~~DISTRICT OF HAWAII~~

# United States District Court

## District of Hawaii

RECEIVED

SEP 1 5 2005

at 3 o'clock and 6 min. P M
SUE BEITIA, CLERK

UNITED STATES OF AMERICA    05 SEP 15  P3:57

v.

**ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet"**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:   1:02CR00133-001
USM Number:   83346-022

**Lynn Panagakos, Esq.**
Defendant's Attorney

### THE DEFENDANT:

[ ]  pleaded guilty to count(s): ___.
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[✔]  was found guilty on count(s) 1 thru 5 of the Second Superseding Indictment  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to defraud the United States | 11/13/2002 | 1 |
| " | " | 10/28/2004 | 2 |
| 26 U.S.C. § 7203 | Failure to file income tax return | 4/15/1996 | 3 |
| " | " | 4/15/1997 | 4 |
| " | " | 4/15/2002 | 5 |

    The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]    Count(s) ___ (is)(are) dismissed on the motion of the United States.

    It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 30, 2005
Date of Imposition of Judgment

Signature of Judicial Officer

**EDWARD RAFEEDIE, United States District Judge**
Name & Title of Judicial Officer

SEP 1 5 2005
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii

By_____ Deputy

AO 245B (Rev. 12/03)  Sheet 2 - Imprisonment

CASE NUMBER:      1:02CR00133-001                                      Judgment - Page 2 of 7
DEFENDANT:       ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet"

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>156 MONTHS</u> .

This term consists of SIXTY (60) MONTHS as to each of Counts 1 and 2, and TWELVE (12) MONTHS as to each of Counts 3, 4 and 5 of the Indictment, with all terms to run consecutively, for a total of ONE HUNDRED FIFTY-SIX (156) MONTHS.

[ ]      The court makes the following recommendations to the Bureau of Prisons:

[ ]      The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district.
         [ ] at ___ on ___ .
         [ ] as notified by the United States Marshal.

[✔]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
         [✔] before <u>2:00 p.m.</u> on <u>October 12, 2005</u> .
         [ ] as notified by the United States Marshal.
         [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

| | | |
|---|---|---|
| CASE NUMBER: | 1:02CR00133-001 | Judgment - Page 3 of 7 |
| DEFENDANT: | ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet" | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 YEARS .

This term consists of THREE (3) YEARS as to Counts 1 and 2 and ONE (1) YEAR as to Counts 3, 4 and 5, with all terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, as determined by the court.

[✔]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| CASE NUMBER: | 1:02CR00133-001 | Judgment - Page 4 of 7 |
| DEFENDANT: | ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet" | |

## SPECIAL CONDITIONS OF SUPERVISION

1.  That restitution of $197,555 is owed to the Internal Revenue Service, jointly and severally with codefendant Ursula Supnet, and is due immediately, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

2.  That the defendant pay the costs of prosecution totaling $59,411.60 immediately with any remaining balance upon release from confinement to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

3.  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  That the defendant cooperate with the Internal Revenue Service and arrange for the payment of delinquent taxes, interest and penalties, and the filing of tax returns.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant                                    Date

United States Probation Officer              Date

| | | Judgment - Page 5 of 7 |
|---|---|---|
| CASE NUMBER: | 1:02CR00133-001 | |
| DEFENDANT: | ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet" | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 275.00 | $ | $ 197,555.00 |

[ ]   The determination of restitution is deferred until    . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[✔]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Internal Revenue Service | $197,555.00 | $197,555.00 | |
| | | | |
| **TOTALS** | $ _ | $197,555.00 | |

[ ]   Restitution amount ordered pursuant to plea agreement   $ _

[ ]   The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ]   the interest requirement is waived for the    [ ] fine    [ ] restitution

[ ]   the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:     1:02CR00133-001                                          Judgment - Page 6 of 7
DEFENDANT:       ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet"

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [✔]    Lump sum payment of $ _ due immediately, balance due
            [ ]      not later than _ , or
            [ ]      in accordance      [ ] C,     [ ] D,     [ ] E, or  [ ] F below, or

B    [ ]    Payment to begin immediately (may be combined with      [ ] C,     [ ] D, or  [ ] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence
            _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence
            _ (e.g., 30 or 60 days) after the release from imprisonment to a term of imprisonment; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment.
            The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✔]    Special instructions regarding the payment of criminal monetary penalties:That restitution of $197,555 is owed to the Internal
            Revenue Service, jointly and severally with codefendant Ursula Supnet, and is due immediately, and any remaining balance upon
            release from confinement be paid during the period of supervision on an installment basis according to the collection policy of
            the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest is waived while the defendant
            is erving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility
Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and
       corresponding pay, if appropriate.  See Next Page

[✔ ]   The defendant shall pay the cost of prosecution totaling $59,411.60 immediately with any remaining balance upon release from
       confinement to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office
       but at a rate of not less than 10 percent of his monthly gross income.  Interest is waived while the defendant is serving his term of
       imprisonment and shall commence to accrue on any remaining balance upon his release on supervison.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 6A - Schedule of Payments

CASE NUMBER:      1:02CR00133-001                                                    Judgment - Page 7 of 7
DEFENDANT:        ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet"
                  ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Ursula Supnet-Cr. No. 02-00133-02 | $197,555.00 | $197,555.00 | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 20 2017

at 11 o'clock and 24 min. ___M
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

U.S.A. vs. ROYAL LAMARR HARDY, aka "Royale LaMarr Sounet"  Case No. CR 02-00133HG-01

### REQUEST FOR COURSE OF ACTION
### (Statement for Modifications of Supervised Release)

COMES NOW DEREK KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Royal Lamarr Hardy, who was placed on supervision by the Honorable Edward Rafeedie, sitting in the Court at Honolulu, Hawaii, on the 30th day of August 2005, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That restitution of $197,555 is owed to the Internal Revenue Service, jointly and severally with codefendant Ursula Supnet, and is due immediately, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

2.  The defendant pay the costs of prosecution totaling $59,411.60 immediately with any remaining balance upon release from confinement to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his gross monthly income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

3.  The defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  The defendant cooperate with the Internal Revenue Service and arrange for the payment of delinquent taxes, interest and penalties, and the filing of tax returns.

The subject's term of supervised release commenced on 3/3/2017.

# EXHIBIT A

Prob 12C
(Rev. 1/08 D/HI)

2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Modification of Supervised Release Conditions</u>

To modify the conditions of supervised release as follows:

**Special Condition No. 2:** Cost of prosecution of $59,411.60 is due immediately. Any unpaid balance is to be paid during the period of supervision in monthly installments of at least 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance commencing 30 days after the start of supervision. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis.

**Special Condition No. 5:** You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

**Special Condition No. 6:** You must not incur new credit charges, open additional lines of credit, or apply for any loans without the prior approval of the probation officer.

**Special Condition No. 7:** You must provide the probation officer with a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all of your sources and amounts of income and expenses.

**Special Condition No. 8:** You must not be self-employed.

**Special Condition No. 9:** You must dissociate yourself from Royal Financial Solutions, Golden Age Investments, Timbertop LLC, Jurusu International, and Karatbars, and not have any contact with any present or former principals, associates and/or employees of the identified businesses, as well as other

Prob 12C
(Rev. 1/06 D/HI)

3

business or personal ventures that involve the present or former principals, associates and/or employees of the identified businesses as determined by the probation officer.

**Special Condition No. 10:** You must secure pay-rolled employment of at least 36 hours per week (full-time) within 45 days. If you fail to secure full-time employment approved by the probation officer, you shall perform 20 hours of community service per week until you secure full-time employment.

**Special Condition No. 11:** You must not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without the prior approval of the probation officer.

**Special Condition No. 12:** However you are employed, you must not have access to other persons' personal information and/or documentation containing personal information, including social security numbers, dates of birth, addresses, and financial and/or credit card account numbers, as directed by the probation officer.

**Special Condition No. 13:** You must use your true legal name, Royal Lamarr Hardy, identifying information, and personal mailing address for any and all purposes.

**Special Condition No. 14:** You must maintain a single personal bank account, separate and apart from any family member or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses must be paid.

**Special Condition No. 15:** You must not have any contact (including written materials, communication devices, audio and visual devices, and/or visits) directly or indirectly through third-parties, with Heather MacGregor.

**Special Condition No. 16:** You are entitled to purchase a certified copy of any original document filed with the court, including the Judgment In A Criminal Case. However, you are not entitled to "wet ink" original signatures on certified copies of any originals.

**Special Condition No. 17:** You shall not be employed by or with Mana Medical Clinic.

The U.S. Probation Officer recommends that a Summons be issued and that the subject appear before the Court to show cause why the modification of the conditions of supervised release should not be imposed.

Prob 12C
(Rev. 1/06 D/HI)

4

PRAYING THE COURT WILL ORDER THE FOLLOWING COURSE OF ACTION:

The Issuance of a Summons and that the subject appear before the Court to show cause why the modification of the conditions of supervised release should not be imposed.

I declare under penalty of perjury that the foregoing is true and correct

Executed on  3/20/2017

DEREK KIM
Senior U.S. Probation Officer

Approved by:

TIMOTHY JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

5

ORDER OF COURT

THE COURT ORDERS:

[X]     The Issuance of a Summons and that the subject appear before the Court to show cause why the modification of the conditions of supervised release should not be imposed.

[ ]     No Action

[ ]     Other

 

Considered and ordered this __20th__ day of __March_____ 2017, and ordered filed and made a part of the records in the above case.

_____

HELEN GILLMOR
Senior U.S. District Judge

Helen Gillmor
United States District Judge

Re:   **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
         **Case No. CR 02-00133HG-01**
         **MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

On 8/30/2005, the subject was sentenced to sixty (60) months imprisonment as to each of <u>Counts 1 and 2</u>: Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, Class D felonies, and twelve (12) months imprisonment as to each of <u>Counts 3, 4, and 5</u>: Failure to File Income Tax Return, in violation of 26 U.S.C. § 7203, Class A misdemeanors, with all terms to be served consecutively for a total term of one hundred fifty-six (156) months imprisonment. The subject was further ordered to a supervised release term of 3 years as to each of <u>Counts 1 and 2</u>, and 1 year as to each of <u>Counts 3, 4 and 5</u>, all terms to be served concurrently, with the special conditions noted on the face sheet of the petition.

The offender's three (3)-year term of supervised release commenced on 3/3/2017.

Prior to his release on supervision, this officer met with the subject on 4/19/2016 for prerelease purposes to discuss his goals, the need for full-time employment, and his plan to secure a personal residence. At the time, the subject had been residing at the Bureau of Prisons Residential Reentry Center (RRC), Mahoney Hale, since 3/16/2016, pending his release on supervision on 3/3/2017.

While at the RRC, the subject secured full-time employment in May 2016 at Mana Medical Center as a "business expansion assistant." This officer was not notified of any violations or concerns regarding the subject's Bureau of Prisons tenancy at the RRC throughout his placement.

On 1/19/2017, this officer received an anonymous telephone message from a male caller indicating that the subject had a grant deed to an elderly Manoa woman's Ferdinand Avenue residence, and that the subject was evicting her because she failed to pay him $1,000 per month.

On 1/23/2017, the subject reported to the Probation Office as scheduled. This officer questioned the subject about the following which are relevant to this modification request:

1. Employment: The subject reported that he worked for Mana Medical Center in Waipahu. When asked to spell the name of the business, the subject reported that he was not sure of the spelling but believed it was "Manna Medical." Additionally, the subject reported that while Mana Medical Center was in Waipahu, he did not know the physical address of the facility. When asked why he did not know the spelling of his own employer and/or the address if he had been working there for more than nine

Re: **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
**Case No. CR 02-00133HG-01**
**MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

months, the subject reported that he did not work at the facility on a daily basis despite having full-time employment. Instead, he was able to work from the RRC, the local library, or elsewhere given that his job required him to "help put together a new medical center, possibly in Salt Lake." When questioned what that meant, the subject reported that he worked directly for Mana's owner, Lulumafuie Fiatoa, M.D., and that he was responsible for finding commercial space for Mana Medical to open a new clinic/hospital. When questioned why a licensed real estate agent or broker could not do the same job for Dr. Fiatoa, especially since real estate agents and brokers were licensed and had the resources to find commercial space, the subject did not respond. When questioned about whether Dr. Fiatoa was aware of his legal situation, the subject indicated that Dr. Fiatoa was aware given that they were acquainted with each other. When questioned about his job title and salary, the subject reported that he was the "Director of Business Development" and earned a gross monthly pay of $1,600 per month. This officer advised the subject that this officer found his job position to be unusual and suspect given that he was not required to be present and/or work out of Mana Medical, and that any real estate agent or broker could be doing what the subject was hired to do.

2. Legal Name: This officer advised the subject that he was required to use his legal name, Royal Lamarr Hardy, for all legal purposes. When questioned whether he was using a different name other than his legal name upon his release to the RRC, the subject denied that he was using any name other than his legal name.

3. Ferdinand Avenue Residence: This officer questioned the subject about his involvement in a Ferdinand Avenue residence. The subject reported that his friend, Edward Huls, worked as a resident manager at the Ferdinand Avenue residence which was a care home. The former owner, Heather MacGregor, was having mortgage problems and Mr. Huls had asked the subject if he could assist her against foreclosure proceedings. The subject reported that because he was a friend of Mr. Huls, he helped Ms. MacGregor contact Royal Financial Solutions (RFS) which was located in Los Gatos, California. This officer asked the subject whether he owned or had anything to do with RFS since the name of the company started with the name, "Royal." The subject denied that he owned the company or that he had an interest in RFS. He reported that the owner of RFS is Adoria Kante. This officer inquired whether Adoria Kante was the same person that is paying for, and is the subscriber of, his cellular telephone. The subject confirmed that was the case. He noted that they are friends. When questioned when he met with Ms. MacGregor, the subject reported that it was approximately "4-5 months ago" (August-September 2016). The subject reported that Ms. MacGregor "retained" RFS to assist with her mortgage. RFS helped with legal work on her property and that Ms. MacGregor was to pay for that legal help. This

Re:   **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
      **Case No. CR 02-00133HG-01**
      **MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

officer inquired what would now happen to Ms. MacGregor's property given that it was in foreclosure. The subject reported that he believed Dr. Fiatoa would purchase the house from RFS since it now owns Ms. MacGregor's property. This officer asked the subject how he benefitted from helping Ms. MacGregor, RFS and/or Dr. Fiatoa. The subject reported that he did not receive any benefit and that he only spoke to Ms. MacGregor by telephone on one or two occasions in that it was to help her connect with RFS. This officer asked about the deed to the residence. The subject reported that he did not have it and that RFS possessed it and that he did not have anything to do with the property or deed except to connect Ms. MacGregor to RFS. This officer then asked the subject whether he "connected" or referred any other person or homeowner to RFS. After a long pause, the subject replied, "Not really." When told it was a "yes or no question," the subject replied, "No." This officer advised the subject that this officer would investigate the matter and asked the subject again whether he was involved with RFS and Ms. MacGregor losing her deed. The subject denied any involvement.

It is noted that this officer did not question the subject regarding his statement that his employer, Dr. Fiatoa, may purchase the property and/or why or how Dr. Fiatoa was involved with RFS. Based on the subject's responses to this officer, this officer believed the subject was untruthful about his involvement with RFS and Ms. MacGregor. This officer also believed that the subject was involved in a type of "mortgage rescue" fraud to: 1) secure money from Ms. MacGregor; 2) secure the deed to her residence; 3) intervene as a third party in foreclosure proceedings; and/or 4) to ultimately purchase the property and/or sell the property for profit subject to any liens/mortgages.

As part of this officer's investigation of the subject's statements regarding the Ferdinand Avenue residence, the following is a summary of part of that investigation:

1.   On 1/23/2017, Adoria Kante reported that she was the president of RFS and that the subject did not have any interest in her company. She also noted that "just because" her company's name starts with "Royal" it had nothing to do with the subject. This officer informed Ms. Kante that this officer was following up on a matter concerning the subject and the Ferdinand Avenue property. This officer further informed Ms. Kante that this officer wanted to ensure the homeowner was not being taken advantage of given the fact that she was elderly and had a financially distressed residence. Ms. Kante reported that RFS did "a lot of work for the owner until she defaulted on the contract." She further related that RFS now legally owned the property because of Ms. MacGregor's default.

Re:   **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
      **Case No. CR 02-00133HG-01**
      **MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

Ms. Kante reiterated that her company expended a lot of money in dealing with the lending bank to address the foreclosure. This officer asked Ms. Kante for a detailed invoice and a copy of the contract with Ms. MacGregor. Ms. Kante responded that because of confidentiality, she would need to speak with her team of attorneys. This officer advised Ms. Kante that this officer agreed, and would see if Ms. MacGregor will execute a waiver to allow this officer to get copies of what was requested. This officer asked Ms. Kante to contact this officer later to provide the names of her attorneys and their numbers so this officer could follow up. Ms. Kante agreed. Before ending the conversation, this officer inquired how much money she believed RFS expended to deal with the mortgage lender, and whether she expended money for attorneys, title companies, notaries, etc. Ms. Kante did not respond.

2.   On 1/30/2017, Edward Huls reported that he worked for Mana Medical and was the subject's supervisor. When asked about the subject's title at Mana, Mr. Huls reported the subject did not have a title but described his job as a "researcher." Mr. Huls did not understand why the subject had given himself the title of "Director of Business Development." Mr. Huls himself identified his title as a "researcher" for Mana Medical. Mr. Huls confirmed that the subject is not required to work at Mana Medical because he is helping to research potential properties for Mana to purchase as they attempt to expand their medical facility. Mr. Huls reported that he was living at Ms. MacGregor's Ferdinand Avenue residence but moved out. He indicated that because she was having trouble with her mortgage, he told her to contact RFS. He was unaware as to who had the deed to her property. However, he believed that RFS had voided its contract with Heather Ms. MacGregor because she did not comply with the terms.

3.   On 1/30/2017, Ms. MacGregor reported that she was having problems with her mortgage payments. After speaking with her tenant, Edward Huls, she contacted "Royal Solomon." In September 2016, she contacted "Royal Solomon," the CEO and owner of Royal Financial Solutions. She then met with him at First Hawaiian Bank (Moiliili) where she signed a notarized contract with RFS. According to Ms. MacGregor, she agreed to pay RFS $1,250 per month to live in her house until her death. She reported that she was allowed to also keep any rental proceeds from her property. In return, RFS would work with the mortgage lender and pay her monthly mortgage of $5,610 per month. Ms. MacGregor reported that

Re:   **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
      **Case No. CR 02-00133HG-01**
      **MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 5**

upon her death, RFS would get the house. Ms. MacGregor reported that she met with "Royal Solomon" on three (3) occasions. The second was at or near the Honolulu Country Club. She indicated that she had pictures of her, Dr. Fiatoa, "Royal Solomon," and "Royal Solomon's" son, in front of a small lake. She indicated that "Royal Solomon" indicated that he was attempting to purchase the Falls of Clyde and would be placing the ship in the lake. Ms. MacGregor reported that she paid via money order, $1,250 on two (2) occasions to RFS. Once she could no longer pay, she received an eviction notice from Edward Huls, who began harassing her and her tenants. She indicated that some of the tenants moved out. She related that she subsequently contacted a prosecuting attorney who eventually was able to evict Huls from her residence. Ms. MacGregor did not know the name, Royal Lamarr Hardy, but described him as heavyset, white male, white hair in a pony tail with a beard. It is noted that her physical description is that of the subject.

4.   On 1/31/2017, this officer met with Ms. MacGregor at her Ferdinand Avenue residence in Manoa. She produced the business card of "Royal Solomon" who she met for the first time at First Hawaiian Bank. The business card identified "Royal Solomon's" title as "Founder, Chairman, Chief Executive Officer" of Royal Financial Solutions.

5.   On 2/6/2017, the RRC conducted a search of the subject's belongings at their facility. This officer received permission from the Bureau of Prisons to assist in the search because of this officer's expertise on financial fraud matters. After the search was concluded, the director of the RRC informed the subject that he was in violation of their program rules for: having a cellular telephone that had Internet access; operating or being involved in unreported businesses; using an unreported mailing address; possessing $1,300 in cash; using names other than his legal name; and possibly for having an unreported bank account. The subject was returned to the Federal Detention Center - Honolulu (FDC-Honolulu) on 2/7/2017.

6.   On 3/1/2017 and 3/7/2017, this officer reviewed the subject's seized property from 2/6/2017. This officer determined there was more than sufficient cause to modify the subject's supervised release conditions in order to prevent the subject from: 1) victimizing the public; 2) avoiding further tax violations; 3) engaging in fraud and/or criminal acts for financial profit; and 4) associating with those involved in criminal acts and/or fraud

Re:   **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
**Case No. CR 02-00133HG-01**
**MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 6**

against the public. In this regard, many of the documents suggested the subject, since his tenancy commenced at the RRC in March 2016 through February 2017, engaged in the following:

a.   **Federal Income Tax Avoidance:** While the subject was employed by Mana Medical since approximately May 2016 through his return to FDC-Honolulu, in February 2017, his pay statements reflected that he was not allowing federal tax withholdings as required by law. In this regard, while the subject earned a gross income of $12,000 for tax year 2016, there were no federal tax withholdings for 2016.

b.   **Unlawful/Suspect Businesses and Suspect Business Associates:** While the subject denied involvement with Royal Financial Solutions (RFS), it was apparent through seized documentation that he is the main principal of the enterprise. Numerous drafts and originals of RFS' documentation/contacts/notices/offers were in the subject's possession and/or where edited in the subject's handwriting. Additionally, the subject was actively sending and receiving countless emails as to RFS and its attempt to contract and/or successful contracting with a number of individuals and businesses here in Hawaii and/or on the mainland. While RFS may or may not be registered as a lawful business in California and/or Nevada, the company is not registered to do business in the State of Hawaii. Additionally, some of the business associates/principals of the subject are convicted felons who the subject met in prison and/or were followers or participants of his tax avoidance scheme for which he was convicted. Many of the associates/principals are also involved in other businesses with the subject, including: Timbertop LLC, Karatbars, Golden Age Investments, and Jurusu International.

More important, it appears the subject and his "coconspirators" are attempting to contract with various individuals and/or businesses with contract terms that are ambiguous, unintelligible, and/or that favor the subject's businesses in hopes that the contracted party will violate the terms of the contract. Locally here in Hawaii, the subject and his coconspirators, including his employer, have attempted to purchase high-end residential properties without the financial resources to do so. Part of the scheme includes bypassing the realtor/broker for the property and attempting to contract the purchase of the residence directly with the homeowner under terms that benefit the purchaser (subject and coconspirators).

Re:   **HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"**
      **Case No. CR 02-00133HG-01**
      **MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 7**

This officer notes that original documentation of the contract between RFS and Heather MacGregor was found in the seized documentation.

c.   **Alias Names:** Seized documentation reviewed by this officer indicated that the subject has been using alias names apart from his legal name, Royal Lamarr Hardy. In this regard, the subject used the name of "Royal Solomon" when contracting with Heather MacGregor. The subject also used on contacting documentation for business and personal purposes, the following: Royal LaMarr Hardy, Sir Royal Hardy, and Royal Sounet.

d.   **Personal Information of Others:** For reasons unknown, the subject possessed copies of passports of at least three (3) individuals, and personal information, including date of births, social security numbers, residence addresses, etc. of numerous individuals.

e.   **Suspect Employment:** While the subject is currently employment with Mana Medical, the employment will not be approved. In addition to suspecting the subject was engaged in fraud against Ms. MacGregor while employed with Mana Medical and the subject's statement that his employer would be purchasing her property, it is apparent that subject is free to do what he wants in that employment position. It is also apparent that the subject's employer may be involved in some of the subject's business ventures, including the purchase of high-end properties. When interviewed, Dr. Fiatoa admitted that although he has employed the subject, he does not know what the subject does during his work hours but believes he is trying to find a viable property in Salt Lake for Mana Medical.

On 3/3/2017, the subject reported to the Probation Office after his release from the FDC-Honolulu. This officer reviewed the conditions of supervision with the subject. This officer also reviewed the proposed modification conditions (Special Conditions Nos. 2, and 5-15) with the subject and advised him as to the reasons for the modifications. This officer gave the subject until 3/8/2017 to decide whether he would accept the proposed modifications.

On 3/8/2017, this officer contacted the subject regarding the proposed modifications. The subject reported that he "conditionally" accepted the proposed modifications of supervised release which he filed and provided a copy to the Probation Office. This officer advised the subject that this officer would review his court filing but would not accept a "conditioned" acceptance of the modifications. This officer advised

Re:   HARDY, Royal Lamarr; aka "Royale LaMarr Sounet"
      Case No. CR 02-00133HG-01
      MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 8

the subject that he would be notified to appear before the Court to respond to the proposed modifications.

At this time, this officer requests that a hearing be held and that the proposed modifications of supervised release be imposed to protect the community and to ensure the subject complies with the law and the expectations of supervised release.

I declare under penalty of perjury that the foregoing is true and correct

Executed on  3/20/2017

DEREK KIM
Senior U.S. Probation Officer

Approved by:

TIMOTHY JENKINS
Supervising U.S. Probation Officer

**ORIGINAL**

AO 245B (Rev. 12/03)  Sheet 1 - Judgment in a Criminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

RECEIVED

SEP 1 5 2005

at 3 o'clock and 10 min. P M
SUE BEITIA, CLERK

UNITED STATES OF AMERICA

v.

**ROYAL LAMARR HARDY, aka "Royale
LaMarr Sunet"**

05 SEP 15  03:5

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:  1:02CR00133-001
USM Number:  83346-022

Lynn Panagakos, Esq.
Defendant's Attorney

## THE DEFENDANT:

[ ]  pleaded guilty to count(s): ___ .
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[✔]  was found guilty on count(s) 1 thru 5 of the Second Superseding Indictment  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to defraud the United States | 11/13/2002 | 1 |
| " | " | 10/28/2004 | 2 |
| 26 U.S.C. § 7203 | Failure to file income tax return | 4/15/1996 | 3 |
| " | " | 4/15/1997 | 4 |
| " | " | 4/15/2002 | 5 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]  Count(s) ___ (is)(are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 30, 2005
Date of Imposition of Judgment

Signature of Judicial Officer

**EDWARD RAFEEDIE, United States District Judge**
Name & Title of Judicial Officer
SEP 1 5 2005

Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii

By _____ Deputy

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 1:02CR00133-001 | Judgment - Page 2 of 7 |
| DEFENDANT: | ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet" | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 156 MONTHS .

This term consists of SIXTY (60) MONTHS as to each of Counts 1 and 2, and TWELVE (12) MONTHS as to each of Counts 3, 4 and 5 of the Indictment, with all terms to run consecutively, for a total of ONE HUNDRED FIFTY-SIX (156) MONTHS.

[ ]     The court makes the following recommendations to the Bureau of Prisons:

[ ]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___ .
       [ ] as notified by the United States Marshal.

[✔]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [✔] before 2:00 p.m. on October 12, 2005 .
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER:      1:02CR00133-001                                                              Judgment - Page 3 of 7
DEFENDANT:        ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet"

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 YEARS .

This term consists of THREE (3) YEARS as to Counts 1 and 2 and ONE (1) YEAR as to Counts 3, 4 and 5, with all terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, as determined by the court.

[✔]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)  Sheet 3 - Supervised Release

| CASE NUMBER: | 1:02CR00133-001 | Judgment - Page 4 of 7 |
| DEFENDANT: | ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet" | |

## SPECIAL CONDITIONS OF SUPERVISION

1. That restitution of $197,555 is owed to the Internal Revenue Service, jointly and severally with codefendant Ursula Supnet, and is due immediately, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

2. That the defendant pay the costs of prosecution totaling $59,411.60 immediately with any remaining balance upon release from confinement to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

3. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant cooperate with the Internal Revenue Service and arrange for the payment of delinquent taxes, interest and penalties, and the filing of tax returns.

---

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____   _____
Defendant                                    Date

_____   _____
United States Probation Officer          Date

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

| CASE NUMBER: | 1:02CR00133-001 | Judgment - Page 5 of 7 |
| DEFENDANT: | ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet" | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
| Totals: | $ 275.00 | $ | $ 197,555.00 |

[ ] The determination of restitution is deferred until      . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[✓] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
| Internal Revenue Service | $197,555.00 | $197,555.00 | |

| **TOTALS** | $ _ | $197,555.00 | |

[ ] Restitution amount ordered pursuant to plea agreement  $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] the interest requirement is waived for the      [ ] fine      [ ] restitution

    [ ] the interest requirement for the    [ ] fine      [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

| CASE NUMBER: | 1:02CR00133-001 | Judgment - Page 6 of 7 |
|---|---|---|
| DEFENDANT: | ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet" | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [✔]    Lump sum payment of $ _ due immediately, balance due
           [ ]        not later than _ , or
           [ ]        in accordance      [ ] C,     [ ] D,     [ ] E, or    [ ] F below, or

B    [ ]    Payment to begin immediately (may be combined with     [ ] C,     [ ] D, or   [ ] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✔]    Special instructions regarding the payment of criminal monetary penalties: That restitution of $197,555 is owed to the Internal Revenue Service, jointly and severally with codefendant Ursula Supnet, and is due immediately, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is erving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔]    Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate. See Next Page

[✔]    The defendant shall pay the cost of prosecution totaling $59,411.60 immediately with any remaining balance upon release from confinement to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervison.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 6A - Schedule of Payments

| | |
|---|---|
| CASE NUMBER:    1:02CR00133-001 | Judgment - Page 7 of 7 |
| DEFENDANT:      ROYAL LAMARR HARDY, aka "Royale LaMarr Sunet" | |

ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, If appropriate |
|---|---|---|---|
| Ursula Supnet-Cr. No. 02-00133-02 | $197,555.00 | $197,555.00 | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.