# United States District Court
## District of Hawaii

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APR 02 2018
at 12 o'clock and 15 min. P M.
SUE BEITIA, CLERK

UNITED STATES OF AMERICA
v.
**ROYAL LAMARR HARDY, aka "Royale LaMarr Sounet"**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Criminal Number: **1:02CR00133-001**
USM Number: 83346-022

Harlan Y. Kimura, Esquire
Defendant's Attorney

## THE DEFENDANT:
[✔] admitted guilt to violation of condition(s) **Standard Condition Nos. 3 and 6** of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial of guilt.

| **Violation Number** | **Nature of Violation** | **Date Violation Occurred** |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:  **5729**

Defendant's Residence Address:
**Honolulu, Hawaii 96815**

Defendant's Mailing Address:
**Honolulu, Hawaii 96820**

March 30, 2018
Date of Imposition of Sentence

/s/ Helen Gillmor
Signature of Judicial Officer

**HELEN GILLMOR**, Senior United States District Judge
Name & Title of Judicial Officer

4·2·18
Date

CASE NUMBER: 1:02CR00133-001     Judgment - Page 2 of 6
DEFENDANT: ROYAL LAMARR HARDY, aka "Royale LaMarr Sounet"

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | The subject failed to follow the probation officer's 3/3/2017 and 3/8/2017 instructions to provide any change in residence address, and the subject failed to notify the probation officer within 72 hours of his change in residence on 4/4/2017. | 4/4/2017 |
| 2 | The subject failed to follow the probation officer's 3/22/2017 instruction to report to a court hearing on 3/28/2017. | 3/28/2017 |

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 2 - Imprisonment

CASE NUMBER:  1:02CR00133-001                                                      Judgment - Page 3 of 6
DEFENDANT:   ROYAL LAMARR HARDY, aka "Royale LaMarr Sounet"

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: FIFTEEN (15) MONTHS

This term consists of THREE (3) MONTHS as to each of Counts 1 through 5, to run consecutively, for a total of FIFTEEN (15) MONTHS.

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on_____ to _____
at _____, with a certified copy of this judgment.

                                                           _____
                                                           UNITED STATES MARSHAL

                                                    By     _____
                                                           Deputy U.S. Marshal

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER:     1:02CR00133-001                                              Judgment - Page 4 of 6
DEFENDANT:       ROYAL LAMARR HARDY, aka "Royale LaMarr Sounet"

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: THIRTY-THREE (33) MONTHS

This term consists of THIRTY-THREE (33) MONTHS as to Counts 1 and 2, and, NINE (9) MONTHS as to each of Counts 3, 4, and 5, to run concurrently.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check, if applicable.*)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5) You must live at a place approved by the probation officer. If you plan to change where you live or who lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10) You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

Case 1:02-cr-00133-HG-BMK   Document 860   Filed 04/02/18   Page 5 of 6   PageID #: 1290

| AO 245B | (Rev. 6/05) Judgment in a Criminal Case |
| | Sheet 3 - Supervised Release |

| CASE NUMBER: | 1:02CR00133-001 | Judgment - Page 5 of 6 |
| DEFENDANT: | ROYAL LAMARR HARDY, aka "Royale LaMarr Sounet" | |

# SPECIAL CONDITIONS OF SUPERVISION

1. Restitution of $197,555 is owed to the Internal Revenue Service, jointly and severally with codefendant Ursula Supnet, and is due immediately (less any amounts paid). Any remaining balance to be paid during the period of supervision in monthly installments at a rate of 10 percent of your monthly gross income. The Court may order that this requirement be changed from time to time as your circumstances warrant, but no Court order shall be required for your voluntary agreement to pay more than the Court-ordered amount. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis.

2. You must pay the costs of prosecution totaling $59,411.60 (less any amounts paid). Any remaining balance to be paid during the period of supervision in monthly installments at a rate of 10 percent of your monthly gross income. The Court may order that this requirement be changed from time to time as your circumstances warrant, but no Court order shall be required for your voluntary agreement to pay more than the Court-ordered amount. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis.

3. You must provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. You must cooperate with the Internal Revenue Service and arrange for the payment of delinquent taxes, interests and penalties, and the filing of tax returns.

5. You must participate in a mental health assessment. If treatment is recommended, you must participate in treatment until clinically discharged.

6. You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

7. You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer.

8. You must provide the Probation Office a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all of your expenses.

9. You must notify the Probation Office of any contemplated employment and must obtain approval from the Probation Office for all employment.

10. You must maintain a single personal bank account, separate and apart from any family member or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses be paid.

11. You must not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without prior approval of the Probation Office.

12. You must not be self-employed.

13. You must use your true legal name, identifying information, and personal mailing address for any and all purposes.

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:02CR00133-001 | Judgment - Page 6 of 6 |
| DEFENDANT: | ROYAL LAMARR HARDY, aka "Royale LaMarr Sounet" | |

14. You must secure full-time employment of at least 32 hours per week within 45 days of the commencement on supervision. Otherwise, you must perform 20 hours of community service per week until you are employed full-time of at least 30 hours per week.

15. You must not communicate, or otherwise interact, with Heather MacGregor, either directly or through someone else, without first obtaining the permission of the probation officer.

16. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

17. You must dissociate yourself from Royal Financial Solutions, Golden Age Investments, Timbertop LLC, Jurusu International, and Karatbars, and not have any contact with any present or former principals, associates and/or employees of the identified businesses, as well as other business or personal ventures that involve the present or former principles, associates and/or employees of the identified businesses as determined by the probation officer.

18. However you are employed, you must not have access to other persons' personal Information and/or documentation containing personal Information, including social security numbers, dates of birth, addresses, and financial and/or credit card account numbers, as directed by the probation officer. You shall not be employed by or with Mana Medical Clinic.

19. You shall not be employed by or with Mana Medical Clinic.